# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| C. DWAYNE GILMORE, | 1:12-cv-00925-GSA-PC |
| Plaintiff, | FIRST SCREENING ORDER |
| v. | ORDER DISMISSING COMPLAINT FOR VIOLATION OF RULE 8, WITH LEAVE TO AMEND |
| D. AUGUSTUS, et al., | (Doc. 1.) |
| Defendants. | ORDER FOR CLERK TO SEND PLAINTIFF A CIVIL RIGHTS COMPLAINT FORM |
| | THIRTY DAY DEADLINE TO FILE FIRST AMENDED COMPLAINT NOT EXCEEDING TWENTY-FIVE PAGES |

_____/

## I.       RELEVANT PROCEDURAL HISTORY

C. Dwayne Gilmore ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis with this civil rights action filed pursuant to 42 U.S.C. § 1983.  On June 7, 2012, Plaintiff filed the Complaint, which is now before the Court for screening.  (Doc. 1.)

On June 29, 2012, Plaintiff consented to the jurisdiction of a Magistrate Judge in this action, and no other parties have made an appearance.  (Doc. 8.)  Therefore, pursuant to Appendix A(k)(4) of the Local Rules of the Eastern District of California, the undersigned shall conduct any and all proceedings in the case until such time as reassignment to a District Judge is required.  Local Rule Appendix A(k)(3).

## II.   SCREENING REQUIREMENT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

## III.   PLAINTIFF'S COMPLAINT

Plaintiff is presently incarcerated at Pelican Bay State Prison in Crescent City, California. The events at issue occurred at Kern Valley State Prison in Delano, California, when Plaintiff was incarcerated there.  Plaintiff names as defendants Lieutenant D. Augustus, Sergeant J. S. Diaz, Correctional Officer ("C/O") C. Lockard, C/O C. Lopez, C/O J. Hightower, C.O J. J. Torres, LVN A. Serna, LVN B. Ismat, LVN I. Bari, LVN J. Canada, LVN Z. Nartume, and one Doe Defendant. Plaintiff brings claims for deliberate indifference, excessive force, violation of due process, and conspiracy against the named defendants.

### A.   Rule 8(a)

Under federal notice pleading, a complaint is only required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  "While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences."  Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).  To state a viable claim for relief, Plaintiff must set forth sufficient factual allegations sufficient to state a plausible claim for relief.  Iqbal, 556 U.S. at 678; Moss v. U.S. Secret Service, ///

2

1  572 F.3d 962, 969 (9th Cir. 2009).  The mere possibility of misconduct falls short of meeting this
2  plausibility standard.  Id.

3       Plaintiff's Complaint is two-hundred-ninety-one pages long, which includes eighty-five pages
4  of handwritten allegations and two-hundred-six pages of exhibits.  Thus, the Complaint fails to
5  comport with Rule 8(a)'s instruction that the complaint is only required to contain "a short and plain
6  statement of the claim showing that the pleader is entitled to relief."  Plaintiff's lengthy narrative
7  does not succinctly allege facts against the named defendants.  Plaintiff shall be granted leave to file
8  an amended complaint that complies with Rule 8(a).  Twenty-five pages is more than sufficient for
9  Plaintiff to identify his claims and set forth specific facts in support of those claims.  Accordingly,
10 the amended complaint may not exceed twenty-five pages in length, and it will be stricken from the
11 record if it violates this page limitation.

12      In the paragraphs that follow, the Court will provide Plaintiff with the legal standards that
13 appear to apply to his claims.  Plaintiff should carefully review the standards and amend only those
14 claims that he believes, in good faith, are cognizable.

15 **III.   PLAINTIFF'S CLAIMS**

16      The Civil Rights Act under which this action was filed provides:

17        Every person who, under color of [state law] . . . subjects, or causes
       to be subjected, any citizen of the United States . . . to the deprivation
18        of any rights, privileges, or immunities secured by the Constitution .
       . . shall be liable to the party injured in an action at law, suit in equity,
19        or other proper proceeding for redress.

20 42 U.S.C. § 1983.  "Section 1983 . . .  creates a cause of action for violations of the federal
21 Constitution and laws."  Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997)
22 (internal quotations omitted).

23      **A.   Excessive Force Claim - Eighth Amendment**

24      Plaintiff alleges that defendants shot him in the knee, used pepper spray on him, shoved him
25 into a concrete wall, and caused him to hit his mouth on a metal door frame.  "What is necessary to
26 show sufficient harm for purposes of the Cruel and Unusual Punishments Clause [of the Eighth
27 Amendment] depends upon the claim at issue . . . ."  Hudson v. McMillian, 503 U.S. 1, 8 (1992).
28 "The objective component of an Eighth Amendment claim is . . . contextual and responsive to

1   contemporary standards of decency." Id. (internal quotation marks and citations omitted).  The

2   malicious and sadistic use of force to cause harm always violates contemporary standards of decency,

3   regardless of whether or not significant injury is evident. Id. at 9; see also Oliver v. Keller, 289 F.3d

4   623, 628 (9th Cir. 2002) (Eighth Amendment excessive force standard examines *de minimis* uses

5   of force, not *de minimis* injuries)).   However, not "every malevolent touch by a prison guard gives

6   rise to a federal cause of action." Id. at 9.  "The Eighth Amendment's prohibition of cruel and

7   unusual punishments necessarily excludes from constitutional recognition *de minimis* uses of

8   physical force, provided that the use of force is not of a sort 'repugnant to the conscience of

9   mankind." Id. at 9-10 (internal quotations marks and citations omitted).

10          "[W]henever prison officials stand accused of using excessive physical force in violation of

11  the Cruel and Unusual Punishments Clause, the core judicial inquiry is . . . whether force was applied

12  in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm."

13  Id. at 7. "In determining whether the use of force was wanton and unnecessary, it may also be proper

14  to evaluate the need for application of force, the relationship between that need and the amount of

15  force used, the threat reasonably perceived by the responsible officials, and any efforts made to

16  temper the severity of a forceful response." Id.  (internal quotation marks and citations omitted).

17  "The absence of serious injury is . . . relevant to the Eighth Amendment inquiry, but does not end

18  it." Id.

19          **B.      Adverse Conditions of Confinement - Eighth Amendment**

20          Plaintiff alleges that defendants forced him to walk while he was in extreme pain, and failed

21  to properly decontaminate him after he was sprayed with pepper spray.  The Eighth Amendment

22  protects prisoners from inhumane methods of punishment and from inhumane conditions of

23  confinement.  Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006).  Extreme deprivations

24  are required to make out a conditions of confinement claim, and only those deprivations denying the

25  minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth

26  Amendment violation.  Hudson, 503 U.S. at 9 (citations and quotations omitted).  In order to state

27  a claim for violation of the Eighth Amendment, the plaintiff must allege facts sufficient to support

28  a claim that prison officials knew of and disregarded a substantial risk of serious harm to the

plaintiff.  E.g., Farmer v. Brennan, 511 U.S. 825, 847, 114 S.Ct. 1970 (1994); Frost v. Agnos, 152

F.3d 1124, 1128 (9th Cir. 1998).  The circumstances, nature, and duration of the deprivations are

critical in determining whether the conditions complained of are grave enough to form the basis of

a viable Eighth Amendment claim. Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2006). "[R]outine

discomfort inherent in the prison setting" does not rise to the level of a constitutional violation. Id.

at 731.

### C.   Medical Claim - Eighth Amendment

Plaintiff claims that defendants denied him adequate medical care. "[T]o maintain an Eighth

Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference

to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v.

Gamble, 429 U.S. 97, 104, 97 S.Ct. 285 (1976)).  The two-part test for deliberate indifference

requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a

prisoner's condition could result in further significant injury or the unnecessary and wanton infliction

of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d

at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other

grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc) (internal

quotations omitted)).  Deliberate indifference is shown by "a purposeful act or failure to respond to

a prisoner's pain or possible medical need, and harm caused by the indifference." Id. (citing

McGuckin, 974 F.2d at 1060).  Deliberate indifference may be manifested "when prison officials

deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which

prison physicians provide medical care." Id.   Where a prisoner is alleging a delay in receiving

medical treatment, the delay must have led to further harm in order for the prisoner to make a claim

of deliberate indifference to serious medical needs. McGuckin at 1060 (citing Shapely v. Nevada

Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985)).

"Deliberate indifference is a high legal standard." Toguchi v. Chung, 391 F.3d 1051, 1060

(9th Cir. 2004).  "Under this standard, the prison official must not only 'be aware of the facts from

which the inference could be drawn that a substantial risk of serious harm exists,' but that person

'must also draw the inference.'" Id. at 1057 (quoting Farmer, 511 U.S. at 837). "'If a prison official

5

should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" Id. (quoting Gibson v. County of Washoe, Nevada, 290 F.3d 1175, 1188 (9th Cir. 2002)). "A showing of medical malpractice or negligence is insufficient to establish a constitutional deprivation under the Eighth Amendment. Id. at 1060. "[E]ven gross negligence is insufficient to establish a constitutional violation." Id. (citing Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990)).

### D.   Conspiracy

Plaintiff alleges that defendants conspired under §§ 1983 and 1985 to violate his rights.

#### *§ 1983*

In the context of conspiracy claims brought pursuant to section 1983, a complaint must "allege [some] facts to support the existence of a conspiracy among the defendants." Buckey v. County of Los Angeles, 968 F.2d 791, 794 (9th Cir. 1992); Karim-Panahi v. Los Angeles Police Department, 839 F.2d 621, 626 (9th Cir. 1988). Plaintiff must allege that defendants conspired or acted jointly in concert and that some overt act was done in furtherance of the conspiracy. Sykes v. State of California, 497 F.2d 197, 200 (9th Cir. 1974).

A conspiracy claim brought under section 1983 requires proof of "'an agreement or meeting of the minds to violate constitutional rights,'" Franklin v. Fox, 312 F.3d 423, 441 (9th Cir. 2001) (quoting United Steel Workers of Am. v. Phelps Dodge Corp., 865 F.2d 1539, 1540-41 (9th Cir. 1989) (citation omitted)), and an actual deprivation of constitutional rights, Hart v. Parks, 450 F.3d 1059, 1071 (9th Cir. 2006) (quoting Woodrum v. Woodward County, Oklahoma, 866 F.2d 1121, 1126 (9th Cir. 1989)). "'To be liable, each participant in the conspiracy need not know the exact details of the plan, but each participant must at least share the common objective of the conspiracy.'" Franklin, 312 F.3d at 441 (quoting United Steel Workers, 865 F.2d at 1541).

#### *§ 1985*

Section 1985 proscribes conspiracies to interfere with an individual's civil rights. To state a cause of action under section 1985(3), plaintiff must allege: (1) a conspiracy, (2) to deprive any person or class of persons of the equal protection of the laws, (3) an act by one of the conspirators in furtherance of the conspiracy, and (4) a personal injury, property damage or deprivation of any

right or privilege of a citizen of the United States. <u>Gillespie v. Civiletti</u>, 629 F.2d 637, 641 (9th Cir. 1980); <u>Giffin v. Breckenridge</u>, 403 U.S. 88, 102-03 (1971). Section 1985 applies only where there is a racial or other class-based discriminatory animus behind the conspirators' actions. <u>Sever v. Alaska Pulp Corp.</u>, 978 F.2d 1529, 1536 (9th Cir. 1992).

In interpreting these standards, the Ninth Circuit has held that a claim under § 1985 must allege specific facts to support the allegation that defendants conspired together. <u>Karim-Panahi</u>, 839 F.2d at 626. A mere allegation of conspiracy without factual specificity is insufficient to state a claim under 42 U.S.C. § 1985. <u>Id</u>.; <u>Sanchez v. City of Santa Ana</u>, 936 F.2d 1027, 1039 (9th Cir. 1991).

## E.   Due Process Violations - Fourteenth Amendment

Plaintiff claims that defendants violated his rights to due process during disciplinary proceedings. The Due Process Clause protects prisoners from being deprived of liberty without due process of law. <u>Wolff v. McDonnell</u>, 418 U.S. 539, 556 (1974). In order to state a cause of action for deprivation of procedural due process, a plaintiff must first establish the existence of a liberty interest for which the protection is sought. Liberty interests may arise from the Due Process Clause itself or from state law. <u>Hewitt v. Helms</u>, 459 U.S. 460, 466-68 (1983). With respect to liberty interests arising from state law, the existence of a liberty interest created by prison regulations is determined by focusing on the nature of the deprivation. <u>Sandin v. Conner</u>, 515 U.S. 472, 481-84 (1995). Liberty interests created by prison regulations are limited to freedom from restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." <u>Id</u>. at 484.

"Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." <u>Wolff</u>, 418 U.S. at 556. With respect to prison disciplinary proceedings, the minimum procedural requirements that must be met are: (1) written notice of the charges; (2) at least 24 hours between the time the prisoner receives written notice and the time of the hearing, so that the prisoner may prepare his defense; (3) a written statement by the fact finders of the evidence they rely on and reasons for taking disciplinary action; (4) the right of the prisoner to call witnesses in his defense, when permitting him to do so would not

1   be unduly hazardous to institutional safety or correctional goals; and (5) legal assistance to the

2   prisoner where the prisoner is illiterate or the issues presented are legally complex. Id. at 563-71.

3   As long as the five minimum Wolff requirements are met, due process has been satisfied. Walker

4   v. Sumner, 14 F.3d 1415, 1420 (9th Cir. 1994).   "Some evidence" must support the decision of the

5   hearing officer. Superintendent v. Hill, 472 U.S. 445, 455 (1985).  The standard is not particularly

6   stringent and the relevant inquiry is whether "there is *any* evidence in the record that could support

7   the conclusion reached . . . ." Id. at 455-56 (emphasis added).

8           **F.      Exhaustion of Administrative Remedies**

9           In the Complaint, Plaintiff recites a lengthy narrative explaining his efforts to exhaust

10  administrative remedies.  Plaintiff is advised that he is not required to prove exhaustion of remedies

11  in the Complaint.  28 U.S.C. § 1997e(a) does not impose a pleading requirement, but rather, is an

12  affirmative defense under which Defendant has the burden of raising and proving the absence of

13  exhaustion. Jones v. Bock, 549 U. S. 199, 215 (2007); Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th

14  Cir. 2003).  While Plaintiff should indicate in the Complaint whether he has exhausted his remedies,

15  Plaintiff is not required to prove exhaustion in the Complaint and should not submit evidence of

16  exhaustion until such time that exhaustion is at issue.

17          **G.      Exhibits**

18          Plaintiff submitted two-hundred-six pages of exhibits with the Complaint.  With respect to

19  exhibits, while they are permissible, they are not necessary in the federal system of notice pleading,

20  Fed. R. Civ. P. 8(a).  The Court strongly suggests to Plaintiff that they should not be submitted where

21  (1) they serve only to confuse the record and burden the Court, or (2) they are intended as future

22  evidence.  If this action reaches a juncture at which the submission of evidence is appropriate and

23  necessary (e.g., summary judgment or trial), Plaintiff will have the opportunity at that time to submit

24  his evidence.

25  **IV.    CONCLUSION AND ORDER**

26          The Court finds that Plaintiff's Complaint violates Rule 8(a) and must be dismissed.  Under

27  Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend 'shall be freely given when

28  justice so requires.'"  The court will provide Plaintiff with time to file an amended complaint curing

1    the deficiencies identified above.  Plaintiff is granted leave to file an amended complaint within

2    thirty days.  Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

3          The amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named

4    defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights.  Iqbal,

5    556 U.S. at 676-77; Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  There is no *respondeat*

6    *superior* liability, and each defendant is only liable for his or her own misconduct.  Iqbal, 556 U.S.

7    at 676-77.  Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on

8    its face.'"  Id. at 678 (quoting Twombly, 550 U.S. at 555).  Plaintiff must also demonstrate that each

9    defendant *personally* participated in the deprivation of his rights.  Jones, 297 F.3d at 934 (emphasis

10   added).

11         As discussed above, twenty-five pages is more than sufficient for Plaintiff to identify his

12   claims and set forth specific facts in support of those claims.  Accordingly, Plaintiff 's amended

13   complaint may not exceed twenty-five pages in length, and it will be stricken from the record if it

14   violates this page limitation.

15         Plaintiff should note that although he has been given the opportunity to amend, it is not for

16   the purposes of adding new defendants for unrelated claims arising before June 7, 2012.  In addition,

17   Plaintiff should take care to include only those claims that were administratively exhausted before

18   June 7, 2012.

19         Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint be

20   complete in itself without reference to any prior pleading.  As a general rule, an amended complaint

21   supersedes the original complaint.  See Loux v.  Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once an

22   amended complaint is filed, the original complaint no longer serves any function in the case.

23   Therefore, in an amended complaint, as in an original complaint, each claim and the involvement

24   of each defendant must be sufficiently alleged.  The amended complaint should be clearly and boldly

25   titled "First Amended Complaint," refer to the appropriate case number, and be an original signed

26   under penalty of perjury.

27   ///

28   ///

Based on the foregoing, it is HEREBY ORDERED that:

1.    Plaintiff's Complaint, filed on June 7, 2012, is dismissed for violation of Rule 8(a), with leave to amend;

2.    The Clerk shall send Plaintiff a civil rights complaint form;

3.    Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint curing the deficiencies identified in this order;

4.    Plaintiff shall caption the amended complaint "First Amended Complaint" and refer to the case number 1:12-cv-00925-GSA-PC;

5.    The First Amended Complaint may not exceed twenty-five pages in length, and it will be stricken from the record if it violates this page limitation; and

6.    If Plaintiff fails to comply with this order, this action shall be dismissed.


IT IS SO ORDERED.

**Dated:    February 20, 2013                          /s/ Gary S. Austin**
                                                          UNITED STATES MAGISTRATE JUDGE