UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| C. DWAYNE GILMORE,<br><br>    Plaintiff,<br><br>    vs.<br><br>D. AUGUSTUS, et al.,<br><br>    Defendants. | 1:12-cv-00925-GSA-PC<br><br>ORDER DENYING MOTION FOR RECONSIDERATION<br>(Doc. 14.)<br><br>ORDER FOR PLAINTIFF TO COMPLY WITH OCTOBER 11, 2013 SCREENING ORDER BY <u>EITHER</u>:<br><br>(1) FILING A SECOND AMENDED COMPLAINT NOT EXCEEDING TWENTY-FIVE PAGES, <u>OR</u><br><br>(2) NOTIFYING THE COURT OF HIS WILLINGNESS TO PROCEED *ONLY* ON THE CLAIMS FOUND COGNIZABLE BY THE COURT<br><br>THIRTY-DAY DEADLINE TO FILE SECOND AMENDED COMPLAINT OR NOTIFY COURT OF WILLINGNESS TO PROCEED |

**I.    BACKGROUND**

C. Dwayne Gilmore ("Plaintiff") is a state prisoner proceeding pro se with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on June 7, 2012. (Doc. 1.) On March 8, 2013, Plaintiff filed the First Amended Complaint. (Doc. 12.)

///

On June 29, 2012, Plaintiff consented to the jurisdiction of a Magistrate Judge in this action, and no other parties have made an appearance. (Doc. 8.) Therefore, pursuant to Appendix A(k)(4) of the Local Rules of the Eastern District of California, the undersigned shall conduct any and all proceedings in the case until such time as reassignment to a District Judge is required. Local Rule Appendix A(k)(3).

On October 11, 2013, the court issued a Screening Order requiring Plaintiff to either (1) file a Second Amended Complaint not exceeding twenty-five pages, or (2) notify the court of his willingness to proceed only on the claims found cognizable by the court.

On October 28, 2013, Plaintiff filed written Notice that he "does not wish to file an amended complaint and is willing to proceed on the excessive force claims against defendants C. Lockard, C. Lopez, J. Hightower, and J. J. Torres, and the medical claim against defendant J. J. Torres." Notice, Doc. 14 at 1:17-22. In the same Notice, Plaintiff also requests the court to reconsider the court's decision in the Screening Order concerning his claims against defendant John Doe. Id.

## II.   MOTION FOR RECONSIDERATION

Rule 60(b)(6) allows the Court to relieve a party from an order for any reason that justifies relief. Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances . . ." exist. Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted). The moving party "must demonstrate both injury and circumstances beyond his control . . . ." Id. (internal quotation marks and citation omitted). In seeking reconsideration of an order, Local Rule 230(k) requires Plaintiff to show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations

marks and citations omitted, and "[a] party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation . . . " of that which was already considered by the Court in rendering its decision," U.S. v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001).  To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision.  See Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D. Cal. 1986), affirmed in part and reversed in part on other grounds, 828 F.2d 514 (9th Cir. 1987).

### III.    DISCUSSION

Plaintiff requests the court to reconsider its decision in the Screening Order concerning his claims in the First Amended Complaint against defendant John Doe for excessive force and torture.  Plaintiff disagrees with the court's assessment of these claims.  Plaintiff reiterates his allegations against defendant John Doe from the First Amended Complaint and submits copies of photographs taken after his leg was injured during the incident at issue.

Plaintiff has not set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision.  Therefore, the motion for consideration shall be denied.

At this stage of the proceedings, if Plaintiff disagrees with the court's Screening Order, his remedy is to file a Second Amended Complaint clearly and succinctly stating the allegations and claims upon which he wishes to proceed.  If Plaintiff chooses to amend the complaint, the court will screen the Second Amended Complaint based on his allegations stated therein.

The screening order of October 11, 2013, required Plaintiff to choose between two options: either (1) file a Second Amended Complaint not exceeding twenty-five pages, or (2) notify the court of his willingness to proceed *only* on the claims found cognizable by the court. Plaintiff's Notice of October 28, 2013, which states his willingness to proceed on the cognizable claims, but also requests reconsideration of the Screening Order, does not comply with the requirements of the Screening Order.  Plaintiff shall be granted additional time to comply with the Screening Order.

///

///

### III.  CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for reconsideration, filed on October 28, 2013, is DENIED;
2. Within thirty days from the date of service of this order, Plaintiff is required to comply with the court's Screening Order of October 11, 2013 by either:
    (1) filing a Second Amended Complaint not exceeding twenty-five pages, or
    (2) notifying the court of his willingness to proceed *only* on the claims found cognizable by the court; and
3. Plaintiff's failure to comply with this order shall result in the dismissal of this action.

IT IS SO ORDERED.

Dated:   **November 1, 2013**                          **/s/ Gary S. Austin**
                                                    UNITED STATES MAGISTRATE JUDGE