UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| C. DWAYNE GILMORE,<br><br>             Plaintiff,<br><br>     vs.<br><br>D. AUGUSTUS, et al.,<br><br>             Defendants. | 1:12-cv-00925-GSA-PC<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR SUBSTITUTION, WITHOUT PREJUDICE TO RENEWAL OF THE MOTION WITHIN THIRTY DAYS<br>(Doc. 25.)<br><br>THIRTY DAY DEADLINE |

**I.     BACKGROUND**

C. Dwayne Gilmore ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis with this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed the Complaint commencing this action on June 7, 2012.  (Doc. 1.)  This action now proceeds on the First Amended Complaint filed on March 8, 2013, against defendants Correctional Officer (C/O) C. Lockard, C/O C. Lopez, C/O J. Hightower, and C/O J. J. Torres for excessive force, and against defendant C/O J. J. Torres for denial of adequate medical care, in violation of the Eighth Amendment.[1]  On December 12, 2013, the court issued an order directing the United States Marshal ("Marshal") to serve defendants in this action.  (Doc. 19.)

---

[1] On November 18, 2013, the court issued an order dismissing all other claims and defendants from this action for failure to state a claim. (Doc. 17.) Defendants Lieutenant D. Augustus, Sergeant J. S. Diaz, Licensed Vocational Nurse (LVN) A. Serna, LVN B. Ismat, LVN I. Bari, LVN J. Canada, LVN Z. Nartume, and John Doe were dismissed from this action based on Plaintiff's failure to state any claims against them upon which relief may be granted under §1983, and Plaintiff's claims based on supervisory liability and claims for conspiracy and violation of due process were dismissed from this action for Plaintiff's failure to state a claim under § 1983.  (Id.)

1

On February 24, 2014, Defendants filed a Notice of defendant Torres' death pursuant to Rule 25(a) of the Federal Rules of Civil Procedure, requesting the court to issue an order relieving the Marshal from serving defendant Torres as ordered in the court's December 12, 2013 order. (Doc. 23.) On March 5, 2014, Plaintiff filed a response to Defendants' Notice, opposing Defendants' request to relieve the Marshal from service, and requesting a court order directing the Marshal to serve the estate of defendant Torres and to "command all necessary assistance from the California Department of Corrections and Rehabilitation to execute the order." (Doc. 25 at 2:4-11.)

## II.     RULE 25(a)(1) – MOTION FOR SUBSTITUTION

Rule 25(a)(1) of the Federal Rules of Civil Procedure provides that:

> "If a party dies and the claim is not thereby extinguished, the court may order substitution of the proper parties. The motion for substitution may be made by any party or by the successors or representatives of the deceased party and, together with the notice of hearing, shall be served on the parties as provided in Rule 5 and upon persons not parties in the manner provided in Rule 4 for the service of a summons, and may be served in any judicial district. Unless the motion for substitution is made not later than 90 days after the death is suggested upon the record by service of a statement of the fact of the death as provided herein for the service of the motion, the action shall be dismissed as to the deceased party."

Under Rule 25(a)(1), any party may file a motion for substitution, which must be served on all parties as provided in Rule 5 and upon persons not parties in the manner provided in Rule 4 for the service of a summons. Thus, parties may be served by service on their attorney, Fed. R. Civ. P. 5(b), but non-party successors or representatives of the deceased party must be served in the manner provided by Rule 4 for the service of a summons. See Barlow v. Ground, 39 F.3d 231, 232-234 (9th Cir. 1994).

To proceed with a motion for substitution, Plaintiff must provide proof of service of the motion for substitution upon the other parties to this action and the successors or representatives of J. J. Torres, as required by Rule 25(a)(1). Plaintiff is advised that he is responsible for identifying and finding J. J. Torres' heirs or representatives. Such assistance is not a function of the Marshal or the court. Plaintiff is also responsible to arrange for service of

the motion for substitution. Plaintiff's in forma pauperis status does not entitle him to assistance free of charge by the Marshal or the court for service of the motion for substitution.

Therefore, Plaintiff's motion for substitution shall be denied, without prejudice to renewal of the motion in compliance with Rule 25(a)(1) within thirty days.

### III. CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for substitution, filed on March 5, 2014, is DENIED, without prejudice to renewal of the motion within thirty days from the date of service of this order; and

2. Plaintiff's failure to file a motion for substitution in compliance with Rule 25(a)(1) pursuant to this order shall result in the dismissal of defendant J. J. Torres from this action.

IT IS SO ORDERED.

Dated:   **March 6, 2014**                                **/s/ Gary S. Austin**
                                              UNITED STATES MAGISTRATE JUDGE