UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| C. DWAYNE GILMORE,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>D. AUGUSTUS, et al.,<br><br>　　　　Defendants. | 1:12-cv-00925-GSA-PC<br><br>ORDER DENYING PLAINTIFF'S THIRD MOTION FOR SUBSTITUTION, WITHOUT PREJUDICE TO RENEWAL OF THE MOTION, AS INSTRUCTED BY THIS ORDER<br>(Doc. 31.)<br><br>THIRTY DAY DEADLINE |

I.  **BACKGROUND**

　　C. Dwayne Gilmore ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis with this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed the Complaint commencing this action on June 7, 2012.  (Doc. 1.)  This action now proceeds on the First Amended Complaint filed on March 8, 2013, against defendants Correctional Officer (C/O) C. Lockard, C/O C. Lopez, C/O J. Hightower, and C/O J. J. Torres for excessive force, and against defendant C/O J. J. Torres for denial of adequate medical care, in violation of the Eighth Amendment.[1]  On December 12, 2013, the court issued an order directing the United States Marshal ("Marshal") to serve defendants in this action.  (Doc. 19.)

---

[1] On November 18, 2013, the court issued an order dismissing all other claims and defendants from this action for failure to state a claim.  (Doc. 17.)  Defendants Lieutenant D. Augustus, Sergeant J. S. Diaz, Licensed Vocational Nurse (LVN) A. Serna, LVN B. Ismat, LVN I. Bari, LVN J. Canada, LVN Z. Nartume, and John Doe were dismissed from this action based on Plaintiff's failure to state any claims against them upon which relief may be granted under §1983, and Plaintiff's claims based on supervisory liability and claims for conspiracy and violation of due process were dismissed from this action for Plaintiff's failure to state a claim under § 1983.  (Id.)

On February 24, 2014, Defendants filed a Notice of defendant Torres' death pursuant to Rule 25(a) of the Federal Rules of Civil Procedure. (Doc. 23.)

On March 5, 2014, Plaintiff filed a motion for substitution pursuant to Rule 25(a). (Doc. 25.) On March 6, 2014, the court denied Plaintiff's motion, without prejudice to renewal of the motion, providing additional information. (Doc. 26.)

On March 17, 2014, Plaintiff filed a second motion for substitution pursuant to Rule 25(a). (Doc. 28.) On March 21, 2014, the court denied Plaintiff's second motion for substitution, without prejudice to renewal of the motion providing (1) the <u>name</u> of J. J. Torres' heir, or the name of the representative of J. J. Torres' estate, and (2) the <u>address</u> of the heir or representative. (Doc. 29.)

On April 4, 2014, Plaintiff filed a third motion for substitution under Rule 25(a), which is now before the court. (Doc. 31.)

## II.     RULE 25(a)(1) – MOTION FOR SUBSTITUTION

Rule 25(a)(1) of the Federal Rules of Civil Procedure provides that:

> "If a party dies and the claim is not thereby extinguished, the court may order substitution of the proper parties. The motion for substitution may be made by any party or by the successors or representatives of the deceased party and, together with the notice of hearing, shall be served on the parties as provided in Rule 5 and upon persons not parties in the manner provided in Rule 4 for the service of a summons, and may be served in any judicial district. Unless the motion for substitution is made not later than 90 days after the death is suggested upon the record by service of a statement of the fact of the death as provided herein for the service of the motion, the action shall be dismissed as to the deceased party."

A "proper party" under Rule 25(a)(1) is the legal representative of the deceased party; e.g., an executor of the deceased's will or an administrator of his or her estate. <u>Mallonee v. Fahey</u>, 200 F.2d 918, 919-920, & n.3 (9th Cir. 1952).

**<u>Discussion</u>**

In his third motion for substitution, Plaintiff provides the name and address of Elizabeth B. Torres, heir of defendant J. J. Torres, as requested by the court. With this information, the court is prepared to request service of the motion for substitution by the Marshal. However, the

court requires Plaintiff's assurance that Elizabeth B. Torres is defendant J. J. Torres' legal representative. As noted above, a "proper party" under Rule 25(a)(1) is the legal representative of the deceased party; e.g., an *executor* of the deceased's will or an *administrator* of his or her estate. Mallonee, 200 F.2d at 919-920, & n.3 (emphasis added).

Plaintiff shall be granted leave to file a fourth motion for substitution providing either (1) evidence that Elizabeth B. Torres is J. J. Torres' legal representative, or (2) the name and address[2] of another person, with evidence that the person is J. J. Torres' legal representative. Should Plaintiff require discovery to identify the legal representative or obtain evidence, he should file a motion for limited discovery within thirty days.

### III. CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's third motion for substitution, filed on April 4, 2014, is DENIED, without prejudice to renewal of the motion within thirty days of the date of service of this order, providing information as instructed by this order;

2. Should Plaintiff require discovery to identify defendant Torres' legal representative or obtain evidence, Plaintiff should file a motion for limited discovery within thirty days; and

3. Plaintiff's failure to comply with this order shall result in the dismissal of defendant J. J. Torres from this action.

IT IS SO ORDERED.

Dated:   **April 17, 2014**              **/s/ Gary S. Austin**
                                         UNITED STATES MAGISTRATE JUDGE

---

[2] Plaintiff must provide a street address to enable the Marshal to effect personal service.