UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| C. DWAYNE GILMORE,<br><br>            Plaintiff,<br><br>    vs.<br><br>D. AUGUSTUS, et al.,<br><br>            Defendants. | 1:12-cv-00925-GSA-PC<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO AMEND<br>(Doc. 37.) |

**I.      BACKGROUND**

C. Dwayne Gilmore ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on June 7, 2012. (Doc. 1.) This action now proceeds on the First Amended Complaint filed on March 8, 2013, against defendants Correctional Officer (C/O) C. Lockard, C/O C. Lopez, C/O J. Hightower, and C/O J. J. Torres for excessive force, and against

defendant C/O J. J. Torres for denial of adequate medical care, in violation of the Eighth Amendment.[1]  (Doc. 12.)  This case is presently in the discovery phase.

On May 5, 2014, Plaintiff filed a motion for leave to amend the complaint and lodged a proposed Second Amended Complaint.  (Docs. 37, 38.)

## II. LEAVE TO AMEND – RULE 15(a)

Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served.  Fed. R. Civ. P. 15(a).  Otherwise, a party may amend only by leave of the court or by written consent of the adverse party, and leave shall be freely given when justice so requires.  Id.

"Rule 15(a) is very liberal and leave to amend 'shall be freely given when justice so requires.'"  AmerisourceBergen Corp. v. Dialysis West, Inc., 445 F.3d 1132, 1136 (9th Cir. 2006) (quoting Fed. R. Civ. P. 15(a)).  However, courts "need not grant leave to amend where the amendment:  (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in the litigation; or (4) is futile."  Id.  The factor of "'[u]ndue delay by itself . . . is insufficient to justify denying a motion to amend.'"  Owens v. Kaiser Foundation Health Plan, Inc., 244 F.3d 708, 712,13 (9th Cir. 2001) (quoting Bowles v. Reade, 198 F.3d 752, 757-58 (9th Cir. 1999)).  Because Plaintiff has already amended the complaint once, and he does not have Defendants' consent to amend, Plaintiff requires leave of court to file a Second Amended Complaint.

### A. Plaintiff's Motion

Plaintiff seeks to amend the complaint to "change legal claims." (Motion at 1.)  A proposed Second Amended Complaint was lodged for the court's review.

///

///

---

[1] On November 18, 2013, the court issued an order dismissing all other claims and defendants from this action for failure to state a claim.  (Doc. 17.)  Defendants Lieutenant D. Augustus, Sergeant J. S. Diaz, Licensed Vocational Nurse (LVN) A. Serna, LVN B. Ismat, LVN I. Bari, LVN J. Canada, LVN Z. Nartume, and John Doe were dismissed from this action based on Plaintiff's failure to state any claims against them upon which relief may be granted under §1983, and Plaintiff's claims based on supervisory liability and claims for conspiracy and violation of due process were dismissed from this action for Plaintiff's failure to state a claim under § 1983.  (Id.)

**B.**     **Discussion**

As noted above, this case now proceeds on the claims found cognizable by the court in Plaintiff's First Amended Complaint, against defendants Lockard, Lopez, Hightower, and Torres for excessive force, and against defendant Torres for denial of adequate medical care, in violation of the Eighth Amendment.

**1.**     **New Claim -- Denial of Rights to Practice Religion**

The court has reviewed the First Amended Complaint and the proposed Second Amended Complaint, and finds that Plaintiff seeks to bring only one new claim, for denial of his rights to practice his religion. Plaintiff alleges in the Second Amended Complaint: "Plaintiff is not able to receive the full enjoyment of performing Plaintiff's fard salats and recommended prayers, which are acts of worship in Islam, as a result of Plaintiff's pain and suffering from Plaintiff's injuries." (Proposed Second Amended Complaint ("PSAC") ¶94.)

**a.**     **Freedom to Practice Religion – RLUIPA**

The Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA") provides:

> No government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution . . . , even if the burden results from a rule of general applicability, unless the government demonstrates that imposition of the burden on that person–
>
> (1) is in furtherance of a compelling government interest; and
>
> (2) is the least restrictive means of furthering that compelling government interest.

42 U.S.C. § 2000cc-1. To state a RLUIPA claim, Plaintiff must allege facts demonstrating that defendants substantially burdened the exercise of his religious beliefs. Warsoldier v. Woodford, 418 F.3d 989, 994-95 (9th Cir. 2005). In any RLUIPA claim, one must first identify the "religious exercise" allegedly impinged upon, and then must ask whether the prison regulation at issue "substantially burdens" that religious exercise. Greene v. Solano County Jail, 513 F.3d 982, 987 (9th Cir. 2008).

Here, Plaintiff has not alleged that he is unable to practice his religious beliefs, nor has he explained how the injuries he received on July 8, 2010, specifically affect his religious

practices. Plaintiff's vague and conclusory allegations do not demonstrate that his religious exercise was substantially burdened. Moreover, Plaintiff proceeds against Defendants in their individual capacities, and many courts have found that RLUIPA does not permit suit against officials in their individual capacities. Rendelman v. Rouse, 569 F.3d 182, 187-89 (4th Cir. 2009); Sossamon v. Texas, 560 F.3d 316, 327-29 (5th Cir. 2009); Nelson v. Miller, 570 F.3d 868, 886-89 (7th Cir. 2009); Smith v. Allen, 502 F.3d 1255, 1271-75 (11th Cir. 2007). Although the Ninth Circuit has not yet ruled on this issue, many of the district courts of the Ninth Circuit have also adopted the reasoning of the Fourth, Fifth, Seventh, and Eleventh Circuits in prior cases.[2] This Court agrees with the Fourth, Fifth, Seventh, and Eleventh Circuits which have held that RLUIPA does not support a cause of action against defendants in their individual capacity. Therefore, Plaintiff fails to state a claim for relief under RLUIPA in the proposed Second Amended Complaint against any of the Defendants.

### b.   First Amendment

The First Amendment to the United States Constitution provides that "Congress shall make no law respecting the establishment of religion, or prohibiting the free exercise thereof . . . ." U.S. Const. amend. I. Prisoners "retain protections afforded by the First Amendment," including the free exercise of religion. O'Lone v. Estate of Shabazz, 482 U.S. 342, 348 (1987). However, "'[l]awful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system.'" Id. (quoting Price v. Johnson, 334 U.S. 266, 285 (1948)).

---

[2] See Rouser v. Tilton, 2010 WL 2942687 at *7 (E.D.Cal., July 23, 2010) (no RLUIPA claim for damages against officials in individual capacities); Hypolite v. CDCR, 2010 WL 1729736 at *4-5 (E.D.Cal., Apr. 28, 2010) (no individual capacity claim); Alvarez v. Hill, 2010 WL 582217 (D.Ore., Feb. 12, 2010) (no individual capacity claim); Fields v. Voss, 2010 WL 476040 at *3-4 (E.D.Cal., Feb. 4, 2010) (no individual capacity suits for money damages); Rupe v. Cate, 688 F.Supp.2d 1035, 1046 (E.D.Cal. 2010) (RLUIPA does not support a cause of action against defendants in their individual capacity); Hundal v. Lackner, 2009 WL 2985448 at *4 (C.D.Cal., Sept. 15, 2009) (no individual capacity claim); and Harris v. Schriro, 652 F.Supp.2d 1024, 1028-30 (D.Ariz. 2009) (dismissing individual capacity claims for damages under RLUIPA based on out-of-circuit authority); but see Mauwee v. Donat, 2009 WL 3062787 at *6-7 (D.Nev., Sept. 18, 2009) (individual capacity claim permitted); Sokolsky v. Voss, 2009 WL 2230871 at *5-6 (E.D.Cal., July 24, 2009) (court found on a motion to dismiss that defendants in their individual capacities were not entitled to qualified immunity regarding a Kosher food claim); and Guru Nanak Sikh Society of Yuba City v. County of Sutter, 326 F. Supp.2d 1140, 1162 (E.D.Cal. 2003) (court noted that the recovery of damages under RLUIPA is an open question and only granted plaintiff nominal damages of one dollar against each defendant).

The protections of the Free Exercise Clause are triggered when prison officials substantially burden the practice of an inmate's religion by preventing him from engaging in conduct which he sincerely believes is consistent with his faith. Shakur v. Schriro, 514 F.3d 878, 884-85 (9th Cir. 2008); Freeman v. Arpaio, 125 F.3d 732, 737 (9th Cir. 1997), *overruled in part by* Shakur, 514 F.3d at 884-85. "In order to establish a free exercise violation, [a prisoner] must show the defendants burdened the practice of his religion, by preventing him from engaging in conduct mandated by his faith, without any justification reasonably related to legitimate penological interests." Id. at 736. "In order to reach the level of a constitutional violation, the interference with one's practice of religion 'must be more than an inconvenience; the burden must be substantial and an interference with a tenet or belief that is central to religious doctrine.'" Id. at 737 (quoting Graham v. C.I.R., 822 F.2d 844, 851 (9th Cir. 1987)).

Here, as in Plaintiff's RLUIPA claim, Plaintiff fails to allege facts indicating that he was substantially burdened in his religious practice. Thus, Plaintiff fails to state a claim in the proposed Second Amended Complaint against any of the Defendants for violation of his First Amendment rights to exercise his religion. Therefore, it would be futile for Plaintiff to bring this new claim in the Second Amended Complaint.

### 2. **Plaintiff Other Claims**

With respect to Plaintiff's other claims in the proposed Second Amended Complaint, Plaintiff brings the same allegations and claims that he brought in the First Amended Complaint, for use of excessive force, inadequate medical care, violation of due process, and conspiracy. The court already reviewed these same allegations in the First Amended Complaint and found that Plaintiff only stated cognizable claims against defendants Lockard, Lopez, Hightower, and Torres for excessive force, and against defendant Torres for denial of adequate medical care. (Doc. 17.) Now, Plaintiff seeks to bring the same cognizable claims he brought in the First Amended Complaint. Further, Plaintiff seeks to restore the claims that were dismissed by the court, by including them in a Second Amended Complaint. To restore the dismissed claims, Plaintiff would have to bring new or different allegations in the Second

///

Amended Complaint that state cognizable claims, which Plaintiff has not done.  Therefore, it would be futile for Plaintiff to bring these claims again in a Second Amended Complaint.

### III.     CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's request for leave to amend, filed on May 5, 2014, is DENIED as futile.

IT IS SO ORDERED.

Dated:   **May 19, 2014**                              **/s/ Gary S. Austin**
                                                       UNITED STATES MAGISTRATE JUDGE