UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| C. DWAYNE GILMORE,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>D. AUGUSTUS, et al.,<br><br>　　　　Defendants. | 1:12-cv-00925-GSA-PC<br><br>ORDER DENYING PLAINTIFF'S FOURTH MOTION FOR SUBSTITUTION, WITHOUT PREJUDICE<br>(Doc. 43.)<br><br>ORDER GRANTING DISCOVERY FOR LIMITED PURPOSE |

**I.　BACKGROUND**

C. Dwayne Gilmore ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on June 7, 2012. (Doc. 1.) This action now proceeds on the First Amended Complaint filed on March 8, 2013, against defendants Correctional Officer (C/O) C. Lockard, C/O C. Lopez, C/O J. Hightower, and C/O J. J. Torres for excessive force, and against defendant C/O J. J. Torres for denial of adequate medical care, in violation of the Eighth Amendment.[1] On December 12, 2013, the court issued an order directing the United States Marshal ("Marshal") to serve defendants in this action. (Doc. 19.)

On February 24, 2014, Defendants filed a Notice of defendant Torres' death pursuant to Rule 25(a) of the Federal Rules of Civil Procedure. (Doc. 23.)

---

[1] On November 18, 2013, the court issued an order dismissing all other claims and defendants from this action for failure to state a claim. (Doc. 17.) Defendants Lieutenant D. Augustus, Sergeant J. S. Diaz, Licensed Vocational Nurse (LVN) A. Serna, LVN B. Ismat, LVN I. Bari, LVN J. Canada, LVN Z. Nartume, and John Doe were dismissed from this action based on Plaintiff's failure to state any claims against them upon which relief may be granted under §1983, and Plaintiff's claims based on supervisory liability and claims for conspiracy and violation of due process were dismissed from this action for Plaintiff's failure to state a claim under § 1983. (Id.)

On May 16, 2014, Plaintiff filed a motion for substitution pursuant to Rule 25(a), or in the alternative, a motion for limited discovery, which is now before the court.  (Doc. 43.)

## II.     RULE 25(a)(1) – MOTION FOR SUBSTITUTION

Rule 25(a)(1) of the Federal Rules of Civil Procedure provides that:

> "If a party dies and the claim is not thereby extinguished, the court may order substitution of the proper parties. The motion for substitution may be made by any party or by the successors or representatives of the deceased party and, together with the notice of hearing, shall be served on the parties as provided in Rule 5 and upon persons not parties in the manner provided in Rule 4 for the service of a summons, and may be served in any judicial district. Unless the motion for substitution is made not later than 90 days after the death is suggested upon the record by service of a statement of the fact of the death as provided herein for the service of the motion, the action shall be dismissed as to the deceased party."

A "proper party" under Rule 25(a)(1) is the legal representative of the deceased party; e.g., an executor of the deceased's will or an administrator of his or her estate.  Mallonee v. Fahey, 200 F.2d 918, 919-920, & n.3 (9th Cir. 1952).

### Discussion

Plaintiff provides the name and address of Elizabeth B. Torres, whom he identifies as the wife and heir of deceased defendant J. J. Torres, and submits copies of two obituaries for Johnny James Torres indicating that the decedent left behind a wife named Elizabeth Torres. (Motion at 5-6.)   Plaintiff's evidence is not sufficient to prove that deceased defendant J. J. Torres' wife is Elizabeth B. Torres who currently resides at the address provided by Plaintiff, or that she is his legal representative.  As noted above, a "proper party" under Rule 25(a)(1) is the legal representative of the deceased party; e.g., an *executor* of the deceased's will or an *administrator* of his or her estate.  Mallonee, 200 F.2d at 919-920, & n.3 (emphasis added). Therefore, Plaintiff's motion for substitution shall be denied, without prejudice.

Plaintiff has requested leave to conduct limited discovery.  The Ninth Circuit held in Gillespie v. Civiletti that "where the identity of alleged defendants will not be known prior to the filing of a complaint ... the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the

identities, or that the complaint would be dismissed on other grounds." Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir.1980); also see Wakefield v. Thompson, 177 F.3d 1160, 1163 (9th Cir.1999). The Gillespie and Wakefield holdings govern the present case. Plaintiff has attempted and has been unable to obtain the name and address of a deceased defendant's legal representative for purposes of substitution. The Court is unaware of any reason why discovery would not yield the identity of the legal representative, and Defendants have raised no other basis for dismissal of the cause of action against defendant Torres. Therefore, Plaintiff will be permitted to attempt to discover the identity of the unknown legal representative. Plaintiff's interrogatories or requests for production for this purpose must be relevant and narrowly tailored to identifying the unknown legal representative. Further, this limited discovery must be conducted in compliance with the discovery deadline established by the court's scheduling order of April 25, 2014. (Doc. 36.)

### III. CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's fourth motion for substitution, filed on May 16, 2014, is DENIED, without prejudice to renewal of the motion at a later stage of the proceedings; and

2. Plaintiff is granted leave to conduct limited discovery for the purpose of discovering the name and address of defendant Torres' legal representative, for purposes of substitution, as instructed by this order.

IT IS SO ORDERED.

Dated: **May 20, 2014**                    **/s/ Gary S. Austin**
                                            UNITED STATES MAGISTRATE JUDGE