UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| C. DWAYNE GILMORE, | 1:12-cv-00925-LJO-GSA-PC |
| Plaintiff, | ORDER ADDRESSING PLAINTIFF'S OBJECTIONS TO DEFENDANTS' REQUEST FOR REASSIGNMENT OF CASE TO UNITED STATES DISTRICT JUDGE |
| vs. | |
| D. AUGUSTUS, et al., | (Doc. 51.) |
| Defendants. | |

## I.  BACKGROUND

     C. Dwayne Gilmore ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis with this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed the Complaint commencing this action on June 7, 2012.  (Doc. 1.)  This action now proceeds on the First Amended Complaint filed on March 8, 2013, against defendants Correctional Officer (C/O) C. Lockard, C/O C. Lopez, C/O J. Hightower, and C/O J. J. Torres for excessive force, and against defendant C/O J. J. Torres for denial of adequate medical care, in violation of the Eighth Amendment.[1]

---

   [1] On November 18, 2013, the court issued an order dismissing all other claims and defendants from this action for failure to state a claim.  (Doc. 17.)  Defendants Lieutenant D. Augustus, Sergeant J. S. Diaz, Licensed Vocational Nurse (LVN) A. Serna, LVN B. Ismat, LVN I. Bari, LVN J. Canada, LVN Z. Nartume, and John Doe were dismissed from this action based on Plaintiff's failure to state any claims against them upon which relief may be granted under §1983, and Plaintiff's claims based on supervisory liability and claims for conspiracy and violation of due process were dismissed from this action for Plaintiff's failure to state a claim under § 1983.  (Id.)

1

On June 29, 2012, Plaintiff consented to the jurisdiction of a Magistrate Judge pursuant to 28 U.S.C. § 636(c).  (Doc. 8.)  On May 19, 2014, defendants Hightower, Lockard, and Lopez ("Defendants") declined to consent to the jurisdiction of a Magistrate Judge and requested random assignment of the case to a United States District Judge.  (Doc. 45.)  On May 20, 2014, the court assigned District Judge Lawrence J. O'Neill as the presiding judge in this action. (Court Record.)

On May 29, 2014, Plaintiff filed objections to the Defendants' request for reassignment of this case to a District Judge.  (Doc. 51.)

## II.     CONSENT TO MAGISTRATE JUDGE JURISDICTION -- 28 U.S.C. § 636(c)

The Local Rules for the Eastern District of California provide that prisoner civil rights actions, when initially assigned, are "randomly assigned to a Magistrate Judge only."  L.R. Appendix A(k)(1).  Thereafter, "[t]he parties [are] given notice of their right to proceed before a Magistrate Judge pursuant to 28 U.S.C. § 636(c)."  Id.   "If any party requests reassignment to a United States District Judge, the Clerk [] randomly assign[s] a District Judge as presiding judge."  L.R. Appendix A(k)(3).  Only "[a]ctions in which *all parties* [appearing in the case] have consented pursuant to 28 U.S.C. § 636(c) [] remain[] assigned to the Magistrate Judge only," in which case the Magistrate Judge is authorized to conduct any and all proceedings in the case.  L.R. Appendix A(k)(3),(4) (emphasis added).

"The power of federal magistrates is limited."  Reynaga v. Cammisa, 971 F.2d 414, 416 (9th Cir. 1992), accord S.E.C. v. CMKM Diamonds, Inc., 729 F.3d 1248, 1259 (9th Cir. 2013). However, "a judge may designate a magistrate to hear and determine any pretrial matter pending before the court, except a motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or quash an indictment or information made by the defendant, to suppress evidence in a criminal case, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, and to involuntarily dismiss an action."  28 U.S.C. § 636(b)(1)(A) states that "[p]ursuant to § 636(b)(1)(B), a judge may also authorize a magistrate to 'conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact, and

recommendations for the disposition' of those motions exempted in § 636(b)(1)(A) as well as 'applications for posttrial relief made by individuals convicted of criminal offenses.'"  Under the Local Rules in this district, the Magistrate Judge may perform a variety of duties in civil cases pursuant to 28 U.S.C. § 636(a), (b)(1)(A), (b)(1)(B), (b)(3), and other law, including the resolution of discovery motions.  L.R. 302(c).

**Discussion**

Plaintiff objects to Defendants' request for reassignment of this case to a District Judge, because "the Honorable Magistrate Judge Gary S. Austin has adjudicated all proceedings thus far impartially and professionally" and because "this is Plaintiff's civil action and not the defendants[' civil action]."  Objections at 1-2.

The court notes Plaintiff's objections.  However, to the extent that Plaintiff argues that Defendants are not entitled to request the reassignment of this case to a District Judge, the argument is without merit.  As discussed above, under § 636(c), if *all parties* do not consent to Magistrate Judge jurisdiction, a District Judge must be assigned as presiding judge.  L.R. Appendix A(k)(3).  Nonetheless, the Magistrate Judge shall remain assigned to Plaintiff's case and shall continue to have a role in the adjudication of the case.

**III.   CONCLUSION**

By this order, the court addresses Plaintiff's objections to Defendants' request for reassignment of this case to a District Judge.

IT IS SO ORDERED.

Dated:   __June 3, 2014__            _____ /s/ Gary S. Austin
                                            UNITED STATES MAGISTRATE JUDGE

3