UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| C. DWAYNE GILMORE,<br><br>                Plaintiff,<br><br>        vs.<br><br>D. AUGUSTUS, et al.,<br><br>                Defendants. | 1:12-cv-00925-LJO-GSA-PC<br><br>ORDER DENYING PLAINTIFF'S FIFTH MOTION FOR SUBSTITUTION, WITHOUT PREJUDICE<br><br>ORDER GRANTING PLAINTIFF FURTHER LEAVE TO CONDUCT DISCOVERY FOR LIMITED PURPOSE, AND TO SERVE ADDITIONAL INTERROGATORIES FOR LIMITED PURPOSE, AS DISCUSSED BY THIS ORDER<br><br>(Doc. 61.) |

## I.      BACKGROUND

C. Dwayne Gilmore ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis with this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed the Complaint commencing this action on June 7, 2012.  (Doc. 1.)  This action now proceeds on the First Amended Complaint filed on March 8, 2013, against defendants Correctional Officer (C/O) C. Lockard, C/O C. Lopez, C/O J. Hightower, and C/O J. J. Torres for excessive force, and against defendant C/O J. J. Torres for denial of adequate medical care, in violation of the Eighth Amendment.[1]  On December 12, 2013, the court issued an order directing the United States Marshal ("Marshal") to serve defendants in this action.  (Doc. 19.)

---

[1] On November 18, 2013, the court issued an order dismissing all other claims and defendants from this action for failure to state a claim.  (Doc. 17.)  Defendants Lieutenant D. Augustus, Sergeant J. S. Diaz, Licensed Vocational Nurse (LVN) A. Serna, LVN B. Ismat, LVN I. Bari, LVN J. Canada, LVN Z. Nartume, and John Doe were dismissed from this action based on Plaintiff's failure to state any claims against them upon which relief may be granted under §1983, and Plaintiff's claims based on supervisory liability and claims for conspiracy and violation of due process were dismissed from this action for Plaintiff's failure to state a claim under § 1983.  (Id.)

On February 24, 2014, Defendants filed a Notice of defendant Torres' death, pursuant to Rule 25(a) of the Federal Rules of Civil Procedure.  (Doc. 23.)

On July 17, 2014, Plaintiff filed a motion for substitution pursuant to Rule 25(a), or in the alternative, a motion to continue conducting limited discovery.  (Doc. 61.)

## II.   MOTION FOR SUBSTITUTION UNDER RULE 25(a)(1), OR IN THE ALTERNATIVE, FOR LEAVE TO CONTINUE CONDUCTING LIMITED DISCOVERY

Rule 25(a)(1) of the Federal Rules of Civil Procedure provides that:

> "If a party dies and the claim is not thereby extinguished, the court may order substitution of the proper parties. The motion for substitution may be made by any party or by the successors or representatives of the deceased party and, together with the notice of hearing, shall be served on the parties as provided in Rule 5 and upon persons not parties in the manner provided in Rule 4 for the service of a summons, and may be served in any judicial district. Unless the motion for substitution is made not later than 90 days after the death is suggested upon the record by service of a statement of the fact of the death as provided herein for the service of the motion, the action shall be dismissed as to the deceased party."

A "proper party" under Rule 25(a)(1) is the legal representative of the deceased party; e.g., an executor of the deceased's will or an administrator of his or her estate.  Mallonee v. Fahey, 200 F.2d 918, 919-920, & n.3 (9th Cir. 1952).

### Discussion

This is Plaintiff's fifth motion for substitution under Rule 25(a).  Plaintiff seeks to substitute defendant Torres' legal representative in place and stead of defendant Torres, who is deceased.  On May 21, 2014, the court issued an order granting Plaintiff leave to conduct limited discovery to identify defendant Torres' legal representative.  (Doc. 48.)  Plaintiff was advised that "a 'proper party' under Rule 25(a)(1) is the legal representative of the deceased party; e.g., an *executor* of the deceased's will or an *administrator* of his or her estate."  (Id. at 2:12-14.)

Plaintiff provides evidence that on May 29, 2014, he served an interrogatory on defendant J. Hightower requesting the identity of defendant Torres' legal representative, and on July 8, 2014, Plaintiff received a response objecting to the request on the grounds that it lacks

foundation, is compound, and exceeds the permissible number of interrogatories under Rule 33(a)(1). (Exhs. A and B to Motion, Doc. 61 at 7-13.)

Plaintiff now files this fifth motion for substitution, requesting substitution of defendant Torres with defendant Torres' widow and legal representative, Elizabeth Torres, who resides at 950 West Loyala Ave., Visalia, CA 93277-6556. As evidence that Elizabeth Torres is the legal representative, Plaintiff provides copies of two obituaries for Johnny James Torres indicating that the decedent left behind a wife named Elizabeth Torres. (Exh. D to Motion, Doc. 61 at 22-24.) As further evidence, Plaintiff submits copies of two pages from an internet site, identifying John J. Torres, Sr. and Elizabeth B. Torres as persons who "may know" each other and who share the same "previous locations." (Exh. E. to Motion, Doc. 61 at 25-27.)

Plaintiff's evidence is not sufficient to prove that defendant J. J. Torres' widow is Elizabeth B. Torres who currently resides at the address provided by Plaintiff, or that she is his legal representative. Therefore, Plaintiff's motion for substitution shall be denied, without prejudice.

In the alternative, Plaintiff has requested leave to continue conducting limited discovery to identify defendant Torres' legal representative, pursuant to the court's order of May 21, 2014. Good cause appearing, this request shall be granted.[2] Plaintiff is reminded that his interrogatories or requests for production for this purpose must be relevant and narrowly tailored to identifying the unknown legal representative. Further, this limited discovery must be conducted in compliance with the discovery deadline established by the court's scheduling order of April 25, 2014. (Doc. 36.)

Plaintiff is also granted leave to serve interrogatories for this limited purpose in addition to the twenty-five written interrogatories that Plaintiff is presently allowed to serve on any

---

[2] The Ninth Circuit held in Gillespie v. Civiletti that "where the identity of alleged defendants will not be known prior to the filing of a complaint ... the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds." Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir.1980); also see Wakefield v. Thompson, 177 F.3d 1160, 1163 (9th Cir.1999). The Gillespie and Wakefield holdings govern the present case.

other party under Rule 33(a)(1).[3]  Thus, Defendants are precluded from objecting to Plaintiff's interrogatories, if made for the limited purpose of identifying defendant Torres' legal representative, on the ground that they cause Plaintiff to exceed the limit of twenty-five interrogatories for each party allowed under Rule 33(a)(1).

**III.     CONCLUSION**

Based on the foregoing, IT IS HEREBY ORDERED that:

1.     Plaintiff's fifth motion for substitution, filed on July 17, 2014, is DENIED, without prejudice to renewal of the motion at a later stage of the proceedings;

2.     Plaintiff is granted continued leave to conduct discovery for the limited purpose of discovering the identity, name, and address of defendant Torres' legal representative, for purposes of substitution, pursuant to the court's order of May 21, 2014 and as instructed by this order; and

3.     Plaintiff is granted leave to serve interrogatories for this limited purpose in addition to the twenty-five written interrogatories that Plaintiff is presently allowed to serve on any other party under Rule 33(a)(1), as discussed by this order.

IT IS SO ORDERED.

Dated:   __**July 25, 2014**__          _____**/s/ Gary S. Austin**
                                                UNITED STATES MAGISTRATE JUDGE

---

[3] Pursuant to Rule 33(a)(1) of the Federal Rules of Civil Procedure, "[u]nless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts.  Leave to serve additional interrogatories may be granted to the extent consistent with Rule 26(b)(2)."  Fed. R. Civ. P. 33(a)(1).