UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| C. DWAYNE GILMORE,<br><br>            Plaintiff,<br><br>      vs.<br><br>D. AUGUSTUS, et al.,<br><br>            Defendants. | 1:12-cv-00925-LJO-GSA-PC<br><br>ORDER DENYING PLAINTIFF'S MOTION TO COMPEL<br>(Doc. 60.)<br><br>ORDER GRANTING PLAINTIFF LEAVE TO RE-SERVE INTERROGATORY NO. 1 OF PLAINTIFF'S INTERROGATORIES, SET TWO, UPON DEFENDANTS FOR FURTHER RESPONSE |

**I.    BACKGROUND**

C. Dwayne Gilmore ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on June 7, 2012. (Doc. 1.) This action now proceeds on the First Amended Complaint filed on March 8, 2013, against defendants Correctional Officer (C/O) C. Lockard, C/O C. Lopez, C/O J. Hightower, and C/O J. J. Torres for excessive force, and against defendant C/O J. J. Torres for denial of adequate medical care, in violation of the Eighth Amendment.[1] (Doc. 12.) This case is now in the discovery phase.[2]

---

[1] On November 18, 2013, the court issued an order dismissing all other claims and defendants from this action for failure to state a claim. (Doc. 17.) Defendants Lieutenant D. Augustus, Sergeant J. S. Diaz, Licensed Vocational Nurse (LVN) A. Serna, LVN B. Ismat, LVN I. Bari, LVN J. Canada, LVN Z. Nartume, and John Doe were dismissed from this action based on Plaintiff's failure to state any claims against them upon which relief may be granted under §1983, and Plaintiff's claims based on supervisory liability and claims for conspiracy and violation of due process were dismissed from this action for Plaintiff's failure to state a claim under § 1983. (Id.)

[2] On April 25, 2014, the Court issued a scheduling order in this action, opening discovery and establishing a deadline of December 25, 2014 for the completion of discovery. (Doc. 36.)

On July 17, 2014, Plaintiff filed a motion to compel further responses to interrogatories by defendant Hightower. (Doc. 60.)

## II. MOTION TO COMPEL

### A. Federal Rules of Civil Procedure 26(b), 33, and 37(a)

Under Rule 26(b), "[U]nless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense ─ including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1).

Pursuant to Rule 33(a), an interrogatory may relate to any matter that may be inquired into under Rule 26(b). Fed. R. Civ. P. 33(a)(2). Each interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath, Fed. R. Civ. P. 33(b)(3), and the grounds for objecting to an interrogatory must be stated with specificity, Fed. R. Civ. P. 33(b)(4). A party answering interrogatories cannot limit his answers to matters within his own knowledge and ignore information immediately available to him or under his control. Essex Builders Group, Inc. v. Amerisure Insurance Co., 230 F.R.D. 682, 685 (M.D. Fla. 2005). If a party cannot furnish details, he should say so under oath, and say why and set forth the efforts used to obtain the information, and cannot plead ignorance to information that is from sources within his control. Milner v. National School of Health Technology, 73 F.R.D. 628, 632 (E.D. Pa.1977). "However, where the answer states that no record exists, the court cannot compel the impossible." Id. at 633 (citing Moss v. Lane Co., 50 F.R.D. 122, 128 (W.D. Va. 1970), aff'd in part, remanded in part, 471 F.2d 853 (4th Cir. 1973)). A sworn answer indicating a lack of knowledge and no means of obtaining knowledge is not objectionable. Milner 73 F.R.D. at 633 (citing Brennan v. Glenn Falls Nat. Bank & Trust Co., 19 F.R.Serv.2d 721, 722-23 (N.D.N.Y.1974)).

Pursuant to Rule 37(a), a party propounding discovery may seek an order compelling disclosure when an opposing party has failed to respond or has provided evasive or incomplete responses. Fed. R. Civ. P. 37(a). "An evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4). "It is well established that a failure to object to discovery requests within the time required constitutes a waiver of any objection." Richmark Corp. v. Timber Falling Consultants, 959 F.2d 1468, 1473 (9th Cir.1992) (citing Davis v. Fendler, 650 F.2d 1154, 1160 (9th Cir.1981)). The moving party bears the burden of demonstrating "actual and substantial prejudice" from the denial of discovery. See Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002) (citations omitted.).

**Parties' Positions**

Plaintiff seeks a court order compelling defendant Hightower ("Defendant") to serve further responses to Plaintiff's Interrogatories Set One, Nos. 1-11 & 14-24, and Interrogatories Set Two, No. 1. Plaintiff asserts that he served Defendant's counsel with Interrogatories Set One on May 19, 2014, and Interrogatories Set Two on May 29, 2014. (Doc. 60, Attachments A,B,C,D.) Defendant served his responses on July 3, 2014.

Plaintiff argues that Defendant's objections are tactical, to evade responding to Plaintiff's interrogatories. Plaintiff contends that his interrogatories are relevant to the claims or defenses at issue and do not call for speculation. Plaintiff takes issue with Defendant's response that he "cannot recall (at this time) the requested information, due to the length of time that has passed since the incident occurrence (*sic*) of July 8, 2010." (Doc. 60 at 4-5.) Plaintiff argues that this response is "absurd, evasive and inadequate, especially in light of defendant J. Hightower's [detailed] response to interrogatory number 12." (Id. at 4:6-8.)

Plaintiff requests a court order (1) requiring Defendant to respond to Interrogatories Set One, Nos. 1-11 & 14-15 within ten days, or in the alternative, prohibiting Defendant from opposing Plaintiff's claims; (2) requiring Defendant to fully respond to Interrogatories Set One Nos. 16-24 within ten days; (3) requiring Defendant to fully respond to Plaintiff's Request for Interrogatories Set Two within ten days; (4) ruling that Plaintiff did not exceed the permissible

number of interrogatories under Rule 33(a); and (5) admonishing Defendant and his counsel for their disobedience of discovery and other court orders concerning good faith. Plaintiff also seeks sanctions.

Defendant argues that Plaintiff's motion to compel is procedurally defective because Plaintiff fails to address Defendant's objections in the context of each interrogatory, and does not demonstrate how Defendant's responses are insufficient or explain why he is entitled to further responses. Defendant contends that in contrast, Defendant provided complete and adequate responses to Plaintiff's interrogatories.

Defendant also argues that because of discrete subparts, every interrogatory after Interrogatory No. 15 surpasses the limit of twenty-five interrogatories allowed by Rule 33(a)(1).[3] Defendant contends that his assertion that he could not recall the requested information is valid, and that he was able to respond in detail to Interrogatory No. 12 because the interrogatory was not as detailed as the interrogatories he could not answer.

Plaintiff replies that Defendant failed to furnish the information available to him in responding to the interrogatories, as required by Rule 33(a). Plaintiff argues that Defendant only offered two substantive responses, to Interrogatories Nos. 12 & 13, and that other responses were entirely boilerplate objections, which are disfavored by the court. Plaintiff asserts that he did not exceed the permissible number of interrogatories, and argues that many of Defendant's responses were evasive and stated in bad faith.

**Discussion**

Plaintiff has not met his burden, as the moving party, of informing the court in his motion, for *each* disputed response, why Defendant's responses are not justified. Plaintiff may not simply assert in his motion that he is dissatisfied for various reasons with most of Defendants' responses, without addressing *each* of the objectionable interrogatories. While Plaintiff specifically addresses some of the individual interrogatories in his reply to

---

[3] Defendant acknowledges, however, that in light of the court's July 28, 2014 order expressly granting Plaintiff leave to propound limited discovery on the issue of identifying Defendant Torres' representative, even if such requests exceed the permissible number of interrogatories, Defendants will answer such future discovery requests to the extent of their ability without objecting on the basis of violating Rule 33(a). (Doc. 65 at 4 fn.1.)

Defendant's opposition, this is not sufficient to meet Plaintiff's burden.  Therefore, Plaintiff's motion to compel shall be denied on this ground alone.

The court finds that Plaintiff exceeded the number of interrogatories permitted under Rule 33(a).  While Plaintiff served only twenty-five numbered interrogatories, some of the interrogatories contained impermissible discrete subparts, causing Plaintiff to exceed more than twenty-five interrogatories.  Although the term "discrete subparts" does not have a precise meaning, courts generally agree that interrogatory subparts are counted as one interrogatory for purposes of Rule 33(a) if they are logically or factually subsumed within and necessarily related to the primary question.  Trevino v. ACB American, Inc., 232 F.R.D. 612 (N.D. Cal. Jan. 27, 2006), subsequent determination, Trevino v. ACB American, Inc., 2006 WL 391797 (Feb. 17, 2006); Safeco of America v. Rawstron, 181 F.R.D. 441, 445 (C.D. Cal. 1998).  For example, Plaintiff's Interrogatory No. 1 counts as two interrogatories because it contains two distinct subparts which are not necessarily related:  (1) "what duty was Defendant performing?" and (2) "who accompanied Defendant?"  In contrast, Interrogatory No. 3 counts as only one interrogatory because the three subparts -- (1) "where was Plaintiff located?", (2) "where was Officer Torres located?", and (3) "where was Officer Herrera located?" -- are factually subsumed and necessarily related to the primary question, "where were the individuals located when you observed the Plaintiff running towards Officer Torres and Officer Herrera?"  The parties are advised to consider this rule when propounding and responding to interrogatories.

The court finds Defendant's response, that he is unable to recall particular information, adequate.  Plaintiff must accept Defendant's response that he is unable to recall the details of what occurred during the incident at issue, given the passage of time.  Defendant cannot be compelled to remember what he has forgotten.

In light of the court's order of July 28, 2014, Plaintiff shall be granted leave to re-serve Interrogatory No. 1 of Plaintiff's Interrogatories, Set Two, upon Defendants for a further response to Plaintiff's inquiry about the name and address of defendant Torres' legal representative.  Defendants are required to respond to this request to the extent of their ability without objecting on the basis of violating Rule 33(a), as they have agreed.

### III. CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to compel, filed on May 9, 2014, is DENIED; and
2. Plaintiff is granted leave to re-serve Interrogatory No. 1 of Plaintiff's Interrogatories, Set Two, upon Defendants for a further response to Plaintiff's inquiry about the name and address of defendant Torres' legal representative, and Defendants are required to respond to this request to the extent of their ability without objecting on the basis of violating Rule 33(a).

IT IS SO ORDERED.

Dated: **September 2, 2014**                    **/s/ Gary S. Austin**
                                                               UNITED STATES MAGISTRATE JUDGE