UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| C. DWAYNE GILMORE,<br><br>　　　Plaintiff,<br><br>　　vs.<br><br>D. AUGUSTUS, et al.,<br><br>　　　Defendants. | 1:12-cv-00925-LJO-GSA-PC<br><br>ORDER GRANTING PLAINTIFF'S REQUEST<br>(Doc. 112.)<br><br>ORDER REQUIRING DEFENDANTS TO NOTIFY COURT WHETHER A SETTLEMENT CONFERENCE WOULD BE BENEFICIAL<br><br>THIRTY-DAY DEADLINE |

**I.　　BACKGROUND**

C. Dwayne Gilmore ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on June 7, 2012. (Doc. 1.) This action now proceeds on the First Amended Complaint filed on March 8, 2013, against defendants Correctional Officer (C/O) C. Lockard, C/O C. Lopez, C/O J. Hightower, and C/O J. J. Torres for excessive force, and against

1

defendant C/O J. J. Torres for denial of adequate medical care, in violation of the Eighth Amendment.[1]  (Doc. 12.)

On April 25, 2014, the Court issued a scheduling order establishing pretrial deadlines in this action, including a deadline of December 25, 2014 to complete discovery, and deadline of March 5, 2015 to file pretrial dispositive motions.  (Doc. 36.)  These deadlines have now expired.

On March 9, 2015, Plaintiff filed a request for the court to inquire whether Defendants would be interested in settling this case. (Doc. 112.)  Plaintiff asserts that he has made multiple settlement offers but has not received any response.  By this order, Plaintiff's request shall be granted.

## II. SETTLEMENT CONFERENCES

The Court is able to refer cases for mediation before a participating United States Magistrate Judge.  Settlement conferences are ordinarily held in person at the Court or at a prison in the Eastern District of California.  Defendants shall notify the Court whether they believe, in good faith, that settlement in this case is a possibility and whether they are interested in having a settlement conference scheduled by the Court.[2]

Defendants' counsel shall also notify the Court whether there are security concerns that would prohibit scheduling a settlement conference.  If security concerns exist, counsel shall notify the Court whether those concerns can be adequately addressed if Plaintiff is transferred for settlement only and then returned to prison for housing.

///

---

[1] On November 18, 2013, the court issued an order dismissing all other claims and defendants from this action for failure to state a claim. (Doc. 17.)  Defendants Lieutenant D. Augustus, Sergeant J. S. Diaz, Licensed Vocational Nurse (LVN) A. Serna, LVN B. Ismat, LVN I. Bari, LVN J. Canada, LVN Z. Nartume, and John Doe were dismissed from this action based on Plaintiff's failure to state any claims against them upon which relief may be granted under §1983, and Plaintiff's claims based on supervisory liability and claims for conspiracy and violation of due process were dismissed from this action for Plaintiff's failure to state a claim under § 1983. (Id.)

[2] The parties may wish to discuss the issue by telephone in determining whether they believe settlement is feasible.

II.      CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's motion filed on March 9, 2015, is GRANTED; and
2. Within thirty days from the date of service of this order, Defendants shall file a written response to this order.[3]

IT IS SO ORDERED.

Dated:    **March 10, 2015**                              **/s/ Gary S. Austin**
                                                                         UNITED STATES MAGISTRATE JUDGE

---

[3] The issuance of this order does not guarantee referral for settlement, but the Court will make every reasonable attempt to secure the referral should both parties desire a settlement conference.