UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| C. DWAYNE GILMORE,<br><br>      Plaintiff,<br><br>      vs.<br><br>D. AUGUSTUS, et al.,<br><br>      Defendants. | 1:12-cv-00925-LJO-GSA-PC<br><br>FINDINGS AND RECOMMENDATIONS,<br>RECOMMENDING THAT PLAINTIFF'S<br>MOTION FOR SUBSTITUTION BE DENIED,<br>DEFENDANTS' MOTION TO STRIKE BE<br>DENIED, DEFENDANT TORRES BE<br>DISMISSED FROM THIS ACTION WITH<br>PREJUDICE, AND PLAINTIFF'S MEDICAL<br>CLAIM BE DISMISSED FROM THIS ACTION<br>(Docs. 89, 94, 117.)<br><br>OBJECTIONS, IF ANY, DUE WITHIN THIRTY<br>DAYS |

**I.      BACKGROUND**

C. Dwayne Gilmore ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis with this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed the Complaint commencing this action on June 7, 2012.  (Doc. 1.)  This action now proceeds on the First Amended Complaint filed on March 8, 2013, against defendants Correctional Officer (C/O) C. Lockard, C/O C. Lopez, C/O J. Hightower, and C/O J. J. Torres for excessive force, and against defendant C/O J. J. Torres for denial of adequate medical care, in violation of the Eighth Amendment.[1] (Doc. 12.)

---

[1]  On November 18, 2013, the court issued an order dismissing all other claims and defendants from this action for failure to state a claim.  (Doc. 17.)  Defendants Lieutenant D. Augustus, Sergeant J. S. Diaz, Licensed Vocational Nurse (LVN) A. Serna, LVN B. Ismat, LVN I. Bari, LVN J. Canada, LVN Z. Nartume, and John Doe were dismissed from this action based on Plaintiff's failure to state any claims against them upon which relief may be granted under §1983, and Plaintiff's claims based on supervisory liability and claims for conspiracy and violation of due process were dismissed from this action for Plaintiff's failure to state a claim under § 1983.  (Id.)

On February 24, 2014, Defendants filed a Notice of defendant Torres' death, pursuant to Rule 25(a) of the Federal Rules of Civil Procedure. (Doc. 23.)  On April 25, 2014, the court issued a Scheduling Order establishing deadlines of December 25, 2014 for the parties to complete discovery, and March 5, 2015 for the parties to file pretrial dispositive motions. (Doc. 36.) The deadlines have now expired.

Between March 5, 2014 and July 17, 2014, Plaintiff filed five motions for substitution under Rule 25(a), seeking to substitute defendant Torres' legal representative in place of defendant Torres. (Docs. 25, 28, 31, 43, 61.) The court denied Plaintiff's five motions, based on Plaintiff's failure to identify defendant Torres' legal representative, without prejudice. (Docs. 26, 29, 32, 48, 63.) On July 28, 2014, Plaintiff was granted leave to conduct discovery to discover the identity of defendant Torres' legal representative. (Doc. 63.)

On November 20, 2014, Plaintiff filed a sixth motion for substitution pursuant to Rule 25(a), or in the alternative, for leave to serve process upon defendant Torres' legal representative. (Doc. 89.) On December 11, 2014, Defendants filed a motion to strike Plaintiff's motion. (Doc. 94.) On January 26, 2015, Plaintiff filed an opposition to the motion to strike. (Doc. 106.) On February 3, 2015, Defendants filed a reply to Plaintiff's opposition. (Doc. 108.)

Plaintiff's sixth motion for substitution and Defendants' motion to strike are now before the court.

## II.    MOTION FOR SUBSTITUTION – RULE 25(a)(1)

Under Rule 25(a) of the Federal Rules of Civil Procedure, if, during the pendency of an action, "a party dies, and the claim is not thereby extinguished, the court may order a substitution of the proper parties." Fed. R. Civ. P. 25(a)(1); Hilao v. Estate of Marcos, 103 F.3d 762, 766 (9th Cir. 1996) ("substituted party steps into the same position as original party"). A "proper party" under Rule 25(a)(1) is the legal representative of the deceased party; e.g., an executor of the deceased's will or an administrator of his or her estate. Mallonee v. Fahey, 200 F.2d 918, 919-920, & n.3 (9th Cir. 1952).

///

A.      **Plaintiff's Motion for Substitution**

Plaintiff seeks to substitute defendant Torres' legal representative in place of defendant Torres, who is deceased.   Plaintiff claims that defendant Torres' legal representative is defendant Torres' widow, Elizabeth B. Torres, for whom Plaintiff provides an address.

As evidence that Elizabeth Torres is the legal representative, Plaintiff provides copies of two obituaries for Johnny James Torres indicating that the decedent left behind a wife named Elizabeth Torres.  (Exh. C to Motion, Doc. 89 at 14-16.)   As further evidence, Plaintiff submits copies of two pages from an internet site, identifying John J. Torres, Sr. and Elizabeth B. Torres as persons who "may know" each other and who share the same "previous locations." (Exh. D. to Motion, Doc. 89 at 17-19.)  Plaintiff also declares that on November 12, 2014, his fiancee, Thalesha Denise Clay (Ms. Clay) called Elizabeth B. Torres (Mrs. Torres), whose phone number is 559-627-4772.   (Plaintiff's Declaration, Doc. 89 at 20 ¶2.)   During the conversation, Ms. Clay asked Mrs. Torres whether she is the widow of Johnny James (J.J.) Torres who was born on February 20, 1968 and who passed away on Monday, February 4, 2013; whether Mrs. Torres' residential address is 950 W. Loyola Ave., Visalia, California 93277-6556; whether Mrs. Torres' husband worked as a CDCR (California Department of Corrections and Rehabilitation) correctional officer at KVSP (Kern Valley State Prison) prior to his passing; and whether Mrs. Torres was the executor of her husband's will or the administrator of his estate after his passing.  (Id. at 20-21 ¶¶ 3, 5, 7, 9.)  Mrs. Torres answered the four questions in the affirmative.  (Id. ¶¶4, 6, 8, 10.)

B.      **Defendants' Motion to Strike**

Defendants move to strike Plaintiff's motion for substitution, under Rule 11 of the Federal Rules of Civil Procedure, on the grounds that Plaintiff's motion is based on fabricated facts and lacks evidentiary support.

1.      **Legal Standards**

***Rule 12***

Federal Rule of Civil Procedure 12(f) permits a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  See Fed.

3

R. Civ. P. 12(f).  "[T]he function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial."  Whittlestone, Inc. v. Handi-Craft Co.. 618 F.3d 970, 973 (9th Cir. 2010).  Motions to strike are generally disfavored and "should not be granted unless the matter to be stricken clearly could have no possible bearing on the subject of the litigation . . .  If there is any doubt whether the portion to be stricken might bear on an issue in the litigation, the court should deny the motion."  Platte Anchor Bolt, Inc. v. IHI, Inc., 352 F.Supp.2d 1048, 1057 (N.D.Cal. 2004) (internal citations omitted).  "When a document is stricken, it becomes a nullity and is not considered by the court for any purpose."  (Informational Order, Doc. 6 at 2 n.1.)  "With a motion to strike, just as with a motion to dismiss, the court should view the pleading in the light most favorable to the nonmoving party."  Platte Anchor Bolt, Inc. at 1057. "Ultimately, whether to grant a motion to strike lies within the sound discretion of the district court."  Cruz v. Bank of New York Mellon, No. 12–00846, 2012 WL 2838957, at *2 (N.D.Cal. July 10, 2012) (citing see Whittlestone, Inc. v. Handi–Craft Co., 618 F.3d at 973).

### *Rule 11*

Federal Rule of Civil Procedure 11(b) provides, in pertinent part:

> By presenting to the court a pleading, written motion, or other paper . . . an . . . unrepresented party certifies that to the best of the person's knowledge, information and belief, formed after an inquiry reasonable under the circumstances:
>
> (1)    it is not being presented for any improper purpose, such as to harass, cause unnecessary delay or needlessly increase the cost of litigation;
>
> (2)    the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> (3)    the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery.

Fed. R. Civ. P. 11(b).  Rule 11 further provides for an appropriate sanction where the court finds that a party has violated Rule 11(b).  Fed. R. Civ. Proc. 11(c).

4

### 2.    **Defendants' Position**

Defendants argue that Plaintiff's motion for substitution, filed on November 20, 2014, should be stricken as violative of Rule 11, because the motion is based on fabricated facts set forth in his declaration.  Defendants argue that Plaintiff's declaration refers to a conversation that never took place, between Plaintiff's fiancee, Thalesha Denise Clay, and defendant Torres' wife, Elizabeth Torres, in which Elizabeth Torres confirmed that she is the administrator of defendant Torres' estate.  Defendants argue that the veracity of Plaintiff's declaration is called into question because it is based entirely on multiple levels of hearsay and lacks foundation for many of the assertions of fact.

Defendants provide evidence that specific statements of alleged fact in the declaration are simply false.  On November 24, 2014, after reading Plaintiff's declaration, B. Hancock, Litigation Coordinator at Kern Valley State Prison, called the phone number Plaintiff identified in his declaration: 559-627-4772.  (Hancock Decl., Doc. 94-1 at ¶3.)  When Hancock called that number, it went to voicemail and the recording was by a computer-generated voice that did not identify the owner of the phone number.  (Id.)  Hancock then called Elizabeth Torres at the phone number the CDCR has in its system as the last known contact information for deceased Officer Torres.  (Id.)  The phone number was different than 559-627-4772.  (Id.)  Mrs. Torres told Hancock that she has not spoken to anyone about this case.  (Id.)  Mrs. Torres also informed Hancock that 559-627-4772 is not her phone number and never has been her phone number.  (Id.)  Defendants argue that Plaintiff has no evidence that Mrs. Torres is the administrator of defendant Torres' estate. Therefore, Defendants request that Plaintiff's motion for substitution be stricken from the record, and that the court order appropriate sanctions up to and including dismissal of the action.

### 3.    **Plaintiff's Position**

Plaintiff claims that he did not purposely provide an incorrect telephone number for Elizabeth Torres as evidence in support of his sixth motion for substitution.  Plaintiff declares that his ex-fiancee, Thalesha Denise Clay (Ms. Clay), inadvertently gave him the incorrect telephone number.  (Plaintiff's Declaration, Doc. 106 at 18, ¶¶16-17.)  Plaintiff declares that he

asked Ms. Clay to find the phone number for Elizabeth B. Torres (Mrs. Torres), to call Mrs. Torres, to pose as a Department of Veterans' Affairs employee, and to ask Mrs. Torres four questions.  (Id. at 15-16 ¶2.)  On November 12, 2014, Ms. Clay informed Plaintiff that she called and spoke with Mrs. Torres, posing as a Department of Veterans' Affairs employee.  (Id. at 16 ¶3.)  Under the guise of needing established and general information in order to process a death benefit check for Mrs. Torres' husband, defendant Torres, Ms. Clay asked Mrs. Torres four questions: (1) whether Mrs. Torres is the widow of Johnny James (J.J.) Torres who was born on February 20, 1968 and who passed away on Monday, February 4, 2013; (2) whether Mrs. Torres resides at 950 W. Loyola Ave., Visalia, California 93277-6556; (3) whether Mrs. Torres' husband worked as a CDCR correctional officer at KVSP prior to his passing; and (4) whether Mrs. Torres was the executor of her husband's will or the administrator of his estate after his passing.  (Id. at 16-17 ¶¶ 5, 7, 9, 11.)  Mrs. Torres answered the four questions in the affirmative, confirming that she was the administrator of her husband's estate.  (Id. ¶¶6, 8, 10, 12.)  At no time did Ms. Clay discuss Plaintiff's case with Mrs. Torres.  (Id. ¶13.)

Plaintiff argues that Defendants' motion to strike should not be granted, because Plaintiff did not intentionally provide incorrect information in his declaration in support of his sixth motion for substitution, and Defendants have not provided any indisputable evidence that Ms. Clay did not call and speak with Mrs. Torres.  Plaintiff also argues that his motion for substitution should be granted, because he has presented admissible evidence that Mrs. Torres is the heir and legal representative of defendant Torres' estate and the proper person for substitution.

Plaintiff argues that sanctions should be imposed on defendant Hightower and/or his attorney, Michelle Leigh Angus, for providing false and evasive responses to Plaintiff's discovery requests and obstructing discovery, because they had and have access to information which identifies the name and address of defendant Torres' legal representative.  Plaintiff asserts that on September 10, 2014, Plaintiff propounded an interrogatory on defendant Hightower's counsel, seeking the identity of defendant Torres' legal representative.  (Doc. 89, Exh. A.)  On October 21, 2014, Plaintiff received defendant Hightower's response, with

objections on the grounds that the request was vague and ambiguous with respect to the term "your representative," and to the extent it seeks information protected by the attorney-client privilege, defendant Hightower does not have any information concerning the identity of Officer Torres' legal representative. (Doc. 89, Exh. B.)  Plaintiff argues that Defendants have proven, in their motion to strike, that defendant Hightower and/or his attorney, Michelle Leigh Angus, have provided evasive and false responses to Plaintiff's discovery request, because they had and have access to information identifying the name and address of defendant Torres' legal representative and access to information that confirms that Elizabeth B. Torres is the widow of defendant Torres.

### 4.    **Defendants' Reply**

Defendants assert that Plaintiff has changed his story concerning the basis for his motion and argues that Defendants should be sanctioned for not providing the information he requested in discovery responses.  Defendants argue that Plaintiff's request for sanctions is without merit, because his claim that Defendants and their counsel have provided evasive and false discovery responses is unfounded.  Defendants assert that none of the individual Defendants have any information concerning the identity of the administrator or representative of Officer Torres' estate.

Defendants also argue that Plaintiff has not provided admissible evidence in support of his motion for substitution, and that Plaintiff now admits that his motion is based upon deceitful conduct.  Defendants argue that Plaintiff's declaration in support of his opposition, is not trustworthy, because Plaintiff now tells a different version of the "facts" than what was in his previous declaration.  Defendants argue that Plaintiff's and Ms. Clay's treatment of Mrs. Torres is cruel and duplicitous and should not be rewarded.

### C.    **Discussion**

As Plaintiff was advised in the court's order of July 28, 2014, his copies of obituaries and pages from an internet site are insufficient to prove that defendant J. J. Torres' widow is Elizabeth B. Torres who currently resides at the address provided by Plaintiff, or that she is his legal representative.  (Doc. 63 at 3:5-13.)  Moreover, Plaintiff's assertions that his ex-fiancee,

posing as a Department of Veterans' Affairs employee, called and spoke to Mrs. Torres, who confirmed that she was the administrator of her husband's estate, are based on multiple layers of hearsay and therefore are not admissible evidence.  Fed. R. Evid. 802.  Plaintiff has now filed six motions for substitution, without providing any evidence sufficient to identify defendant Torres' legal representative.  Further attempts to identify a representative would be futile because any attempt to substitute at this point would be untimely under Rule 25(a) ("If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.").[2]  Based on this record, Plaintiff's motion for substitution should be denied, and defendant J. J. Torres should be dismissed from this action, with prejudice.  Moreover, because Plaintiff's medical claim proceeds only against defendant Torres, Plaintiff's medical claim should also be dismissed from this action.

In addition, Defendants' motion to strike Plaintiff's motion as violative of Rule 11 should be denied.  Defendants have not established that Plaintiff's motion for substitution "could have no possible bearing on the subject of th[is] litigation."  Platte Anchor Bolt, Inc., 352 F.Supp.2d at 1057.

The court shall not consider Plaintiff's motion for sanctions against Defendants, which Plaintiff first brought in his opposition to Defendants' motion to strike.  It is well established in this circuit that "'[t]he general rule is that appellants cannot raise a new issue for the first time in their reply briefs.'"  United States v. Birtle, 792 F.2d 846, 848 (9th Cir.1986) (quoting Thompson v. Commissioner, 631 F.2d 642, 649 (9th Cir.1980), cert. denied, 452 U.S. 961, 101 S.Ct. 3110, 69 L.Ed.2d 972 (1981)).  Therefore, the court declines to review Plaintiff's motion for sanctions.

## III.   CONCLUSION AND RECOMMENDATIONS

Based on the foregoing, the court finds that Plaintiff has not provided sufficient evidence to identify defendant Torres' legal representative, and therefore Plaintiff's motion for

---

[2] "Rule 25(a)(1) is merely a formula used to facilitate the closing of a decedent's estate within a reasonable time." In re Baycol Products Litig., 616 F.3d 778, 785 (8th Cir. 2010).

substitution should be denied, and defendant Torres should be dismissed from this action.  As a result of the dismissal of defendant Torres, because Plaintiff's medical claim proceeds only against defendant Torres, Plaintiff's medical claim should also be dismissed from this action. The court also finds that Defendants have not established that Plaintiff's motion for substitution should be stricken from the record, and therefore the motion to strike should be denied.

Accordingly, **IT IS HEREBY RECOMMENDED** that:

1.    Plaintiff's motion for substitution, or in the alternative, for leave to serve process upon defendant Torres' legal representative, filed on November 20, 2014, be DENIED;

2.    Defendants' motion to strike, filed on December 11, 2014, be DENIED;

3.    Defendant J. J. Torres be DISMISSED from this action, with prejudice; and

4.    Plaintiff's medical claim be DISMISSED from this action.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within thirty (30) days after being served with these findings and recommendations, any party may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).


IT IS SO ORDERED.

Dated:   **May 27, 2015**                 **/s/ Gary S. Austin**
                                 UNITED STATES MAGISTRATE JUDGE