UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| C. DWAYNE GILMORE,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>D. AUGUSTUS, et al.,<br><br>　　　　Defendants. | 1:12-cv-00925-LJO-GSA-PC<br><br>ORDER DENYING PLAINTIFF'S REQUEST FOR ENTRY OF DEFAULT AGAINST DEFENDANT LOCKARD<br>(Doc. 116.) |

## I.　BACKGROUND

C. Dwayne Gilmore ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on June 7, 2012. (Doc. 1.) This action now proceeds on the First Amended Complaint filed on March 8, 2013, against defendants Correctional Officer (C/O) C. Lockard, C/O C. Lopez, C/O J. Hightower, and C/O J. J. Torres for excessive force, and against defendant C/O J. J. Torres for denial of adequate medical care, in violation of the Eighth Amendment.[1] (Doc. 12.)

---

[1] On November 18, 2013, the court issued an order dismissing all other claims and defendants from this action for failure to state a claim. (Doc. 17.) Defendants Lieutenant D. Augustus, Sergeant J. S. Diaz, Licensed Vocational Nurse (LVN) A. Serna, LVN B. Ismat, LVN I. Bari, LVN J. Canada, LVN Z. Nartume, and John Doe were dismissed from this action based on Plaintiff's failure to state any claims against them upon which relief may be granted under §1983, and Plaintiff's claims based on supervisory liability and claims for conspiracy and violation of due process were dismissed from this action for Plaintiff's failure to state a claim under § 1983. (Id.)

On April 25, 2014, the court issued a Discovery and Scheduling Order, establishing pretrial deadlines for the parties, including a deadline of December 25, 2014 for the completion of discovery, and a deadline of March 5, 2015, for the filing of pretrial dispositive motions. (Doc. 36.) The deadlines have now expired.[2]

On April 9, 2015, Plaintiff filed a request for entry of default against defendant Lockard. (Doc. 116.) Defendant Lockard has not filed an opposition.

## II.   ENTRY OF DEFAULT

Entry of default is appropriate as to any party against whom a judgment for affirmative relief is sought that has failed to plead or otherwise defend as provided by the Federal Rules of Civil Procedure and where that failure is shown by affidavit or otherwise. See Fed. R. Civ. P. 55(a).

"The district court possesses the power to impose default as a sanction for . . . discovery conduct." Dreith v. Nu Image, Inc., 648 F.3d 779, 786 (9th Cir. 2011.) "Under Federal Rule of Civil Procedure 37(b), a district court may impose sanctions, including default, for failing to comply with a court order [regarding discovery]." Id. "Rule 37(b) reads in relevant part as follows:

> If a party . . . fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders. They may include . . . dismissing the action or proceeding in whole or in part; [and] rendering a default judgment against the disobedient party.

Fed. R. Civ. P. 37(b)(2)(A)(v)-(vi)." Id. "If a party ... fails to obey an order to provide or permit discovery," the court may impose sanctions." Hester v. Vision Airlines, Inc., 687 F.3d 1162, 1169 (9th Cir. 2012) (quoting Fed. R. Civ. P. 37(b)(2)(A)(iii); citing see also, e.g., Dreith, 648 F.3d at 786.) "Where the sanction results in default, the sanctioned party's violations must be due to the willfulness, bad faith, or fault of the party." Id. (quoting

---

[2] Plaintiff has filed motions for extension of the discovery deadline, which are pending. (Docs. 92, 101, 103.)

Jorgensen v. Cassiday, 320 F.3d 906, 912 (9th Cir. 2003) (internal quotation marks omitted)). A court's finding that conduct is willful or in bad faith is reviewed under the "clearly erroneous" standard. Id.

**Plaintiff's Request**

Plaintiff argues that default should be entered against defendant Lockard based on defendant Lockard's refusal to participate in the discovery process, as shown by Lockard's failure to respond to Plaintiff's interrogatories within the court-ordered time period, and failure to provide verification for his responses to Plaintiff's interrogatories.

Plaintiff declares that on September 15, 2014, he served his first request for interrogatories, addressed to defendant Lockard, upon defense counsel. (Plaintiff's Decl., Doc. 116 at 6 ¶12.) Defendant Lockard requested and was granted three extensions of time to serve responses to the interrogatories. (Id. at 7-9 ¶¶13-18.) In the third request for extension of time, defense counsel advised the court that she was having difficulties communicating with defendant Lockard, that her many attempts to discuss the discovery responses with Lockard had been unsuccessful, and that defendant Lockard was not returning her calls. (Id. at 9 ¶17; Doc. 98 at ¶¶4-6.) Defense counsel asserted that she sent defendant Lockard a letter on December 16, 2014, advising him that if she did not hear from him immediately, he would need to seek new counsel. (Id.) The court granted defendant Lockard an extension of time until January 19, 2015 in which to complete and serve responses to Plaintiff's interrogatories. (Id. at 9 ¶18; Doc. 99.) On January 20, 2015, defense counsel served responses to Plaintiff's first set of interrogatories, allegedly by defendant Lockard; however, the responses were missing verification by defendant Lockard. (Id. at 10 ¶19, Exh. C.) On February 18, 2015, defense counsel served response attachments to Plaintiff's first set of interrogatories, allegedly by defendant Lockard; however, the response attachments failed to include verification by defendant Lockard. (Id. at 10 ¶20, Exh. D.)

**III.   DISCUSSION**

Plaintiff provides evidence that defendant Lockard's responses to Plaintiff's interrogatories were untimely served, and that the responses failed to include defendant

Lockard's signed verification. (Doc. 116 at 41.) However, Plaintiff's argument that he has been prejudiced by these violations is unpersuasive. Plaintiff asserts that he received all of the responses, and he has not established that he was prejudiced by the lack of defendant Lockard's verification.

Moreover, Plaintiff has not shown that the asserted violations of the discovery process were due to the willfulness, bad faith, or fault of defendant Lockard. While Plaintiff has provided evidence that the discovery responses were delayed because defendant Lockard was not returning calls to defense counsel, this is not sufficient to show that defendant Lockard willfully failed to participate in discovery, such that he should be sanctioned by entry of default against him. Based on the evidence, the court cannot find that defendant Lockard has failed to plead or otherwise defend in this case. Therefore, Plaintiff's request for entry of default shall be denied.

### IV.   CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's request for entry of default against defendant Lockard, filed on April 9, 2015, is DENIED.

IT IS SO ORDERED.

Dated:   **June 2, 2015**                    **/s/ Gary S. Austin**
UNITED STATES MAGISTRATE JUDGE