UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| C. DWAYNE GILMORE,<br><br>      Plaintiff,<br><br>   vs.<br><br>D. AUGUSTUS, et al.,<br><br>      Defendants. | 1:12-cv-00925-LJO-GSA-PC<br><br>ORDER GRANTING PLAINTIFF'S REQUEST TO PROPOUND THREE ADDITIONAL INTERROGATORIES UPON DEFENDANT HIGHTOWER<br>(Doc. 78; also resolves Docs. 109, 114.)<br><br>ORDER REOPENING DISCOVERY FOR SOLE PURPOSE OF RESOLVING PLAINTIFF'S THREE INTERROGATORIES<br><br>New Discovery Deadline:  09/30/2015 |

**I.     BACKGROUND**

C. Dwayne Gilmore ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis with this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed the Complaint commencing this action on June 7, 2012.  (Doc. 1.)  This action now proceeds on the First Amended Complaint filed on March 8, 2013, against defendants Correctional Officer (C/O) C. Lockard, C/O C. Lopez, C/O J. Hightower, and C/O J. J. Torres for excessive force, and against

defendant C/O J. J. Torres for denial of adequate medical care, in violation of the Eighth Amendment.[1]  (Doc. 12.)

On April 25, 2014, the court issued a Discovery and Scheduling Order, establishing pretrial deadlines for the parties, including a deadline of December 25, 2014 for the completion of discovery, and a deadline of March 5, 2015, for the filing of pretrial dispositive motions. (Doc. 36.)  The deadlines have now expired.

On September 18, 2014, Plaintiff filed a request propound three additional interrogatories upon defendant Hightower and two additional interrogatories upon defendant Lockard.  (Doc. 78.)  On October 1, 2014, defendants Hightower and Lockard filed an opposition to the motion.  (Doc. 79.)

On October 16, 2014, Plaintiff voluntarily withdrew his request to propound additional interrogatories upon defendant Lockard.  (Doc. 80.)  Therefore, Plaintiff now seeks only to propound additional interrogatories upon defendant Hightower.  On November 10, 2014, Plaintiff filed a reply to the opposition and a related request for judicial notice.  (Docs. 85, 86.)

Plaintiff's request to propound three additional interrogatories upon defendant Hightower is now before the court.

## II. PLAINTIFF'S ALLEGATIONS AND CLAIMS AGAINST DEFENDANT HIGHTOWER

### 1. **Allegations**

The events at issue in the First Amended Complaint allegedly occurred at Kern Valley State Prison (KVSP) in Delano, California, when Plaintiff was incarcerated there.  With respect to Plaintiff's excessive force claim against defendant Hightower, Plaintiff alleges as follows. On July 8, 2010, Plaintiff had just finished his inmate porter duties when he heard a commotion

---

[1] On November 18, 2013, the court issued an order dismissing all other claims and defendants from this action for failure to state a claim.  (Doc. 17.)  Defendants Lieutenant D. Augustus, Sergeant J. S. Diaz, Licensed Vocational Nurse (LVN) A. Serna, LVN B. Ismat, LVN I. Bari, LVN J. Canada, LVN Z. Nartume, and John Doe were dismissed from this action based on Plaintiff's failure to state any claims against them upon which relief may be granted under §1983, and Plaintiff's claims based on supervisory liability and claims for conspiracy and violation of due process were dismissed from this action for Plaintiff's failure to state a claim under § 1983. (Id.)

behind him and noticed an incident occurring between two handcuffed inmates and an officer. An alarm sounded, and Plaintiff got down on the ground. C/O Lockard aimed his Launcher Gun at Plaintiff's right thigh and shot him with a sponge round. Plaintiff was struck in the front inner right lower thigh/upper kneecap area, ripping a large hole in his leg. Plaintiff fell backwards onto the floor, actively bleeding. C/O Lockard called down to C/O Lopez, "Check Gilmore. I shot him. He was trying to get involved." Amd Cmp, Doc. 12 at 7 ¶21. Plaintiff was lying defenseless on the floor, in immense pain, attempting to put pressure on the wound. C/O Lopez walked over to Plaintiff and stood over him, stating, "You want to get involved motherf---er? You're involved now." Amd Cmp at 7 ¶23. C/O Lopez then sprayed Plaintiff with pepper spray without justification, in his face and up and down his backside. C/O Hightower approached Plaintiff and also began spraying him with pepper spray. Defendants Lopez and Hightower both emptied their pepper spray canisters on Plaintiff. Plaintiff was blinded by the pepper spray and felt severe burning. The blood vessels in Plaintiff's eyes had burst.

## 2. **Excessive Force Claim – Eighth Amendment**

The court found that Plaintiff states a cognizable claim against defendant Hightower for use of excessive force in violation of the Eighth Amendment. (Doc. 13.)

### *Legal Standard*

"What is necessary to show sufficient harm for purposes of the Cruel and Unusual Punishments Clause [of the Eighth Amendment] depends upon the claim at issue . . . ." Hudson v. McMillian, 503 U.S. 1, 8 (1992). "The objective component of an Eighth Amendment claim is . . . contextual and responsive to contemporary standards of decency." Id. (internal quotation marks and citations omitted). The malicious and sadistic use of force to cause harm always violates contemporary standards of decency, regardless of whether or not significant injury is evident. Id. at 9; see also Oliver v. Keller, 289 F.3d 623, 628 (9th Cir. 2002) (Eighth Amendment excessive force standard examines *de minimis* uses of force, not *de minimis* injuries)). However, not "every malevolent touch by a prison guard gives rise to a federal cause of action." Id. at 9. "The Eighth Amendment's prohibition of cruel and unusual punishments

necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort 'repugnant to the conscience of mankind." Id. at 9-10 (internal quotations marks and citations omitted).

"[W]henever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Id. at 7. "In determining whether the use of force was wanton and unnecessary, it may also be proper to evaluate the need for application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response." Id. (internal quotation marks and citations omitted). "The absence of serious injury is . . . relevant to the Eighth Amendment inquiry, but does not end it." Id.

## III.   REQUEST TO PROPOUND ADDITIONAL INTERROGATORIES

### A.   Legal Standard

Pursuant to Rule 33(a) of the Federal Rules of Civil Procedure, "[u]nless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts. Leave to serve additional interrogatories may be granted to the extent consistent with Rule 26(b)(2)." Fed. R. Civ. P. 33(a). Rule 26(b)(2)(A) provides that "[b]y order, the court may alter the limits in these rules on the number of . . . interrogatories. Fed. R. Civ. P. 26(b)(2)(A). However, "the court must limit the frequency or extent of discovery . . . if it determines that (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues." Fed. R. Civ. P. 26(b)(2)(C).

///

"'[B]road discretion is vested in the trial court to permit or deny discovery, and its decision to deny discovery will not be disturbed except upon the clearest showing that denial of discovery results in actual and substantial prejudice to the complaining litigant.'" Dichter-Mad Family Partners, LLP v. U.S., 709 F.3d 749, 751 (9th Cir. 2013) (quoting Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002) (alteration omitted)); accord Goehring v. Brophy, 94 F.3d 1294, 1305 (9th Cir. 1996)). "A plaintiff seeking discovery must allege 'enough facts to raise a reasonable expectation that discovery will reveal' the evidence he seeks." Dichter-Mad Family Partners, LLP, 709 F.3d at 751 (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556, 127 S.Ct. 1955 (2007)); see also Gager v. United States, 149 F.3d 918, 922 (9th Cir. 1998) ("It is well-established that the burden is on the party seeking to conduct additional discovery to put forth sufficient facts to show that the evidence sought exists.")

### B. Plaintiff's Request

Plaintiff requests leave to propound three additional interrogatories upon defendant Hightower. Plaintiff argues that the proposed interrogatories are relevant to his claim and reasonably calculated to lead to the discovery of admissible evidence. Plaintiff also argues that the interrogatories are not unreasonably cumulative or duplicative, and he cannot reasonably obtain them from another source. Plaintiff also argues that the burden or expense on defendant Hightower to respond to the interrogatories is within reason, considering the needs of the case, the amount in controversy, Plaintiff's resources and limitations, the importance of the issues at stake in this action, and the importance of the discovery in resolving the issues.

Plaintiff submits these three proposed interrogatories for defendant Hightower:

Interrogatory No. 1 -- Would you please explain why you did not report hearing defendant Lockard utilize his 40mm Launcher Gun?

Interrogatory No. 2 -- Would you please explain what obstructed you from observing or hearing defendant Lockard discharge a direct impact sponge round from his 40mm Launcher Gun?

Interrogatory No. 3 -- Would you please explain why you did not report observing Plaintiff being struck with a direct impact sponge round?

///

### C. Defendant Hightower's Opposition

Defendant Hightower ("Defendant") argues that Plaintiff has not made an offer of proof as to what information he expects to gain from the proposed interrogatories, or otherwise attempted to make the requisite particularized showing of why this additional discovery is needed.  Defendant objects to the proposed interrogatories in that they lack foundation, assume unsubstantiated facts, call for speculation, and are argumentative.  Defendant argues that Plaintiff's requests are somewhat unnecessary since Defendant informed Plaintiff in his previous interrogatory responses that "under CDCR policies and procedures, officers are only supposed to include the information in their report that documents any force the authoring officer used, force the authoring officer observed, and any observations of misconduct on the part of an inmate that may be relevant to supporting disciplinary action taken against that inmate."  (Angus Decl., Docs. 79-1, 79-2, Exh. C at No. 12.)  Defendant argues that defendant Lopez's response alone provides Plaintiff with the explanations he seeks in these interrogatories, i.e., that Defendants did not include the requested information in their reports because it either was not observed or not required to be included in a report.

### D. Plaintiff's Reply

Plaintiff contends that he has previously propounded only 23 interrogatories, at most, upon defendant Hightower, depending on how the number of subparts is calculated.  Plaintiff argues that the 3 proposed additional interrogatories are relevant to when defendant Hightower arrived on the scene of the incident at issue, and whether defendant Hightower made a false report about what he saw and heard during the incident at issue.

### E. Plaintiff's Request for Judicial Notice

In support of his reply, Plaintiff requests the court to take judicial notice of three facts: (1) On July 8, 2010, Investigative Services Unit (ISU) C/O M. Mendoza reported to Facility A Medical Clinic and took photographs of Plaintiff, six of which are attached as Exhibit 1; (2) On July 8, 2010, medical staff personnel at KVSP examined and documented the wound to Plaintiff's right kneecap area on CDC 7230, Interdisciplinary Progress Notes forms, two of which are attached as Exhibit 2; and (3) On July 8, 2010, medical staff personnel at KVSP

examined and documented the wound to Plaintiff's right kneecap area on a CDCR 7464, Triage & Treatment Services Flow Sheet, which is attached as Exhibit 3.

### III. DISCUSSION

The court previously found, in its order of September 2, 2014, that Plaintiff had exceeded the number of 25 interrogatories, propounded to defendant Hightower, permitted under Rule 33(a). (Doc 74 at 5:3-4.) Plaintiff now argues that he propounded at most 23 interrogatories upon defendant Hightower, based on Plaintiff's present calculations of the interrogatories and their subparts. Plaintiff has not set forth facts or law of a strongly convincing nature to induce the court to reverse its September 2, 2014 finding.[2]

Plaintiff's request for the court to take judicial notice of the three facts enumerated above at ¶II.E. shall be denied. "A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). It appears to the court that Plaintiff's three facts are subject to reasonable dispute. Plaintiff has not shown that the facts are generally known or that the accuracy of his sources cannot be reasonably questioned. Therefore, the court finds no good cause to take judicial notice of Plaintiff's three facts.

The court finds that Plaintiff's three proposed interrogatories are relevant to his claim against defendant Hightower,[3] and that Plaintiff has alleged enough facts to raise a reasonable expectation that discovery will reveal the evidence he seeks. To succeed on his excessive force claim against defendant Hightower, Plaintiff must show that the force used by defendant Hightower was not applied in a good-faith effort to maintain or restore discipline. Therefore,

---

[2] To succeed with a request for reconsideration, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. See Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D. Cal. 1986), affirmed in part and reversed in part on other grounds, 828 F.2d 514 (9th Cir. 1987).

[3] Under Rule 26 of the Federal Rules of Civil Procedure, "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b). "Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Id.

the circumstances surrounding defendant Hightower's use of pepper spray on Plaintiff, including when defendant Hightower arrived on the scene of the incident, what he saw and heard, what he knew, and what he believed are relevant to whether the force was excessive. Responses to interrogatories may also be relevant to a defendant's credibility. Plaintiff alleges in the First Amended Complaint that defendant Hightower did not arrive on the scene until after Plaintiff had been shot in the leg, when Plaintiff was lying defenseless on the floor, bleeding and in immense pain, attempting to put pressure on his wound. (First Amd Cmp, Doc. 12 at ¶¶22, 25.) In contrast, Defendant Hightower's official report of the incident states that when he arrived on the scene, he heard Officer Lopez yell "get down," saw Plaintiff running towards Officers Torres and Herrera, intercepted Plaintiff, and pepper sprayed Plaintiff in the face until he complied with orders to "get down." (Doc. 85-1 at 49.) The court finds that Defendant's statement that "under CDCR policies and procedures, officers are only supposed to include certain information" does not address defendant Hightower's subjective awareness that Plaintiff was shot in the leg or the omission in the report. Therefore, Plaintiff shall be allowed to propound his three proposed interrogatories upon defendant Hightower within twenty days. However, Plaintiff is advised to redraft the interrogatories as needed to address Defendant's objections on the grounds that they lack foundation, assume unsubstantiated facts, call for speculation, and are argumentative.

Defendant Hightower shall be granted twenty days in which to serve responses to the three interrogatories. Plaintiff must accept Defendant's responses to the extent they rely on Defendant's memory. A party cannot be compelled to remember what he is unable to recall. Motions to compel, if any, shall be filed within thirty days of the date of service of Defendant's responses.

Defendant is reminded of his obligation to respond to the interrogatories to the fullest extent possible. Fed. R. Civ. P. 33(b)(3). Further, any objections must be stated with specificity. Fed. R. Civ. P. 33(b)(4). In responding, the court expects Defendant to use common sense and reason, e.g., Collins v. Wal-Mart Stores, Inc., No. 06-2466-CM-DJW, 2008

///

WL 1924935, *8 (D.Kan. Apr. 30, 2008), and will be disinclined to view with favor the failure to provide discovery based on objections which are hyper-technical, quibbling, or evasive.

## IV. CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's request to propound three additional interrogatories upon defendant Hightower, filed on September 8, 2014, is GRANTED;
2. Plaintiff's request for judicial notice, filed on November 10, 2014, is DENIED;
3. Within twenty days of the date of service of this order, Plaintiff shall serve his three proposed interrogatories upon Defendant Hightower, as instructed by this order;
4. Defendant Hightower shall serve responses to the interrogatories within twenty days of the date of service of the interrogatories; and
5. Discovery is reopened until September 30, 2015, for the sole purpose of resolving Plaintiff's three interrogatories addressed by this order, including the filing of related motions to compel.

IT IS SO ORDERED.

Dated:   **June 5, 2015**                **/s/ Gary S. Austin**
                                                   UNITED STATES MAGISTRATE JUDGE