UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| C. DWAYNE GILMORE,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>D. AUGUSTUS, et al.,<br><br>　　　　Defendants. | 1:12-cv-00925-LJO-GSA-PC<br><br>ORDER GRANTING PLAINTIFF'S MOTIONS FOR EXTENSION OF TIME NUNC PRO TUNC<br>(Docs. 101, 103; also resolves Doc. 119.) |

**I.   BACKGROUND**

C. Dwayne Gilmore ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis with this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed the Complaint commencing this action on June 7, 2012.  (Doc. 1.)  This action now proceeds on the First Amended Complaint filed on March 8, 2013, against defendants Correctional Officer (C/O) C. Lockard, C/O C. Lopez, C/O J. Hightower, and C/O J. J. Torres for excessive force, and against defendant C/O J. J. Torres for denial of adequate medical care, in violation of the Eighth Amendment.[1]  (Doc. 12.)

On April 25, 2014, the court issued a Discovery and Scheduling Order, establishing pretrial deadlines for the parties, including a deadline of December 25, 2014 for the completion of discovery, and a deadline of March 5, 2015, for the filing of pretrial dispositive motions. (Doc. 36.)  The deadlines have now expired.

---

[1] On November 18, 2013, the court issued an order dismissing all other claims and defendants from this action for failure to state a claim.  (Doc. 17.)  Defendants Lieutenant D. Augustus, Sergeant J. S. Diaz, Licensed Vocational Nurse (LVN) A. Serna, LVN B. Ismat, LVN I. Bari, LVN J. Canada, LVN Z. Nartume, and John Doe were dismissed from this action based on Plaintiff's failure to state any claims against them upon which relief may be granted under §1983, and Plaintiff's claims based on supervisory liability and claims for conspiracy and violation of due process were dismissed from this action for Plaintiff's failure to state a claim under § 1983. (Id.)

On December 29, 2014, Plaintiff filed two motions to modify the Discovery and Scheduling Order. (Docs. 101, 103.) The court construes these motions as motions for extension of time to file oppositions to Defendants' motion to strike and motion to compel.

**II.    Plaintiff's First Motion for Extension of Time (Doc. 101.)**

In his first motion, Plaintiff requests an extension of time to file an opposition to Defendants' motion to strike of December 11, 2014. On January 26, 2015, Plaintiff filed his opposition to Defendants' motion to strike. (Doc. 106.) Good cause appearing, Plaintiff's motion shall be granted nun pro tunc.

**III.    Plaintiff's Second Motion for Extension of Time (Doc. 103.)**

In his second motion, Plaintiff requests an extension of time to file an opposition to Defendants' motion to compel of December 8, 2014. On January 14, 2015, Plaintiff filed his opposition to Defendants' motion to compel. (Doc. 105.) Good cause appearing, Plaintiff's motion shall be granted nun pro tunc.

**IV.    CONCLUSION**

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for extension of time to file an opposition to Defendants' motion to strike is GRANTED nunc pro tunc, and Plaintiff's opposition to the motion to strike, filed on January 26, 2015, is deemed timely filed; and
2. Plaintiff's motion for extension of time to file an opposition to Defendants' motion to compel is GRANTED nunc pro tunc, and Plaintiff's opposition to the motion to compel, filed on January 14, 2015, is deemed timely filed.

IT IS SO ORDERED.

Dated:   **June 4, 2015**                    **/s/ Gary S. Austin**
                                    UNITED STATES MAGISTRATE JUDGE