UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| C. DWAYNE GILMORE,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>D. AUGUSTUS, et al.,<br><br>　　　　Defendants. | 1:12-cv-00925-LJO-GSA-PC<br><br>ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL<br>(ECF No. 128.) |

On June 19, 2015, Plaintiff filed a motion seeking the appointment of counsel. Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1).  Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989).  However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1).  Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases.  In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

Plaintiff asserts that he cannot afford to retain counsel, and he provides evidence that he has attempted, without success, to acquire pro bono counsel. Plaintiff asserts that he has limited education and little experience in legal research, reasoning, standards, and writing. Plaintiff also asserts that he is unfamiliar with federal procedural rules, rules of court, and rules of civil procedure.

Even if it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case does not appear exceptional. At this stage of the proceedings, the court cannot make a determination that Plaintiff is likely to succeed on the merits. The legal issue upon which this case now proceeds – whether defendants used excessive force -- is not complex, and this court is faced with similar cases almost daily. Moreover, based on a review of the record in this case, the court does not find that Plaintiff cannot adequately articulate his claims. Therefore, Plaintiff's motion shall be denied, without prejudice to renewal of the motion at a later stage of the proceedings.

Accordingly, for the foregoing reasons, Plaintiff's motion for the appointment of counsel is HEREBY DENIED, without prejudice.

IT IS SO ORDERED.

Dated: **July 9, 2015**         **/s/ Gary S. Austin**
                                UNITED STATES MAGISTRATE JUDGE