UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| C. DWAYNE GILMORE,<br><br>   Plaintiff,<br><br> vs.<br><br>D. AUGUSTUS, et al.,<br><br>   Defendants. | 1:12-cv-00925-LJO-GSA-PC<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR RECONSIDERATION<br>(ECF No. 130.)<br><br>**ORDER TO SHOW CAUSE**<br>ORDER REQUIRING DEFENDANT LOCKARD TO SHOW CAUSE WHY DEFAULT SHOULD NOT BE ENTERED AGAINST HIM<br><br>THIRTY DAY DEADLINE FOR DEFENDANT LOCKARD TO FILE RESPONSE TO ORDER TO SHOW CAUSE<br><br>ORDER REQUIRING DEFENSE COUNSEL TO SERVE THIS ORDER ON DEFENDANT LOCKARD AND FILE PROOF OF SERVICE |

**I. RELEVANT PROCEDURAL HISTORY**

C. Dwayne Gilmore ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on June 7, 2012. (ECF No. 1.) This action now proceeds on the First Amended Complaint filed on March 8, 2013, against defendants Correctional Officer (C/O) C. Lockard, C/O C. Lopez, and C/O J. Hightower, for use of excessive force.[1] (ECF No. 12.)

---

[1] On November 18, 2013, the court issued an order dismissing claims and defendants from this action for failure to state a claim. (ECF No. 17.) Defendants Lieutenant D. Augustus, Sergeant J. S. Diaz, Licensed Vocational Nurse (LVN) A. Serna, LVN B. Ismat, LVN I. Bari, LVN J. Canada, LVN Z. Nartume, and John Doe were dismissed from this action based on Plaintiff's failure to state any claims against them upon which relief may be granted under §1983, and Plaintiff's claims based on supervisory liability and claims for conspiracy and violation of due process were dismissed from this action for Plaintiff's failure to state a claim under § 1983. (Id.) On July 8, 2015, the court issued an order dismissing defendant Torres from this action, with prejudice, based on notice of defendant Torres' death, and dismissing Plaintiff's Eighth Amendment medical claim as moot. (ECF No. 131.)

On April 25, 2014, the court issued a Discovery and Scheduling Order establishing pretrial deadlines for the parties, including a deadline of December 25, 2014 for the completion of discovery, including motions to compel, and a deadline of March 5, 2015 for the filing of dispositive motions. (ECF No. 36.) On June 5, 2015, discovery was reopened until September 30, 2015, for limited purpose. (ECF No. 125.) The deadlines have now expired.

On April 9, 2015, Plaintiff filed a request for entry of default against defendant C/O C. Lockard. (ECF No. 116.) On June 2, 2015, the court issued an order denying Plaintiff's request for entry of default. (ECF No. 124.) On July 1, 2015, Plaintiff filed a motion for reconsideration of the court's order. (ECF No. 130.)

Plaintiff's motion for reconsideration of the court's June 2, 2015 order is now before the court.

## II.     LEGAL STANDARDS

### A.     Motion for Reconsideration

Rule 60(b) allows the Court to relieve a party from an order for "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b). Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances . . ." exist. Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted). The moving party "must demonstrate both injury and circumstances beyond his control . . . ." Id. (internal quotation marks and citation omitted). In seeking reconsideration of an order, Local Rule 230(k) requires Plaintiff to show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed

clear error, or if there is an intervening change in the controlling law," Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted, and "[a] party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation . . . " of that which was already considered by the Court in rendering its decision," U.S. v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001).  To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision.  See Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D. Cal. 1986), affirmed in part and reversed in part on other grounds, 828 F.2d 514 (9th Cir. 1987).

### B.     Entry of Default and Default Judgment

Entry of default is appropriate as to any party against whom a judgment for affirmative relief is sought that has failed to plead or otherwise defend as provided by the Federal Rules of Civil Procedure and where that failure is shown by affidavit or otherwise.  See Fed. R. Civ. P. 55(a).  Rule 12 of the Federal Rules of Civil Procedure provides, "[A] defendant must serve an answer within 21 days after being served with the summons and complaint; or if it has timely waived service under Rule 4(d), within 60 days after the request for a waiver was sent."  Fed. R. Civ. P. 12(a)(1)(A).  Under Rule 4(d), a defendant may waive service of a summons by signing and returning a waiver of service.  Fed. R. Civ. P. 4(d).  If a defendant fails to plead or otherwise defend an action after being properly served with a summons and complaint, a default judgment may be entered pursuant to Rule 55(a) of the Federal Rules of Civil Procedure.

"The district court [also] possesses the power to impose default as a sanction for . . . discovery conduct."  Dreith v. Nu Image, Inc., 648 F.3d 779, 786 (9th Cir. 2011.)  "Under Federal Rule of Civil Procedure 37(b), a district court may impose sanctions, including default, for failing to comply with a court order [regarding discovery]."  Id.   "Rule 37(b) reads in relevant part as follows:

> If a party . . .  fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders.

> They may include . . . dismissing the action or proceeding in whole or in part; [and] rendering a default judgment against the disobedient party.

Fed. R. Civ. P. 37(b)(2)(A)(v)-(vi)." Id. "If a party ... fails to obey an order to provide or permit discovery," the court may impose sanctions, including "striking pleadings in whole or in part." Hester v. Vision Airlines, Inc., 687 F.3d 1162, 1169 (9th Cir. 2012) (quoting Fed. R. Civ. P. 37(b)(2)(A)(iii); citing see also, e.g., Dreith, 648 F.3d at 786.) "Where [a discovery] sanction results in default, the sanctioned party's violations must be due to the willfulness, bad faith, or fault of the party." Hester, 687 F.3d at 1169 (quoting Jorgensen v. Cassiday, 320 F.3d 906, 912 (9th Cir. 2003) (internal quotation marks omitted)). A court's finding that conduct is willful or in bad faith is reviewed under the "clearly erroneous" standard. Id.

Once default has been entered against a defendant, the court may, "[f]or good cause shown . . . set aside an entry of default. . . ." Fed. R. Civ. P. 55(c). "The court's discretion is especially broad where ... it is entry of default that is being set aside." O'Connor v. State of Nevada, 27 F.3d 357, 364 (9th Cir. 1994) (quoting Mendoza v. Wight Vineyard Mgmt., 783 F.2d 941, 945 (9th Cir. 1986)); see also Brady v. United States, 211 F.3d 499, 504 (9th Cir. 2000). Default is generally disfavored. In re Hammer, 940 F.2d 524, 525 (9th Cir. 1991); Westchester Fire Ins. Co. v. Mendez, 585 F.3d 1183, 1189 (9th Cir. 2009).

**Discussion**

Plaintiff seeks reconsideration of the court's order denying his request for entry of default against defendant C/O C. Lockard for failure to participate in discovery. Plaintiff argues that the court overlooked his evidence that defendant Lockard willfully failed to participate in discovery by refusing to discuss his substantive responses to Plaintiff's interrogatories with defense counsel, despite defense counsel's many efforts to communicate with defendant Lockard, and by failing to provide verification for his discovery responses. Plaintiff asserts that he presented evidence that defendant Lockard's counsel has had a continuing difficulty communicating with defendant Lockard, had not had a meaningful discussion with defendant Lockard regarding substantive responses to Plaintiff's interrogatories, and had made many attempts to communicate with defendant Lockard by

email, overnight mail, and phone messages, without response from defendant Lockard. Plaintiff also argues that he is prejudiced by defendant Lockard's failure to provide verification for his responses, because the unverified responses are inadmissible as evidence, and Plaintiff cannot use them for purposes of summary judgment and trial.

Plaintiff's arguments have merit.  While the court maintains that Plaintiff's evidence is not sufficient to prove that defendant Lockard willfully failed to participate in discovery, the court record shows that defendant Lockard did not file any response to Plaintiff's request for entry of default or provide evidence that he did not willfully refuse to participate in discovery. On December 19, 2014, defendant Lockard's attorney (defense counsel) filed a declaration indicating that she has been unable to secure defendant Lockard's cooperation in preparing responses to Plaintiff's interrogatories to defendant Lockard.  Defense counsel declared:

> "Defendant Lockard is no longer employed by the California Department of Corrections and Rehabilitation and resides in a different city than counsel.  I have had a continuing difficulty communicating with Lockard and have yet to have a meaningful discussion with him regarding his substantive responses to Plaintiff's interrogatories. I have made many attempts to have the required discussion with Lockard, including emailing him, sending documents to him via overnight mail, and leaving multiple phone messages. Despite my efforts, Lockard has not phoned me to discuss his responses. Consequently, on December 16, 2014, I sent Lockard a letter by overnight mail reminding him of his obligation to communicate with me and that if I do not hear from him immediately he will need to seek new counsel."

(ECF No. 98 ¶5.)  Defense counsel indicated at the close of defendant Lockard's responses to Plaintiff's interrogatories that defendant Lockard's "verification [was expected] to follow," but Plaintiff asserts that defendant Lockard has not provided any verification, and there is no evidence that defendant Lockard signed a verification.  (Doc. 116 at 41.)  Based on this evidence, defendant Lockard shall be required to show cause, within thirty days, why default should not be entered against him for his failure to participate in discovery.  Defense counsel shall be directed to serve a copy of this order on defendant Lockard and file a proof of service with the court.

///

///

### III. CONCLUSION AND ORDER TO SHOW CAUSE

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for reconsideration, filed on July 1, 2015, is GRANTED;

2. Within thirty days from the date of service of this order, defendant Lockard is required to file a response in writing, showing cause why default should not be entered against him for his failure to participate in discovery, pursuant to Plaintiff's request for entry of default of April 9, 2015;

3. Counsel for defendant Lockard is directed to serve this order on defendant Lockard **no later than July 27, 2015**, and file a proof of service with the court **no later than August 3, 2015**;

4. Failure to comply with this Order to Show Cause will result in the striking of defendant Lockard's Answer, an entry of default and default judgment against him, and the imposition of any other sanctions outlined in Rule 37(b)(2) of the Federal Rules of Civil Procedure.

IT IS SO ORDERED.

Dated:   **July 19, 2015**              **/s/ Gary S. Austin**
                                         UNITED STATES MAGISTRATE JUDGE