# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| | Case No.  1:12-cv-00925 LJO SAB PC |
| C. DWAYNE GILMORE, | ORDER DISCHARGING ORDER TO SHOW CAUSE |
| Plaintiff, | (ECF NO.  134) |
| | ORDER GRANTING DEFENDANTS' MOTION TO COMPEL |
| | (ECF NO. 92) |
| | ORDER DENYING PLAINTIFF'S MOTIONS TO COMPEL |
| v. | (ECF NOS. 96, 87) |
| | ORDER DENYING PLAINTIFF'S MOTION TO COMPEL (ECF No. 136) |
| C. LOCKARD, et al., | ORDER DENYING MOTIONS (ECF Nos. 111, 115, 121) |
| Defendant. | ORDER DENYING PLAINTIFF'S REQUEST FOR EXTENSION OF TIME (ECF No. 146) |
| | ORDER EXTENDING DISPOSITIVE MOTION FILING DEADLINE TO DECEMBER 1, 2015 |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis pursuant to 42 U.S.C. § 1983.  This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(1)(B) and Local Rule 302.

1

**I.**

2

**PROCEDURAL HISTORY**

3       This action proceeds on the March 8, 2013, first amended complaint against Defendant

4 Correctional Officer (C/O) C. Lockard, C/O C. Lopez, J. Torres and C/O J. Hightower for use of

5 excessive force in violation of the Eighth Amendment.   All other claims and Defendants have

6 been dismissed.  On December 12, 2013, an order was entered directing service on Defendants

7 Lockard, Lopez, Torres and Hightower. (ECF No. 19.)  On April 4, 2014, Defendants Hightower

8 and Lopez filed an answer. (ECF No. 30.)   On the same date, Plaintiff filed a motion for

9 substitution for Defendant J. Torres.  The USM 285 form for Defendant Torres was returned by

10 the U.S. Marshal with the indication that Defendant Torres was deceased.  Plaintiff sought

11 substitution of Defendant Torres by an heir. (ECF No. 34.)  Plaintiff filed a second motion for

12 substitution on May 16, 2014. (ECF No. 41.)  On May 5, 2014, Plaintiff filed a motion for leave

13 to file a second amended complaint. (ECF No. 40.)  On May 15, 2014, Defendant Lockard filed

14 an answer to the first amended complaint. (ECF No. 40.)   On May 19, 2014, an order was

15 entered, denying the first motion for substitution as moot. (ECF No. 44.)  On May 20, 2014, an

16 order was entered, denying Plaintiff's motion for leave to file a second amended complaint.

17 (ECF No. 47.)   On May 21, 2014, an order was entered, denying Plaintiff's motion for

18 substitution and granting Plaintiff limited discovery to attempt to locate the administrator of

19 Defendant Torres's estate or executor of his will. (ECF No. 48.)   On July 28, 2014, Plaintiff's

20 fifth motion for substitution was denied without prejudice, and Plaintiff was granted further leave

21 to conduct discovery for a limited purpose. (ECF No. 63.)   On May 27, 2015, findings and

22 recommendations were entered, recommending that Plaintiff's motion for substitution be denied

23 and Plaintiff Torres be dismissed from this action. (ECF No. 123.)  Plaintiff filed objections and

24 on July 8, 2015, the findings and recommendations were adopted by the District Judge,

25 dismissing Defendant Torres.

26       There is a history of discovery motions in this action.  On May 16, 2014,  Plaintiff filed a

27 motion for leave to propound additional interrogatories (ECF No. 42.)  On June 17, 2014, the

28 request was granted. (ECF No 54.)  On July 2, 2014, Plaintiff filed another request for leave to

1    propound additional interrogatories. (ECF No. 58.)  On July 17, 2014, Plaintiff filed a motion to

2    compel discovery and "issuance of further just orders."  On August 27, 2014, an order was

3    entered, denying Plaintiff's request for leave to propound additional interrogatories. (ECF No.

4    72.)  On September 2, 2014, an order was entered, denying Plaintiff's motion to compel, and

5    granting Plaintiff leave to re-serve Interrogatory No. 1 of Plaintiff's Interrogatories, Set Two,

6    upon Defendants for further response.  (ECF No. 74.)    On September 18, 2014, Plaintiff filed a

7    third motion for leave to propound additional interrogatories. (ECF No. 78.)  Defendants filed an

8    opposition and on October 16, 2014, Plaintiff filed a withdrawal of his request.  (ECF No. 80.)

9    On November 17, 2014, Plaintiff filed a motion to compel and for "issuance of further just

10   orders." (ECF No. 87.)    On December 8, 2014, Defendants filed a motion to compel responses

11   to discovery and a request for extension of time to conduct discovery. (ECF No. 92.)   On

12   December 15, 2014, Plaintiff filed a motion for an order compelling disclosure and for sanctions.

13   (ECF No. 96.)    On July 29, 2015, Plaintiff filed a motion for an order compelling discovery.

14   (ECF No. 136.)  On July 20, 2014, an order to show cause was entered, directing Defendant

15   Lockard to show cause why default should not be entered against him. On August 18, 2015,

16   Defendant Lockard filed a response to the order to show cause.

17                                              **II.**

18                                         **ALLEGATIONS**

19          Plaintiff, currently an inmate in the custody of the CDCR at Pelican Bay State Prison,

20   alleges the following conduct occurred on July 8, 2010, while he was incarcerated at Kern Valley

21   State Prison.  On that date, Plaintiff had just finished his inmate porter duties when he heard a

22   commotion behind him and noticed an incident occurring between two handcuffed inmates and

23   an officer.  An alarm sounded, and Plaintiff got down on the ground.  C/O Lockard aimed his

24   launcher gun at Plaintiff's right thigh and shot him with a sponge round.  Plaintiff was struck in

25   the front inner right lower thigh area, ripping a large hole in his leg.  Plaintiff fell backwards onto

26   the floor, actively bleeding.  C/O Lockard called down to C/O Lopez, "Check Gilmore. I shot

27   him.  He was trying to get involved."  (Am. Compl. ¶21.)  Plaintiff was lying defenseless on the

28   floor, in immense pain, attempting to put pressure on the wound.  C/O Lopez walked over to

1  Plaintiff and stood over him, stating, "You want to get involved, motherf***er?  You're involved

2  now."  (Am. Compl ¶ 23.)   C/O Lopez then sprayed Plaintiff with pepper spray without

3  justification, in his face and up and down his backside.  C/O Hightower approached Plaintiff and

4  also began spraying him with pepper spray.  Defendants Lopez and Hightower both emptied

5  their pepper spray canisters on Plaintiff.

6          C/O Torres then handcuffed Plaintiff behind his back and aggressively yanked Plaintiff

7  up from the floor.  Plaintiff lost consciousness from pain but then awoke and began to yell that

8  he was injured, bleeding, and needing medical attention.  Plaintiff began to feel severe burning

9  from the pepper spray.  C/O Torres said, "You're not getting s**t," forced Plaintiff to walk while

10  in pain, and then shoved Plaintiff's face into the concrete wall, causing Plaintiff's glasses to chip

11  and scratch Plaintiff's face, and cutting Plaintiff's lower lip.  (Am. Compl. ¶¶ 34-36.)

12          Sergeant Diaz instructed C/O Torres to escort Plaintiff to the Program Office, and

13  Plaintiff was forced to walk, in obvious pain, to the Program Office patio area.  C/O Torres

14  intentionally led Plaintiff into the metal door frame, causing Plaintiff to hit his mouth,

15  aggravating his cut and swollen lip.  C/O Torres told Plaintiff, "You gotta watch where you're

16  going, Gilmore," and intentionally led him into another metal door frame, hitting his face into the

17  door frame.  C/O Torres said, "Gilmore, why do you keep doing that?"  I'm going to have to

18  write you up for self-mutilation," and then snickered.  (Am. Compl. ¶ 47.)

19          Plaintiff's right knee began to give out and he cried out to C/O Torres, "I can't walk no

20  more, my knee is broken," and began to collapse.  (Am. Compl. ¶¶ 48, 49.)  C/O Torres yanked

21  Plaintiff upright and threatened to harm him, stating, "You try to go down on me and I'm going

22  to slam your [expletive] on the ground.  Now walk!"  (Am. Compl. ¶¶ 50, 51.)  Fearful, Plaintiff

23  continued to limp while in immense pain.  C/O Torres intentionally led Plaintiff into the

24  pedestrian gate steel door, striking Plaintiff's right kneecap area, causing Plaintiff to scream out

25  in pain and almost lose consciousness.  C/O Torres led Plaintiff past Medical Services to the

26  front of the Program Office, then forced him down onto the hot asphalt, stating, "Sit there!" (Am.

27  Compl. ¶ 56.)  Plaintiff screamed in pain from his knee injury and the burning of the pepper

28  spray, for approximately 27 minutes.  (Am. Compl. ¶¶ 59-61.)

1   Plaintiff was led to the front of Medical Services and forced down onto the hot asphalt.

2   Plaintiff continued to beg, cry, and plea to be decontaminated from the pepper spray, and for

3   medical attention.  C/O Torres said, "After we take pictures." (Am. Compl. ¶ 67.)  Water was

4   poured over Plaintiff's gunshot wound, clearing away the evidence of excessive bleeding.

5   Plaintiff was forced into a chair in Medical Services, where photographs were taken of Plaintiff's

6   wound.  While the photos were being taken, Defendant John Doe pulled open Plaintiff's wound,

7   intentionally causing Plaintiff to lose consciousness.  Plaintiff regained consciousness and was

8   led outside of Medical Services by C/O Torres, who told Plaintiff, "Go down on your knees if

9   you want to be decontaminated." (Am. Compl. ¶ 75.)  Plaintiff went down on his left knee,

10  leaving his right leg stretched out. (Am. Compl;. ¶ 77.)  Plaintiff bent his right leg and placed his

11  knee onto the  hot asphalt, causing excruciating pain.  C/O Torres then began to decontaminate

12  Plaintiff by spraying him with water.  Every minute or so, C/O Torres would stop spraying

13  Plaintiff and say, "Tell me you want more!"  and snicker. (Am. Compl. ¶ 80.)  Sergeant Diaz

14  asked C/O Torres, "You're just now decontaminating him?" (Am. Compl. ¶ 81.)  C/O Torres

15  decontaminated Plaintiff for about five minutes and then placed him in a holding cell.  Still

16  burning and blind from the pepper spray, Plaintiff began to self-decontaminate without

17  instructions.  The blood vessels in Plaintiff's eyes had burst.  At Delano Regional Medical

18  Center, Plaintiff's wound was x-rayed for broken bones, and the wound was stapled shut.

19  Plaintiff was housed in administrative segregation at Kern Valley on the charge of assault on a

20  peace officer. (Am. Compl. ¶ 82.)

21                                          **III.**

22                              **DISCOVERY MOTIONS**

23  **1.      Plaintiff's Motion To Compel (ECF No. 87)**

24          Plaintiff seeks to compel Defendants Lopez and Hightower to respond to requests for the

25  production of documents and respond to interrogatories.  Specifically, Request for Production of

26  Documents, Request Nos. 1(a) and (b), Nos. 3(a),(b), (c), (z) and No. 4.  Plaintiff contends that

27  Defendant's responses to these constitute incomplete disclosure.   Plaintiff argues that

28  Defendant's response to Request No. 8 is false and the response to Request No. 12 is evasive.

1   Plaintiff also seeks to compel a response to his First Request for Interrogatories to Defendant C.
2   Lopez, Interrogatories 1, 2, 3, 10 , 30 and 17.  Plaintiff contends that the response to No. 17 is
3   incomplete and the responses to the rest are evasive.

4        Plaintiff's Request for Production of Documents No. 1 (a) and (b) asks Defendants
5   Hightower and Lopez to produce photocopies of one spent direct impact sponge with discharged
6   sponge round two inches symmetrically in front of the shell casing, with measurements of the
7   unspent round and shall casing **or** allow inspection of (1) spent direct impact sponge round and
8   shell casing and to photograph the spent round and shell casing, including measurements of the
9   spent round and shell casing.  Despite asserting objections that the request was vague,
10  ambiguous, overly broad, seeks, irrelevant information, impermissibly includes an interrogatory,
11  and that allowing inspection of the direct impact sponge is unauthorized and would jeopardize
12  institutional security under provisions of the California Code of Regulations, Defendants
13  produced three photographs of an unspent direct impact round.  Plaintiff moves to compel a
14  further document production from Defendants because Defendants failed to produce a
15  discharged sponge round with the discharged sponge round two inches in front of the shell
16  casing and failed to provide the requested measurements.  Defendants assert that they do not
17  have any additional responsive documents in their possession, custody or control.  Defendants
18  assert they do not have any photographs of a discharged sponge round or any photographs
19  depicting measurements of a sponge round, discharged or unspent, in their possession, custody or
20  control.  To Defendants' knowledge, no such photographs exist.  Because Defendants do not
21  have any responsive documents in their possession, the motion is denied as to Request Nos.
22  1(a)and (b).

23       Plaintiff's Request No. 3(a)(b)(c) and (z) asked Defendants Hightower and Lopez to
24  produce all policies, manuals, videos, tape-recordings, and test manuals concerning the use of
25  MK9 Oleoresin Capsicum (OC) pepper spray on people, the effect of being drenched with MK9
26  OC pepper spray and the decontamination process following a person being drenched with MK9
27  OC pepper spray **or** to allow inspection of canister of MK9 OC pepper spray and photocopies
28  depicting a canister of MK9 OC pepper spray, including measurements of canister and volume.

1   In response, Defendants asserted several objections, including the disclosure of information

2   which could endanger institutional safety and security under section 3450(d) of Title 15 of the

3   California Code of Regulations, and inspection is unauthorized and would jeopardize

4   institutional security under sections 3275 and 3276 of Title 15 of the California Code of

5   Regulations.  Despite their objections, Defendants produced three photographs of a MK9 OC

6   pepper spray canister and the CDCR policies governing the use of pepper spray as set forth in

7   Title 15 of the California Code of Regulations.   Defendants identified a privileged document

8   concerning the use of pepper spray in CDCR: "California Department of Corrections and

9   Rehabilitation Basic Correctional Officer Academy, Impact Munitions and Assuming an Armed

10   Post, Participant Workbook" dated December 2010.

11          Plaintiff seeks an order compelling further production because Defendants did not

12   provide any documents specifically mentioning the use of MK9 OC pepper spray, the effect of

13   MK9 OC pepper spray on people, the decontamination process, or the requested MK9 OC

14   pepper spray canister measurements.  Plaintiff does not challenge Defendants' asserted privilege

15   with respect to the Correctional Officer Academy Workbook.  Defendants have produced all

16   non-privileged documents in their possession, custody or control that pertain to the use of pepper

17   spray in CDCR.  Defendants argue that they do not have any additional documents in their

18   possession, custody or control that concern the use of pepper spray and therefore cannot produce

19   any additional documents.

20          In his opposition, Plaintiff argues that the information is relevant. Regarding the unspent

21   rounds,  Plaintiff argues that the measurement of the spent and unspent direct rounds will "prove

22   in which direction plaintiff was facing during the incident." (Opp'n at 4:4-6.)  Plaintiff does not

23   address Defendant' argument regarding privilege.  Regarding the pepper spray, Plaintiff argues

24   that Defendants' response is non-responsive because they did not include the requested

25   measurements and volume (Opp'n at 5:15.)  Plaintiff also makes a relevance argument, arguing

26   that the measurements will show the amount of pepper spray that was covering Plaintiff during

27   the incident.  Plaintiff does not address any of the other of Defendants' objections.  Because

28   Defendants have provided all the responsive, non-privileged documents in their possession,

1  custody or control, Plaintiff's motion should be denied as to Request Nos. 3(a),(b),(c) and (z).

2       Plaintiff's Request No. 4 seeks the production of all policies, manuals, videos, tape-

3  recordings, and manuals concerning the proper use of a Monadknock expandable baton and the

4  effect of being struck with an expandable baton **or** inspection of a Monadknock expandable

5  baton and photographs depicting an expandable baton, including measurements of an baton

6  expanded and retracted.   Defendants asserted the same objections as with the pepper spray,

7  including the safety and security objections under sections 3275 and 3276 of Title 15 of the

8  California Code of Regulations.   Defendants responded that they would not produce an

9  expandable baton for inspection due to institutional security concerns but produced five

10  photographs of a Monadnock expandable baton.  Defendants have also identified a privileged

11  document which concerns the use of expandable batons in CDCR: "California Department of

12  Corrections and Rehabilitation Tactical Unit, Expandable Baton Instructor Participant

13  Workbook," Revised April 2011.

14       As with the pepper spray, Plaintiff makes a relevance argument.  Plaintiff contends that

15  "the measurements of the MEB expanded and detracted [sic] will prove that defendant C. Lopez

16  did not swing it at Plaintiff nor re-holstered it during the incident."  Plaintiff does not address

17  Defendants' objection regarding the privileged document.  Defendants assert that they have

18  provided all the responsive, non-privileged documents in their possession.  Plaintiff's motion

19  should therefore be denied as to Request No. 4.

20       Plaintiff's Request No. 8 seeks an inspection of the use of force video "requested in

21  Plaintiff's CDCR 602, Appeal Log No. KVSP-10-01442, as required pursuant to CCR, Title 15,

22  3268.4(d)(1) and (2), and as referenced in the Second Level Response (See Attachment 1), or in

23  the alternative admission that no use of force video interview occurred and the rules and

24  regulations of the CCR, Title 15 was not abided by."  (Opp'n 7:2-12.)  Defendants objected to

25  this request on the ground that it impermissibly includes an interrogatory but that Defendants

26  will arrange for Plaintiff to view the use of force video-taped interview.  Plaintiff argues that

27  Defendants' response is "false because Plaintiff does not remember any use of force video

28  interview therefore defendants cannot arrange for plaintiff to view such taped interview." (Opp'n

7;23-24.)    Plaintiff contends that if the interview does not exist, then Defendants should be compelled to concede that they did not follow regulations.  Defendants concede that a use-of-force interview does not exist with regard to Plaintiff, but a use-of-force interview does exist for the underlying incident.   The interview did not include Plaintiff.   This is the interview that Defendants have offered to make available for Plaintiff's viewing.  The video that Plaintiff seeks does not exist.  Plaintiff's motion should therefore be denied as to Request No. 8.

Plaintiff's Request No. 12 seeks a copy of the housing roster for all inmates who were housed in his housing unit section at the time of the incident.  Defendants objected to this request on the grounds that it is overly broad and jeopardizes institutional safety and security. Defendants refused to produce the roster on the grounds of institutional safety and security. Plaintiff argues that Defendants' response is "conclusionary and evasive." (Opp'n 8:13.) Plaintiff notes that Defendants have not explained how the document threatens safety and security, or what safety and security is threatened.  Defendants support their opposition with the declaration of J. Hancock, the Litigation Coordinator at Kern Valley State Prison.  Producing the housing roster jeopardizes institutional safety and security because this information can – and historically has been – used for purposes other than supporting inmates' lawsuits.  In particular, CDCR does not disclose documents or information that indicates the names, CDC numbers, and locations of inmates to other inmates because inmates use this information for nefarious purposes.  For example, an inmate may learn of the location of rival gang members and use that information to plan violence.  Similarly, such information can be used to collect debts, plan riots, carry out gang activities, and conduct other illegal activities.  (Hancock Decl. ¶ 3.)   Defendants further argue that such disclosure could implicate privacy concerns of the inmate if they are housed, for example, in a building containing mostly mental health inmates.  Some facilities, and housing units within facilities, are set up to accommodate certain groups of inmates who are at higher risk of assault by other inmates.

Defendants also note that Plaintiff has other means to identify witnesses.  Plaintiff knows which inmates were housed in the section with him and are potential witnesses because he lived and interacted with them on a daily basis.  Additionally, Plaintiff has been provided with the

1   CDC 837 Crime Incident Report, which also identifies the main individuals, including inmates,

2   who were involved in the subject incident.  Defendants persuasively argue that Plaintiff does not

3   need the housing roster to support his claims.  Plaintiff's relevance argument does not overcome

4   the need for institutional safety and security.  The motion should be denied as to Plaintiff's

5   Request No. 12.

6          Plaintiff seeks to compel Defendant Lopez to provide further responses to Interrogatory

7   Nos. 1-3, 10, 17 and 30.   Lopez  argues that he cannot be compelled to provide information he

8   does not remember.  Plaintiff's Interrogatories and Defendant's Lopez's responses follow.

> Interrogatory No. 1:  In the afternoon of July 8, 2010, at
> approximately 12:27 p.m., just prior to you responding to the
> audible alarm of incident log no. KVSP-FA8-10-07-0403, what
> duty was you performing or in the process of performing?  Please
> provide the full name and job position, and title of all persons who
> accompanied you and was assigned to you in performing that duty.
>
> Response:  I was a search and escort officer on July 8, 2010.  Due
> to the passage of time, I cannot recall at this time what duty I was
> performing when I heard the alarm.  Nor do I remember who was
> working with me at the time

16         Plaintiff argues that Defendant's response is evasive because "if defendant can recall that

17   defendant was a search and escort (S&E) officer on July 8, 2010, then common sense will say

18   that defendant knows what duty defendant was performing, as an S&E officer when the audible

19   alarm sounded and who defendant was working with at the time." (Opp'n 9:25-10:2).     The

20   Court finds Defendant Lopez's answer responsive.  Lopez has provided all the information that

21   he can recall.  Plaintiff's motion should therefore be denied as to Interrogatory No. 1

> Interrogatory No. 2:  When the audible alarm sounded, approx..
> how many yards away was you, from the front door of FAB8, C-
> Section?  Please provide your age and weight, including your
> correctional officer communication and correction gear at the time
> of the audible alarm.
>
> Response: I was located somewhere on the upper yard, but due to
> the passage of time I cannot recall exactly where I was when I
> heard the alarm.  I do not know how far away I was from the FAB8
> C-section door because I cannot recall exactly where I was when I
> heard the alarm.  I weight approximately 230 pounds with my
> uniform and gear.

1    Plaintiff argues that Lopez's answer is evasive because if Lopez can remember how

2    much he weighed in 2010 then he can remember exactly how far he was from the front door

3    when he heard the alarm.  First, the Court notes that the interrogatory requests Lopez to provide

4    his current weight, not his weight in 2010.  There is no further basis for compelling Lopez to

5    provide a further response.  Plaintiff also argues that Defendant should be compelled to provide

6    his age. Regarding his age, Lopez persuasively argues that given his profession, his precise age is

7    private information that could be misused for illicit purposes and has not probative value to the

8    claims and defenses in this action.  Plaintiff's motion should therefore be denied as to

9    Interrogatory No. 2.

10    Interrogatory No. 3 asks Lopez to answer two discrete questions:  "Approximately how

11    many seconds did it take you to arrive at the front door of FAB8, C-Section after the audible

12    alarm sounded?  Please provide the full name of the persons who you remember arriving into

13    FAB8, C-Section immediately before and after you."  Lopez answered that he could not recall

14    how long it took him to get to the front door of FAB8, C-Section once he heard the alarm.  He

15    did recall that he was one of the first to arrive and that when he arrived Officer Herrera, Torres

16    and King were already there.  He could not recall who, if anyone, arrived after him.

17    Plaintiff argues that Defendant's response is evasive because in response to another

18    interrogatory he indicated that C/O Hightower assisted him with intercepting Plaintiff's approach

19    towards Herrera, Torres and King by spraying Plaintiff with pepper spray.  Plaintiff argues that

20    this information is relevant to show that when Defendant arrived, Plaintiff was already

21    "crumpled on the floor and actively bleeding."  (Opp'n 14:28.)   Plaintiff does not explain why

22    Lopez's mention of Hightower's assistance is indicative of an evasive or incomplete response.

23    Lopez has provided all the information that he has the ability to provide.   Lopez provided all the

24    responsive information that he could recall.  Plaintiff's motion should therefore be denied as to

25    Interrogatory No. 3.

26    Interrogatory No. 10 asks Lopez to "please explain why you neglected to report the oral

27    statement you provided to Sgt. J. Diaz, to incident commander, correctional (Lt.) D. Augustus?"

28    Lopez objected to the interrogatory on the ground that it lacks foundation, is vague, ambiguous,

1   overly broad and requires Lopez to speculate as to which oral statement Plaintiff is referring.

2   Plaintiff argues that the information is relevant to show that Defendant arrived after Plaintiff was

3   shot and lying on the ground.  Plaintiff refers Defendant to other documents in order for him to

4   make the question complete.  It is Plaintiff's obligation to provide a specific question that

5   includes enough information that Lopez could reasonably know what information Plaintiff was

6   seeking.  Plaintiff failed to do so.  Defendant's objection sustained.  Plaintiff's motion should

7   therefore be denied as to Interrogatory No. 10.

8        Plaintiff's Interrogatory No. 17 asks Lopez to mark a provided diagram indicating "the

9   locations of Plaintiff and Officer Lockard when Officer Lockard allegedly utilized a 40MM

10  direct impact striking Plaintiff."  Lopez responded that he placed an X in the place where

11  Plaintiff was located when Lockard fired the 40MM direct impact and struck Plaintiff.  Lopez

12  could not mark the location of C/O Lockard because he did not know where he was when he

13  fired the 40MM direct impact and struck Plaintiff.  Plaintiff argues that Lopez's response is

14  incomplete because he marked the spot where C/O Lockard was located and not Plaintiff.  Lopez

15  responded to Interrogatory No. 17 under penalty of perjury.  The Court finds the answer to be

16  responsive.  Plaintiff's motion should therefore be denied as to Interrogatory No. 17.

17       Plaintiff's Interrogatory No. 30 asked Lopez how long "he and Officer Hightower

18  allegedly spray [sic] Plaintiff's facial area with  MK-9 OC pepper spray before Plaintiff

19  complied with orders to get down?"  Defendant Lopez responded, "I cannot recall how long I

20  sprayed Inmate Gilmore with OC pepper spray."  Plaintiff argues that Lopez's response is

21  evasive because "defendant's training instructs the proper use of MK9 pepper spray (i.e. firing

22  and bursts)."  (Opp'n at 19:2-3.)   Lopez argues that Plaintiff cannot compel him to recall

23  information that he does not remember.  The Court finds Lopez's answer to be responsive.

24  Plaintiff's motion should therefore be denied as to Interrogatory No. 30.

25       **2.    Defendants' Motion To Compel (ECF No.  92)**

26       Defendants Lockard, Lopez and Hightower seek an order seek an order compelling

27  Plaintiff to provide further responses to Defendant Lockard's Interrogatory Nos. 4, 5, 7, 9, 15, 17

28  19, 22, 23, 24, and Defendant Lopez's Interrogatory Nos. 3, 5, 7, 11, 13, 15, 17, 20 and 21.  In

1 response to each of these interrogatories, Plaintiff responded by simply referring to the factual

2 allegations set forth in the complaint.  Defendants correctly argue that while the complaint may

3 contain several facts pertinent to these interrogatories, it may or may not include all supporting

4 facts.  Moreover, Plaintiff did not verify the truth of his responses to the interrogatories since the

5 complaint and its factual allegations were not signed under penalty of perjury.  Defendants argue

6 that by simply referring back to the facts set forth in the complaint, Plaintiff is frustrating

7 Defendants' efforts to glean all supporting factual information Plaintiff possesses to support his

8 allegations.   Without this information, Defendants cannot adequately prepare to defend

9 themselves against Plaintiff's claims.  Plaintiff offers no argument that justifies his failure to

10 provide complete responses to the interrogatories.  Plaintiff may not refer Defendants to the

11 complaint.  Plaintiff must respond to each question and answer them as completely as he can.

12 Defendant's motion is therefore granted as to Defendant Lockard's Interrogatory Nos. 4, 5, 7, 9,

13 15, 17, 19, 22, 23 and 24.  Defendant's motion is granted as to Defendant Lopez's Interrogatory

14 Nos. 3, 5, 7, 11, 13, 15, 17, 20 and 21.

15        Defendant Lockard seeks an order compelling a response to his Interrogatory Nos. 22, 23

16 and 24 because these requests do not exceed the permissible number.  Plaintiff objected to these

17 interrogatories on the ground that these requests surpassed the statutory limit of twenty-five

18 interrogatories per party.  Plaintiff counted Interrogatory 9 as two separate interrogatories and

19 Interrogatory 12 as three separate interrogatories.

20        Interrogatory 9 asks Plaintiff to ,"State each and every fact in support of your contention

21 that you were injured by Defendant Lockard during the July 8, 2010, incident that is the subject

22 of your complaint, including: (a) a detailed description of the injury; and (b) the date the injury

23 was incurred and/or diagnosed."  Federal Rule of Civil Procedure 33(a)(1) states that discrete

24 sub-parts of an interrogatory should be considered as separate interrogatories for purposes of

25 calculating the twenty-five interrogatory limit.  Defendants correctly argue that Interrogatory

26 subparts are to be counted as one interrogatory for the purpose of this rule if they are logically or

27 factually subsumed within and necessarily related to the primary question.  <u>Trevino v. ACB</u>

28 <u>American, Inc</u>., 232 F.R.D. 612, 614 (N.D. Cal. 2006); <u>Safeco of America v. Rawstron</u>, 181

1     F.R.D. 441, 445 (C.D. Cal. 1998); <u>Kendall v. GES Exposition Services, Inc</u>., 174 F.R.D. 684,

2     685 (D. Nevada 1997).   Defendant Lockard persuasively argues that subparts (a) and (b) are

3     subsumed within and necessarily related to the primary question.   A detailed description of the

4     injury and the date the injury was incurred clearly meet the above standard.   Plaintiff offers no

5     persuasive arguments to the contrary.   The motion should therefore be granted as to Interrogatory

6     Nos. 22, 23 and 24.

7           Plaintiff counted Interrogatory No. 12 as three separate questions.   Interrogatory No. 12

8     related to damages and asked Plaintiff to state the dollar amount of damages, including (a) a

9     description of the method used to calculate the amount  for each category of damages; (b) all

10     facts which you contend support each claimed category of damages. And (c) all documents you

11     contend support each claimed category of damages.   Defendants persuasively argue that subparts

12     (a), (b) are subsumed within and necessarily related to the primary question.   Plaintiff offers no

13     persuasive argument that they are separate and independent question.   Defendant Lockard

14     concedes that subpart (c) is independent of the primary question and does count as a separate

15     interrogatory.   The motion should therefore be granted as to subparts (a) and (b).

16         **3.**       **Plaintiff's Motion To Compel (ECF No. 96)**

17           Plaintiff seeks an order compelling a response to his Request for Production of

18     Documents No. 6.  Plaintiff seeks the production of a single document that Defendants deem to

19     be privileged: "Confidential Supplement to Appeal, 'Appeal Inquiry,' dated August 10, 2010,

20     concerning Inmate Appeal Log Number KVSP-O-10-01442, authored by Lt. Sandoval and Chief

21     Deputy Biter."  Plaintiff argues that Defendants failed to perfect their assertion of privilege and

22     that Defendants' claim of privilege is without merit.   Regarding Plaintiff's argument that

23     Defendants' failed to perfect their assertion of privilege, Defendants concede that Plaintiff is

24     technically correct.   However, Defendants argue that it is clear that they intended to assert the

25     privilege as evidence by their simultaneous service of the privilege log which clearly identifies

26     the Supplement to Appeal as being privileged, the basis of the privilege, identification that the

27     Confidential Supplement to Appeal was responsive to Request No. 6, and all other information

28     required to assert a privilege.

1   Defendants support their motion with the declaration of B. Hancock, the Litigation

2   Coordinator at Kern Valley State Prison.  In rebuttal to Plaintiff's argument that there are no

3   safety and security concerns in releasing the supplement, Hancock's declaration establishes the

4   following.  As part of the investigation of staff complaints, such as Plaintiff's appeal, other

5   inmates may be identified as witnesses or persons having information, and sometimes as

6   confidential informants, and their statements and names may be recorded in writing in any report

7   that is generated as part of the investigation.  (Hancock Decl. ¶¶ 5-9.)  Other officers may also be

8   identified and their statements may also appear in the report.  ( Id.)  Disclosing any of the

9   aforementioned information can give rise to serious safety and security concerns.  For example,

10  if an inmate is questioned and his statement does not "support" the complaining inmate's version

11  of events, the inmate who made the statement may suffer physical retaliation from the

12  complaining inmate either directly or through other inmates.  (Id.)  There have been incidents

13  where this has occurred because the confidential information was inadvertently disclosed. (Id.)

14  Likewise, an officer who gives a different version of the events may also become the

15  subject of possible assault by the complaining inmate either directly or through other inmates.

16  Other officers may be hesitant to disclose information about the officer against whom the

17  complaint was made if the reporting officer know that his name will be disclosed.  (Hancock

18  Decl. ¶ 7.)  In addition, disclosure of the investigative report alerts inmates as to the procedures

19  employed in investigating staff complaints and this can undermine the investigative process.

20  (Hancock Decl. ¶ 8.)  Consequently, even when a confidential document related to an appeal

21  appears to be safe, such disclosure still has the potential of undermining all future staff complaint

22  investigations if staff and inmates come to know that such productions can – and do – occur.

23  Finally, Defendants argue that Plaintiff can procure any potentially useful information through

24  other avenues, including written discovery requests.

25  The Court finds Defendants' argument to be persuasive.  Plaintiff's argument that

26  disclosure would not affect the safety and security of the institution is based upon his own

27  opinions and conclusions.  Plaintiff has not offered any persuasive argument that the information

28  sought should not be withheld on the basis of institutional safety and security.  The motion

1    should therefore be denied.

2          **4.      Plaintiff's Motion To Compel (ECF No. 136)**

3          Plaintiff seeks an order compelling Defendant Hightower to respond to Interrogatories

4    Nos. 1 through 3 as directed by the Court's June 5, 2015, order granting Plaintiff leave to

5    propound additional interrogatories.  (ECF No. 125.)  In that order, the Court ordered that within

6    twenty days of service of the order, Plaintiff shall serve his three proposed interrogatories upon

7    Defendant Hightower, as instructed by this order.  The Court advised Plaintiff to redraft the

8    interrogatories as needed to address Defendants' objections.  The Court further ordered that

9    discovery was reopened solely for the purpose of resolving Plaintiff's three interrogatories to

10   Defendant Hightower.

11         Defense counsel indicates that she misread the order, construing it as requiring Defendant

12   Hightower to serve responses to Plaintiff's three additional interrogatories within twenty days of

13   the order.  On June 25, 2015, Defendant Hightower served verified responses to Plaintiff's three

14   additional interrogatories.  On July 2, 2015, defense counsel received Plaintiff's Fourth Request

15   for Interrogatories to Defendant Hightower.  In  July 9, 2015, letter to defense counsel, Plaintiff

16   stated that Defendant Hightower had responded to the wrong interrogatories and demanded that

17   he respond to the fourth, revised set of interrogatories.  On July 14, 2015, defense counsel wrote

18   Plaintiff and explained that she has misread the June 5, 2015, order, and that Defendant

19   Hightower served his verified responses to Plaintiff's interrogatories.  Counsel further advised

20   Plaintiff that the revised interrogatories sought the same information as the interrogatories

21   Defendant Hightower had responded to.  Defense counsel also stated that since Defendant

22   Hightower had provided Plaintiff with verified, substantive responses, Defendant Hightower

23   would not be serving any additional responses.  This motion ensued.

24         The June 25, 2015, verified response to the interrogatories follows.  Interrogatory No. 1

25   asked Hightower, "Would you please explain why you did not report hearing defendant Lockard

26   utilize his 40MM launcher gun?"  Hightower responded: "At the time of the incident, I did not

27   hear or see Defendant Lockard discharge his weapon and did not hear or see Plaintiff being shot.

28   Interrogatory No. 2 asked Hightower." Would you please explain what obstructed you from

1 observing or hearing defendant Lockard discharge a direct impact sponge round from his 40MM

2 Launcher Gun?'  Hightower responded that he did not see or hear Lockard discharge his weapon

3 because at the time of the incident, his attention was divided between three inmates resisting staff

4 members along with multiple people screaming.  Interrogatory No. asks Hightower, "Would you

5 please explain why you did not report observing Plaintiff being struck with a direct impact

6 sponge round?"  Hightower's response was similar to that of Interrogatory No. 2, "I cannot

7 report force being used that I did not witness, and I did not see or hear Defendant Lockard

8 discharge his weapon because at the time of the incident my attention was divided between three

9 inmates resisting staff members along with multiple people screaming; it was a loud and

10 confusing scene."

11        Plaintiff's further interrogatories ask the same questions of Defendant Hightower, with

12 the exception of asking for a more detailed explanation. Interrogatory No. 1 adds, "Would you

13 explain why you omitted to report the fact that defendant discharged his 40MM Launcher Gun

14 on July 8, 2010?  Hightower previously responded that he did not see Lockard discharge the 40

15 MM Gun Launcher.  Interrogatory No.2 adds, " Would you please explain your inability to see

16 and/or hear defendant Lockard discharge a direct impact sponge round from his 40MM Launcher

17 Gun?'  Hightower responded that he did not see Lockard discharge the Launcher Gun.

18 Interrogatory No. 3 adds, "Would you please explain why you omitted to report the fact that

19 Plaintiff was struck with a direct impact sponge round on July 8, 2010?'  Hightower responded

20 that he did not see Lockard discharge the Launcher Gun, and that the scene was confusing and

21 his attention was divided.  The Court finds that Defendant Hightower's answers are responsive.

22 Hightower explained what he did or did not see, and how he came to see or hear certain events.

23 Plaintiff's questions were asked and answered.   The motion to compel should therefore be

24 denied.

25       **5.**    **Order To Show Cause (ECF No. 134)**

26        On July 20, 2015, an order to show cause was entered, directing Defendant Lockard to

27 show cause why default should not be entered against him for failure to participate in discovery.

28 (ECF No. 134.)   On August 18, 2105, Defendant Lockard filed a response to the order to show

1  cause (ECF No. 145.)  The response is supported by the declaration of counsel for Defendant

2  Lockard.  The Court finds good cause exists to discharge the order to show cause.

3        **6.**      **Motions For Ruling And Judicial Notice (ECF Nos. 111, 115, 121)**

4        Plaintiff has filed a request for the Court to take judicial notice of adjudicated facts in

5  support of his opposition to Defendants' motion to compel.  In light of the Court's ruling on

6  Defendants' motion, Plaintiff's request is moot.  Plaintiff also seeks a ruling on his various

7  motions to compel.  In light of the rulings in this order, Plaintiff's motions are denied as moot.

8        **7.**      **Request For Extension Of Time (ECF No. 146)**

9        Plaintiff seeks an extension of time in which to file a reply to Defendants' opposition to

10  his July 29, 2015, motion to compel. (ECF No. 136.)  The Court finds that a reply is unnecessary

11  to the Court's ruling in this case.  The motion was denied on the ground that Plaintiff received

12  responsive answers to his interrogatories in Defendant Hightower's June 25, 2015, verified

13  responses.  The further interrogatories seek the same information.  No further legal argument is

14  necessary to resolution of this question.  Plaintiff's request for extension of time is denied as

15  moot.

16        The Court notes that the deadline for filing a dispositive motion has passed as of March

17  5, 2015.  In light of the voluminous discovery motions in this case, and the need to depose

18  Plaintiff once all his responses to discovery have been received, the Court finds good cause to

19  extend the dispositive motion filing deadline in this case to December 1, 2015.  Discovery in this

20  matter is closed, and will only be open to the extent that Plaintiff shall comply with this order.

21  The Court will grant Plaintiff thirty days in which to serve the responses to discovery directed in

22  this order.

23        In accordance with the above, IT IS HEREBY ORDERD that:

24        1.      The July 20, 2015, order to show cause is vacated;

25        2.      Defendant's December 8, 2014, motion to compel (ECF No. 92) is granted.

26                Plaintiff shall serve his responses within thirty days of the date of this order.

27        3.      Plaintiff's November 17, 2014, and December 15, 2014, motions to compel

28                (ECF Nos. 87 and 96) are denied;

1    4.    Plaintiff's July 29, 2015, motion to compel is denied;

2    5.    Plaintiff's motion for judicial notice (ECF No. 111) and motions for ruling

3          (ECF Nos. 115, 121) are denied as moot;

4    6.    Plaintiff's motion for extension of time to file a reply (ECF No. 146)

5          is denied;

6    7.    The dispositive motion filing deadline is December 1, 2015.  Further extensions

7          of  time will only be granted on a showing of good cause.

8
   IT IS SO ORDERED.
9

10  Dated:    **September 3, 2015**    _____

11                                    UNITED STATES MAGISTRATE JUDGE

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28