# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| C. DWAYNE GILMORE, | Case No. 1:12-cv-00925-LJO-SAB-PC |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION REVOKE CONSENT TO MAGISTRATE JUDGE JURISDICTION |
| v. | |
| C. LOCKARD, et al., | (ECF No. 151) |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis pursuant to 42 U.S.C. § 1983. This matter was referred to United States Magistrate Judge Gary S. Austin pursuant to 28 U.S.C. § 636(1)(B) and Local Rule 302. Pending before the Court is Plaintiff's motion to revoke his consent to magistrate judge jurisdiction filed on October 19, 2015.

This action proceeds against Defendants Lockard, Lopez, Hightower and Torres for excessive force and inadequate medical care. There has been voluminous discovery in this case and Plaintiff has filed several discovery motions. On September 3, 2015, an order was entered, denying three of Plaintiff's motions to compel and Plaintiff's request for judicial notice. The Court also granted Defendants' motion to compel. On October 19, 2015, Plaintiff filed a motion to rescind his consent to proceed before a magistrate judge (ECF No. 151.)[1]

"The right to adjudication before an Article III judge is an important constitutional right. However, this right, like other fundamental rights, can be waived" pursuant to the consent of the parties under 28 U.S.C. § 636(c).  United States v. Neville, 985 F.2d 992, 999 (9th Cir.

---

[1] Plaintiff filed a consent to magistrate judge jurisdiction on June 29, 2012 (ECF No. 8). Defendants declined magistrate judge jurisdiction on May 19, 2014 (ECF No. 45).

1993)(citations omitted); Dixon v. Ylst, 990 F.2d 478, 479-80 (9th Cir. 1993). Significantly, "there is no absolute right to withdraw consent once granted." Neville, 985 F.2d at 999. Rather, a request to withdraw consent will be granted only upon a showing of good cause or extraordinary circumstances. 28 U.S.C. § 636(c)(4). ("The court may, for good cause shown on its own motion, or under extraordinary circumstances shown by any party, vacate a reference of a civil matter to a magistrate judge under this subsection"). These requirements are strictly construed. See, e.g., Brook, Weiner, Sered, Kreger & Weinberg v. Corq, Inc., 53 F.3d 851, 852 (7th Cir. 1995)(party's legal successor bound by party's consent to jurisdiction of magistrate judge).

Pertinent factors in the court's consideration of a request to withdraw consent to the jurisdiction of the magistrate judge are the timeliness of the request, whether granting the request would unduly interfere with or delay the proceedings, particularly relative to the burdens and cost to the litigants, and whether the party's consent was voluntary and uncoerced. Neville, 985 F.2d at 1000, citing, inter alia, Carter v. Sea Land Services, Inc., 816 F.2d 1018, 1021 (5th Cir. 1987)(which considered "inconvenience to the court and witnesses, prejudice to the parties, whether the movant is acting pro se, whether the motion is made in good faith, and whether the interests of justice would be served by holding a party to his consent").

The Court finds that Plaintiff, although proceeding without counsel, knowingly and voluntarily consented to the jurisdiction of the magistrate judge; that the case has proceeded expeditiously; and that requiring Plaintiff's adherence to his consent is reasonable and serves the interests of justice. A party's disagreement with a reasonable court ruling constitutes neither good cause nor extraordinary circumstance for withdrawing consent to the jurisdiction of the magistrate judge. Liteky v. United States, 510 U.S. 540, 555-556 (1994).

//
//
//
//
//

Accordingly, IT IS HEREBY ORDERED that Plaintiff's motion to revoke his consent to magistrate judge jurisdiction is denied.

IT IS SO ORDERED.

Dated:    **December 3, 2015**

UNITED STATES MAGISTRATE JUDGE