UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| C. DWAYNE GILMORE,<br><br>    Plaintiff,<br><br>    v.<br><br>C. LOCKARD, et al.,<br><br>    Defendant. | Case No. 1:12-cv-00925-LJO-SAB-PC<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR SANCTIONS<br><br>(ECF NO. 169) |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis pursuant to 42 U.S.C. § 1983. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(1)(B) and Local Rule 302. Pending before the Court is Plaintiff's motion for sanctions filed on February 1, 2016. On February 19, 2016, Defendants filed opposition to the motion.

On December 1, 2015, Defendants filed a request to extend time to file dispositive motions. (ECF No. 152.) On December 3, 2015, an order was entered, granting Defendants' request for a fourteen-day extension of time to file dispositive motions. (ECF No. 154.) The Court granted Defendants' motion on the ground that Defendants showed good cause for an extension of time. On December 8, 2015, Plaintiff filed a motion for summary judgment. (ECF No. 157.) On December 30, 2015, Defendants filed a motion for an extension of time to file opposition to Plaintiff's motion for summary judgment (ECF No. 159.) On December 31, 2015, the Court granted Defendants an extension of time to January 29, 2016, in which to file their opposition to Plaintiff's motion for summary judgment. (ECF No. 161.) On February 1, 2016,

1

1  Plaintiff filed the motion for sanctions that is now before the Court. (ECF No. 169.) On
2  February 19, 2016, Defendants filed opposition to the motion. (ECF No. 176.) Defendants'
3  opposition is supported by the declaration of defense counsel, Deputy Attorney General Michelle
4  Angus.

5      Plaintiff moves for sanctions on the ground that Defendants, in their December 2, 2105,
6  motion for extension of time (ECF No. 152), acted in bad faith by requesting the extension of
7  time to file a dispositive motion with the purpose of delaying this action. Plaintiff also seeks
8  sanctions on the separate ground that in their opposition to his motion for summary judgment,
9  they failed to include the declaration of the custodian of records authenticating Plaintiff's prison
10 records.

11     Regarding Plaintiff's assertion that Defendants sought an extension of time with the
12 purpose of delay, the Court found good cause to grant Defendants' fourteen day extension of
13 time. (ECF No. 154, 1:20.)

14     As to Plaintiff's assertion that the failure to attach the supporting declaration of the
15 custodian of records constitutes bad faith, the declaration of counsel submitted in support of
16 opposition to Plaintiff's motion for sanctions establishes that the omission of the custodian of
17 records declaration is the result of a clerical error. (Angus Decl. ¶ 5.)

18     Defendants correctly argue that Federal Rule of Civil Procedure 11 sanctions are limited
19 to circumstances when a party or their attorney submits a pleading to the court which is
20 submitted for an improper purpose, is frivolous, has no evidentiary support, or is not warranted
21 by the evidence. Rule 11 motion procedure is technical and mandatory. The motion must be
22 "made separately" and it must be served on the opposing party 21 days before it is filed. Fed. R.
23 Civ. Proc. 11(c)(2); Holgate v. Baldwin, 425 .3d 671, 678 (9th Cir. 2005)(the safe harbor
24 provision must be interpreted "strictly" and reversal of Rule 11 sanctions is mandatory where
25 compliance with the safe harbor provision is not observed.")  "Rule 11 is intended to deter
26 baseless filings . . ." Islamic Shura Council of S. Cal. v. FBI, 757 F.3d 870, 872 (9th Cir. 2014).

27     Plaintiff offers no evidence to support his assertion that Defendants have acted with
28 improper purpose or in bad faith. As noted, Defendants' extension of time was granted based on

1  good cause, and the omission of the declaration of custodian of records was a clerical error.
2  Defendants also correctly argue that even if Plaintiff could demonstrate a basis for Rule 11
3  sanctions, Plaintiff has failed to comply with the procedural requirement of serving the Rule 11
4  motion on Defendants 21 days before its filing. Defendants note that had Plaintiff complied with
5  this requirement, they would have provided him with the missing custodian of records
6  declaration at that time. The Rule 11 motion is substantively and procedurally defective and
7  should therefore be denied.

8      Accordingly, IT IS HEREBY ORDERED that Plaintiff's motion for sanctions filed on
9  February 1, 2016, is denied.

IT IS SO ORDERED.

Dated:  **February 23, 2016**

UNITED STATES MAGISTRATE JUDGE