# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| C. DWAYNE GILMORE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>C. LOCKARD, et al.,<br><br>　　　　Defendants. | Case No. 1:12-cv-00925-LJO-SAB-PC<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION<br><br>(ECF NO. 185) |

Plaintiff C. Dwayne Gilmore is a state prisoner appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Plaintiff's April 15, 2016, motion for reconsideration of the March 24, 2016, order denying Plaintiff's motion for the appointment of counsel. (ECF No. 183.)

## I.

## PROCEDURAL HISTORY

This action proceeds on the March 8, 2013, first amended complaint. Plaintiff is proceeding against Defendants on claims of excessive force and denial of adequate medical care. On March 24, 2016, an order was entered, denying Plaintiff's second motion for the appointment of counsel. (ECF No. 183.) The Court found that the legal issues in this case are not complex, and Plaintiff has thoroughly set forth his arguments. (Id. at 2:5.) The Court found that exceptional circumstances warranting the appointment of counsel did not exist.

1

## II.

## LEGAL STANDARD

The motion for reconsideration is governed by Rule 60 of the Federal Rules of Civil Procedure and Rule 230 of the Local Rules of the United States District Court, Eastern District of California. Rule 60(b)(6) allows the Court to relieve a party from an order for any reason that justifies relief. Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances . . . exist." Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008)(internal quotation marks omitted). The moving party "must demonstrate both injury and circumstances beyond his control . . . ." Id. (internal quotation marks and citation omitted). In seeking reconsideration of an order, Local Rule 230(j) requires Plaintiff to show "what new or different facts or circumstances are claimed to exist or were not shown upon such prior motion, or what other grounds exist for the motion."

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in controlling law." Marlyn Nutraceuticals, Inc., v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009)(internal quotation marks and citations omitted), and "[a] party seeking reconsideration must show more than a disagreement with the court's decision, and recapitulation . . . of that which was already considered by the court in rendering its decision," U.S. v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. See Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 646, 665 (E.D. Cal. 1986), affirmed in part and reversed in part on other grounds, 828 F.2d 514 (9th Cir. 1987).

## III.

## ANALYSIS

Plaintiff argues that in the order denying his second request for the appointment of counsel, the Court did not consider the likelihood of success on the merits of Plaintiff's claims. Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997). Plaintiff appears to argue that at a

1  settlement conference, the Court could make a determination that Plaintiff has made a threshold
2  showing that he could succeed on the merits.  In the March 24, 2016, order denying Plaintiff's
3  motion for the appointment of counsel, the Court found that the required exceptional
4  circumstances required for the appointment of counsel in this case did not exist.  LaMere v.
5  Risley, 827 F.2d 622, 626 (9th Cir. 1987); Terell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991).
6  In making that determination, the Court considered "both the likelihood of success on the merits
7  [and] the ability of the [plaintiff] to articulate his claims in light of the complexity of the legal
8  issues involved." Rand, 113 F.3d at 1525. (ECF No. 183 at 1:26.)

## IV.

## CONCLUSION AND ORDER

Plaintiff has not met the high burden of coming forward with facts or law of such a strongly convincing nature as to induce the Court to reverse the order denying Plaintiff's second motion for the appointment of counsel.  In making the determination that exceptional circumstances do not exist in this case, the Court evaluated both the likelihood of success on the merits and the ability of Plaintiff to articulate his claims in light of the complexity of the legal issues involved.  Accordingly, IT IS HEREBY ORDERED that Plaintiff's motion for reconsideration filed on April 15, 2016, is DENIED.

IT IS SO ORDERED.

Dated:  **April 19, 2016**

UNITED STATES MAGISTRATE JUDGE