UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| C. DWAYNE GILMORE,<br><br>      Plaintiff,<br><br>      v.<br><br>C. LOCKARD, et al.,<br><br>      Defendants. | Case No.: 1:12-cv-00925-LJO-SAB (PC)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT BE DENIED<br><br>(ECF No. 156)<br><br>OBJECTIONS DUE IN THIRTY DAYS |

Plaintiff C. Dwayne Gilmore is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.  Currently before the Court is Plaintiff's motion for summary judgment filed on December 8, 2015. (ECF No. 156.)  Defendants have filed opposition to the motion. (ECF No. 167.)   Plaintiff has filed a reply. (ECF No. 177.)

**I.**

**RELEVANT HISTORY**

This action proceeds on the March 8, 2013, first amended complaint against Defendants Correctional Officer (C/O) Lockard, C/O Lopez, and C/O Hightower for use of excessive force in violation of the Eighth Amendment.  All other claims and Defendants have been dismissed.  The conduct occurred on July 8, 2010, while Plaintiff was housed at Kern Valley State Prison.

1

## II.

## LEGAL STANDARD

Any party may move for summary judgment, and the Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a) (quotation marks omitted); Washington Mut. Inc. v. U.S., 636 F.3d 1207, 1216 (9th Cir. 2011). Each party's position, whether it be that a fact is disputed or undisputed, must be supported by (1) citing to particular parts of materials in the record, including but not limited to depositions, documents, declarations, or discovery; or (2) showing that the materials cited do not establish the presence or absence of a genuine dispute or that the opposing party cannot produce admissible evidence to support the fact. Fed. R. Civ. P. 56(c)(1) (quotation marks omitted). The Court may consider other materials in the record not cited to by the parties, but it is not required to do so. Fed. R. Civ. P. 56(c)(3); Carmen v. San Francisco Unified Sch. Dist., 237 F.3d 1026, 1031 (9th Cir. 2001); accord Simmons v. Navajo Cnty., Ariz., 609 F.3d 1011, 1017 (9th Cir. 2010). With regard to a plaintiff's motion for summary judgment, as the party with the burden of persuasion at trial, a plaintiff must establish "beyond controversy every essential element of" his affirmative claims. S. Cal. Gas Co. v. City of Santa Ana, 336 F.3d 885, 888 (9th Cir. 2003).

In judging the evidence at the summary judgment stage, the Court does not make credibility determinations or weigh conflicting evidence, Soremekun v. Thrifty Payless, Inc., 509 F.3d 978, 984 (9th Cir. 2007) (quotation marks and citation omitted), and it must draw all inferences in the light most favorable to the nonmoving party and determine whether a genuine issue of material fact precludes entry of judgment, Comite de Jornaleros de Redondo Beach v. City of Redondo Beach, 657 F.3d 936, 942 (9th Cir. 2011) (quotation marks and citation omitted).

In arriving at its conclusion, the Court carefully reviewed and considered all arguments, points and authorities, declarations, exhibits, statements of undisputed facts and responses thereto, if any, objections, and other papers filed by the parties. Omission of reference to an argument, document, paper, or objection is not to be construed to the effect that this Court did not consider the argument, document, paper, or objection. This Court thoroughly reviewed and considered the evidence it deemed admissible, material, and appropriate.

## III.

## DISCUSSION

### A. Summary of Plaintiff's Complaint

Plaintiff alleges that on July 8, 2010, he was housed at Kern Valley State Prison. On that date, Plaintiff had just finished his inmate porter duties when he heard a commotion behind him and noticed an incident occurring between two handcuffed inmates and an officer. An alarm sounded, and Plaintiff got down on the ground. C/O Lockard, located in the gun tower, aimed his launcher gun at Plaintiff's right thigh and shot him with a sponge round. Plaintiff was struck in the front inner right lower thigh area, ripping a large hole in his leg. Plaintiff fell backwards on to the floor, actively bleeding. C/O Lockard called down to C/O Lopez, "Check Gilmore. I shot him. He was trying to get involved." (ECF No. 12 ¶ 21.) Plaintiff was lying defenseless on the floor, in immense pain, attempting to put pressure on the wound. C/O Lopez walked over to Plaintiff and stood over him, stating "You want to get involved, motherf***er? You're involved now." (Id. ¶ 23.) C/O Lopez then sprayed Plaintiff with pepper spray without justification, in his face and up and down his backside. C/O Hightower approached Plaintiff and also began spraying him with pepper spray. Defendants Lopez and Hightower both emptied their pepper spray canisters on Plaintiff.

### B. Statement of Undisputed Facts[1]

12. Plaintiff was housed at Kern Valley State Prison during the incident at issue. (Pl.'s Decl. ¶ 18.)

83. On July 8, 2010, Plaintiff was assigned as an inmate porter and to cell 232 in facility A-Building 8, C-section. (Pl.'s Decl., ¶ 6.)

---

[1] Plaintiff filed a separate statement of undisputed facts and conclusions of law. Plaintiff lists 205 statements of undisputed facts. Defendants filed a response and objections to Plaintiff's statement of undisputed facts. Defendants dispute some of Plaintiff's facts, and agree that others are undisputed. The Court will analyze the statements of fact that are material and that the parties agree are undisputed. For convenience, the Court lists the facts as numbered by Plaintiff, but in chronological order.

| | | |
|---|---|---|
| 1 | 84. | At the completion of Plaintiff's inmate porter duties, Plaintiff proceeded towards and then stood by/next to the podium (on the east side of the podium) in C-section's dayroom.  (Pl.'s Decl., ¶ 7.) |
| 4 | 86. | Plaintiff began to hear a commotion coming from the opposite side of C-section's dayroom, to the left side of Plaintiff.   (Pl.'s Decl., ¶ 9.) |
| 6 | 87. | Plaintiff briefly turned his head to the left, over his left shoulder to see what the commotion was.  (Pl.'s Decl., ¶ 10.) |
| 8 | 88. | An incident between two handcuffed prisoners and three C/Os was occurring in front of cells 131/132. (Pl.'s Decl., ¶ 11.)   Defendants contend this fact is undisputed to the extent that they understand the fact as: an incident between two prisoners and three correctional officers was occurring near cells 131/132.  The inmates were handcuffed at some point during the incident. |
| 13 | 89. | The incident did not concern Plaintiff.  (Pl.'s Decl., ¶ 12.)  Defendants contend that this fact is undisputed to the extent that Defendants understand this fact as: the incident did not concern Plaintiff until he moved toward the incident and assaulted a peace officer. |
| 16 | 69. | While Plaintiff was in mid motion of proning out, Defendant Lockard aimed his state issued 40mm launcher gut at Plaintiff's right thigh and discharged one direct impact sponge round intentionally, unjustifiably, unnecessarily, willfully and without warning.  (Pl.'s Decl., ¶ 15.)  Defendants contend that this fact is undisputed to the extent that they understand this fact as: Defendant Lockard used a 40mm launcher gun and shot one sponge round hitting Plaintiff's right leg. |
| 22 | 72. | Plaintiff was struck by the round in the front inner right lower thigh/upper kneecap area, causing a 2 inch by half inch wound and ripping a large hole in the kneecap area of Plaintiff's right pant leg.  (Pl.'s Decl., ¶ 18.) |
| 25 | 74. | Defendant Lockard shouted at Plaintiff, "f*****g b*****d."  (Pl.'s Decl., ¶ 19.) |
| 26 | 76. | Defendant Lockard calls down to Defendant Lopez, "check Gilmore.  I shot him.  He was trying to get involved."  (Pl.'s Decl., ¶ 22.) |

| | | |
|---|---|---|
| 1 | 78. | Defendant Lopez walked briskly over to where Plaintiff was on the floor, stood over Plaintiff and states "You want to get involved mother f****r? You're involved now." (Pl.'s Decl., ¶ 23.) |
| 4 | 79. | Defendant Lopez then began to spray Plaintiff with his state issued OC pepper spray from approx. 3 feet away, first in the facial area, then washing up and down Plaintiff's back side intentionally, unjustifiably, unnecessarily, and without warning.  (Pl.'s Decl., ¶ 25.)   Defendants contend that this fact is undisputed to the extent that they understand this fact as: Defendant Lopez pepper-sprayed Plaintiff justifiably and necessarily because he refused to obey orders to get down. |
| 10 | 80. | Approximately 8-10 seconds after Defendant Lopez entered C-section and 3-5 seconds after Defendant Lopez began to pepper spray Plaintiff, Defendant Hightower arrived into C-section, walked over to where Defendant Lopez was pepper spraying Plaintiff and immediately began to spray Plaintiff with his state issued OC pepper spray intentionally, unjustifiably, unnecessarily, excessively, without warning and just because. (Pl.'s Decl. ¶ 26.)   Defendants contend this fact is undisputed to the extent that they understand this fact as: Defendant Hightower pepper-sprayed Plaintiff. |
| 17 | 128. | Plaintiff began to feel the severe burning from the OC pepper spray all over his body. (Pl.'s Decl., ¶ 29.) |
| 19 | 105. | Plaintiff's injuries were photographed by ISU C/O M. Mendoza and medically documented.   (Pl.'s Decl., ¶ 33.) |
| 21 | 126. | Plaintiff required seven staples to shut Plaintiff's wound.  (Pl.'s Decl., P¶ 41-42.) |
| 22 | 133. | Plaintiff continues to experience periods of itchiness, numbness, pain, stiffness and throbbing in Plaintiff's right knee as a result of the gunshot wound.    (Pl.'s Decl., ¶ 40.) |
| 24 | 116. | On August 16, 2010, Plaintiff was issued the RVR, Investigation Employee (IE) report, CDCR-115.  (Pl.'s Decl., ¶ 74.) |

**C.    Analysis**

In order to meet his burden on summary judgment, Plaintiff must come forward with evidence that establishes beyond dispute every element of his claim.  The unnecessary and wanton infliction of

pain violates the Cruel and Unusual Punishments Clause of the Eighth Amendment. Hudson v. McMillian, 503 U.S. 1 (1992)(citations omitted). For claims arising out of the use of excessive physical force, the issue is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Wilkins v. Gaddy, 559 U.S. 34, 37 (2010)(per curiam)(citing Hudson, 503 U.S. at 7)(internal quotation marks omitted); Furnace v. Sullivan, 705 F.3d 1021, 1028 (9th Cir. 2013). The objective component of an Eighth Amendment claim is contextual and responsive to contemporary standards of decency, Hudson, 503 U.S. at 8 (quotation marks and citation omitted), and although de minimis uses of force do not violate the Constitution, the malicious and sadistic use of force to cause harm always violates contemporary standards of decency, regardless of whether or not significant injury is evident, Wilkins, 559 U.S. at 37-8 (citing Hudson, 503 U.S. at 9-10)(quotation marks omitted). Oliver v. Keller, 289 F.3d 623, 628 (9th Cir. 2002).

The Court finds that Plaintiff has not met his burden on summary judgment. Plaintiff's undisputed facts establish that an incident occurred on July 8, 2010, involving two inmates and three correctional officers, that Plaintiff turned to look at the incident, that Defendant Lockard used a 40 mm launcher gun and shot one sponge round, hitting Plaintiff's right leg, that Defendants Hightower and Lopez pepper-sprayed Plaintiff.

As noted, the Court must draw all inferences in the light most favorable to the nonmoving party and determine whether a genuine issue of material fact precludes entry of judgment. City of Redondo Beach, 657 F.3d at 942. Plaintiff's evidence establishes that there was a prison disturbance involving inmates and correctional officers, that Defendant Lockard shot him with a 40 mm launcher gun, and that Defendants Hightower and Lopez pepper-sprayed Plaintiff. Plaintiff fails to come forward with evidence that establishes that any of the Defendants' conduct was sadistic, malicious, or undertaken for the very purpose of causing harm. Drawing inferences in the light most favorable to Defendants, the evidence establishes that Defendants were responding to a prison disturbance, and as a result, Plaintiff was shot with a sponge round and pepper-sprayed. Plaintiff has not come forward with evidence that establishes, beyond dispute, that Defendants' conduct was sadistic, malicious, or undertaken for the very purpose of causing harm. A reasonable inference could be drawn that

Defendants were responding to a prison disturbance, and not with the intent to subject Plaintiff to a sadistic and malicious use of force.

Further, Defendants have come forward with evidence that their conduct was taken in response to the need to maintain order and restore discipline. Defendants' exhibits attached to the declaration of counsel (ECF No. 167-4) establish that Plaintiff was standing by the podium when two other inmates became resistive during a cell search. (Ex. No. 1 at p. 19; Ex. No. 2 at 2:2-11; Ex. No. 3 at p. 2.) Plaintiff remained standing when all the inmates, including Plaintiff, were ordered to prone out. (Ex. No. 1 at p. 19; Ex. No. 2 at 3:305; Ex. No. 3 at pp. 2, 13, 15, 17.) Plaintiff then started moving toward the incident with his hand formed in a fist and, again, was ordered to prone out. (Ex. No. 1 at p. 19; Ex. No. 2 at 3:4-5, 5:5; Ex. No. 3 at pp. 13, 15.) Plaintiff disobeyed orders, refused to prone out, and maintained a fighting stance with clenched fists. (Ex. No. 1 at p. 19; Ex. No. 2 at 25-27; Ex. No. 3 at pp. 13, 15, 17.) As a result of Plaintiff's disobedience and threatening position, Defendant Lockard shot Plaintiff with a sponge round in the right leg. (Ex. No. 1 at p. 19; Ex. No. 2 at 4:9-12; Ex. No. 3 at 13.) Still, Plaintiff refused to prone out and Defendants Hightower and Lopez sprayed Plaintiff with pepper spray until Plaintiff followed orders to prone out. (Ex. No. 1 at p. 19; Ex. No. 2 at 6:8-10; Ex. No. 3 at pp. 13, 15, 17.) Defendants' evidence establishes that Plaintiff refused to prone out and moved towards an incident involving other resistive inmates. Defendants have therefore established a triable issue of fact as to whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm. Wilkins, 559 U.S. at 37. Plaintiff's motion for summary judgment should therefore be denied.

## IV.

## NEW CLAIMS

Plaintiff claims, in his motion for summary judgment, that Defendants made false allegations and filed false reports of assault on a peace officer to cover up their alleged unnecessary and excessive use of force. (ECF No. 156 at 64.) In his declaration in support of his motion for summary judgment, Plaintiff impermissibly attempts to plead a First Amendment retaliation claim expanding the scope of this action. (Pl.'s Decl. ¶ 33.)

7

1    Defendants correctly argue that Plaintiff cannot, for the first time, bring a new cause of action
2    in a motion for summary judgment.  At the summary judgment stage, a plaintiff may not amend a
3    complaint through argument in a motion for summary judgment.  Fed. R. Civ. P. 15(a); Gilmour v.
4    Gates, McDonald, and Co., 382 F.3d 1312, 1315 (11th Cir. 2004); Morin v. Moore, 309 F.3d 316, 323
5    (5th Cir. 2002); see also Ash v. Bank of America, N.A., 2014 WL 301027 (E.D. Cal. Jan. 28, 2014)
6    (plaintiffs cannot use summary judgment as a backdoor way to introduce the claim).

7    In his reply, Plaintiff does not respond to Defendants' argument regarding the retaliation claim,
8    or refer to a retaliation claim.  In response to Defendants' argument that Plaintiff raises the claim
9    regarding his disciplinary violation for the first time, Plaintiff argues that he did assert the claim in the
10   first amended complaint. (ECF No. 177 at 22:27.)   On October 11, 2013, a screening order was
11   entered, addressing the claims set forth by Plaintiff in the March 8, 2013 first amended complaint. The
12   screening order specifically addressed the deficiencies in Plaintiff's claims regarding his disciplinary
13   hearing.  (ECF No. 13 at 11:24-13:1.)    The order directed Plaintiff to either file an amended
14   complaint that corrected the deficiencies, or notify the Court of his willingness to proceed on the
15   cognizable claims and his willingness to dismiss the remaining claims.   On November 15, 2013,
16   Plaintiff filed a notice, indicating that he wished to proceed only on the excessive force and medical
17   care claims. (ECF No. 16.)[2]  On November 18, 2013, an order was entered, dismissing the remaining
18   claims and Defendants. (ECF No. 17.)  Plaintiff's claims regarding his disciplinary process and any
19   First Amendment claims are therefore not before the Court.

## V.
## JUDICIAL NOTICE

Plaintiff filed a Request for Judicial Notice in support of his motion for summary judgment. (ECF No. 157.)  Plaintiff requests that the Court take judicial notice of the structural design and layout of Kern Valley State Prison, Facility A yard, Building 8, C-section.  Plaintiff also seeks judicial notice of various sections of the CDCR Departmental Operations Manual (DOM), CDCR Forms 3013, 3014, verses in the Qur-an, and the daily temperature for Delano, California, on July 8, 2010.

---

[2] The medical care claim was dismissed by the District Court on  July 8, 2015. (ECF No. 131.)

1    The Court may take notice of facts that are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.  Fed. R. Evid. 201(b); United States v. Bernal-Obeso, 989 F.2d 33, 333 (9th Cir. 1993).   Plaintiff has failed to provide any information to support his request as required by Fed. R. Evid. 201(c)(2).  Plaintiff does not provide any information as to the source or accuracy of his proposed Exhibits attached to his request.  The Court cannot determine and Plaintiff does not present the relevancy for which to take judicial notice of the exhibits attached to Plaintiff's Request for Judicial Notice.  See, e.g., Turnacliff v. Westly, 546 F.3d 1113, 1120, fn. 4 (9th Cir. 2008) (deny request for judicial notice based on lack of relevancy); Ruiz v. City of Santa Maria, 160 F.3d 543, 548, fn. 13 (9th Cir. 1998) (same).  Plaintiff's request for judicial notice is therefore denied.

## VI.

## RECOMMENDATIONS

Based on the foregoing, it is HEREBY RECOMMENDED that Plaintiff's motion for summary judgment be DENIED.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **thirty (30) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **August 4, 2016**

UNITED STATES MAGISTRATE JUDGE