UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| C. DWAYNE GILMORE,<br><br>          Plaintiff,<br><br>     v.<br><br>C. LOCKARD, et al.,<br><br>          Defendants. | Case No.: 1:12-cv-00925-SAB (PC)<br><br>ORDER REGARDING MOTIONS IN LIMINE<br><br>(ECF No. 217) |

Plaintiff C. Dwayne Gilmore is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds against Defendants Lockard, Lopez, and Hightower for excessive force in violation of the Eighth Amendment. The claims arise out of events at Kern Valley State Prison ("KVSP") on July 8, 2010, when Plaintiff was shot with a sponge round and pepper sprayed. All parties have consented to the jurisdiction of a United States Magistrate Judge. (ECF Nos. 8, 199.) A jury trial is set for February 28, 2017 at 8:15 a.m.

On January 17, 2017, Defendants filed motions in limine. (ECF No. 217.) On January 27, 2017, the Court extended Plaintiff's deadline to file motions in limine and any written response to Defendants' motions, by February 8, 2017. (ECF No. 226.)

On February 13, 2017, the Court held a telephonic motions in limine hearing. Plaintiff appeared pro se, and Michelle L. Angus and Khaliah M. Burnley appeared on behalf of Defendants. Plaintiff stated at the hearing that he mailed a motion in limine and a written opposition to Defendants'

1

motions in limine on February 8, 2017. Neither the Court nor Defendants received those documents by the time of the February 13, 2017 hearing. Nevertheless, Plaintiff was heard orally at the hearing, and was instructed regarding making further, appropriate objections at trial.

## I.

## LEGAL STANDARD

"A motion in limine is a procedural mechanism to limit in advance testimony or evidence in a particular area." United States v. Heller, 551 F.3d 1108, 1111 (9th Cir. 2009). A party may use a motion in limine to exclude inadmissible or prejudicial evidence before it is actually introduced at trial. See Luce v. United States, 469 U.S. 38, 40 n.2 (1984). "[A] motion in limine is an important tool available to the trial judge to ensure the expeditious and evenhanded management of the trial proceedings." Jonasson v. Lutheran Child and Family Services, 115 F.3d 436,440 (7th Cir. 1997). A motion in limine allows the parties to resolve evidentiary disputes before trial and avoids potentially prejudicial evidence being presented in front of the jury, thereby relieving the trial judge from the formidable task of neutralizing the taint of prejudicial evidence. Brodit v. Cambra, 350 F.3d 985, 1004-05 (9th Cir. 2003).

Motions in limine that exclude broad categories of evidence are disfavored, and such issues are better dealt with during trial as the admissibility of evidence arises. Sperberg v. Goodyear Tire & Rubber, Co., 519 F.2d 708, 712 (6th Cir. 1975). Additionally, some evidentiary issues are not accurately and efficiently evaluated by the trial judge in a motion in limine and it is necessary to defer ruling until during trial when the trial judge can better estimate the impact of the evidence on the jury. Jonasson v. Lutheran Child and Family Services, 115 F.3d 436, 440 (7th Cir. 1997).

## II.

## MOTIONS IN LIMINE

### A. Defendants' Motions in Limine

Defendants seek to exclude: (1) evidence on the content of Plaintiff's medical records, unless he lays a proper foundation and explains the content through a qualified medical professional, and Plaintiff's opinions about the diagnosis, prognosis, or cause of his medical conditions or injuries; (2) evidence concerning sun exposure and delayed medical treatment; (3) evidence regarding the cause of

death of Officer Torres, and that Officer Torres was a defendant in this case; (4) Plaintiff's schematics of KVSP; (5) photographs of Plaintiff; (6) a report concerning the temperature for Delano, California on July 8, 2010; (7) Plaintiff's 602 appeal package asserting a staff complaint against Defendants for the subject incident; (8) the first level response to Plaintiff's appeal regarding medical staff's alleged failure to provide Plaintiff a decontamination shower; (9) evidence relating to Plaintiff's swollen ankles; (10) a page from Plaintiff's complaint in an unrelated action; (11) Defendants' responses and objections to Plaintiff's statement of undisputed facts in support of motion for summary judgment; and (12) Defendants' discovery responses, except for impeachment following proper questioning.

        1.    <u>Plaintiff's Medical Records and Plaintiff's Opinions About the Diagnosis, Prognosis, or Cause of his Medical Conditions and Alleged Injuries</u>

Defendants note that both parties have identified Plaintiff's medical records as potential exhibits. Defendants have also identified a medical expert, Dr. Kumar. Pursuant to Federal Rule of Evidence 701, Defendants oppose the use of any medical records as exhibit unless they are authenticated and discussed by a medical expert, such as Dr. Kumar. Defendants specifically seek to exclude Plaintiff from using his medical records identified as Plaintiff's Exhibits 3, 4 and 6-12 on this basis, (ECF No. 217-1, pp. 52-56, 61-85), as well as because they constitute inadmissible hearsay. Defendants also seek to preclude Plaintiff from offering any opinions or inferences from any medical records, or from offering any testimony or argument concerning his medical diagnoses, conditions, or cause of his medical conditions or alleged injuries.

"If a witness is not testifying as an expert, testimony in the form of an opinion is limited to one that is: (a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." Fed. R. Evid. 701.

As a non-expert witness, Plaintiff may testify as to what he saw or felt relating to his medical needs or condition, but may not testify as to any medical matter which requires scientific, technical or other specialized knowledge. Plaintiff also may not testify regarding his medical records. In sum, information regarding medical opinions and observations from medical records are hearsay, and may not be admitted without a testifying medical professional.

**Ruling**: Defendants' motion in limine is GRANTED IN PART. Plaintiff may not personally testify regarding a diagnosis, opinions, inferences or causation, and may not offer any opinions or inferences from any medical records. Plaintiff may testify as to what he observed and experienced as a result of the July 8, 2010 incident, and, if relevant, Plaintiff may also cross-examine any testifying medical expert about his condition.

2.   Evidence Concerning Sun Exposure and Delayed Medical Treatment

In Plaintiff's first amended complaint, he alleged that after he was pepper sprayed, he requested medical attention, feeling severe burning from the pepper spray. Officer Torres, a former defendant, allegedly forced Plaintiff to walk to the program office, and had him sit on hot asphalt outside that office for approximately 27 minutes. Plaintiff further alleged that he was then moved to the outside of medical services and was forced to sit on hot asphalt again while photographs were taken, after which he was decontaminated for about five minutes by Officer Torres.

On February 24, 2014, Defendants filed a notice of Officer Torres' death. (ECF No. 23.) Plaintiff filed several motions for substitution, (ECF Nos. 25, 28, 31, 43, 61, 89), each of which were denied, (ECF Nos. 26, 29, 32, 48, 63, 131). On July 8, 2015, the District Judge dismissed Officer Torres from the action, with prejudice, and also dismissed Plaintiff's claim for denial of adequate medical care in violation of the Eighth Amendment. (ECF No. 131.)

Defendants now seek to prohibit Plaintiff from introducing evidence at trial of the alleged events that occurred after he was pepper sprayed, including that he sat in the hot sun, that his body was blistered, and that he requested medical treatment. Defendants argue that this evidence should be excluded as irrelevant pursuant to Federal Rule of Evidence 402, because there are no longer any claims in the case concerning these matters. They further argue that the evidence should be excluded pursuant to Rule 403. Defendants argue that they would be forced to present rebuttal evidence about these allegations, which would confuse the jury and waste time on tangential issues.

Plaintiff argued in opposition that after he was pepper sprayed, he was taken outside while covered in pepper spray and the evidence concerning those events goes to his ongoing suffering.

Federal Rule of Evidence 402 provides that all relevant evidence is admissible and evidence that is not relevant is inadmissible. Rule 401 defines relevant evidence as "evidence having any

tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Rule 403 provides that relevant evidence may be excluded if it will cause prejudice, undue delay, a waste of time, or a needless presentation of cumulative evidence in the discretion of the Court. Obrey v. Johnson, 440 F.3d 691, 698 (9th Cir. 2005).

**Ruling**: Defendants' motion is DENIED. Plaintiff's allegations concerning these events after the pepper spray exposure may be relevant to the nature and extent of his injuries caused by the uses of force at issue. According to Plaintiff, he plans to assert that the OC pepper spray used on him interacted with the heat and sun causing increased pain. Further, he plans to assert that the delay in treatment allowed the pepper spray to permeate his wound, also causing increased injury and pain. Based on Plaintiff's theory, this evidence is relevant to Plaintiff's claimed damages.

Defendants argued that the decisions regarding escorting Plaintiff and decontaminating him were made by a deceased, former defendant—Officer Torres. The Court does not find that Officer Torres' death should preclude Plaintiff from offering relevant evidence here. As explained below, the Court will order that Plaintiff may not present evidence regarding Officer Torres' cause of death or that the claim against Officer Torres was dismissed. That ruling should limit any confusion of the issues or presentation of irrelevant evidence.

3. <u>Evidence Regarding the Cause of Death of Officer Torres, and that Officer Torres Was a Defendant in this Case</u>

Based on informal discussions between the parties, Defendants anticipate that Plaintiff intends to present evidence that Officer Torres' cause of death was suicide, which they argue is irrelevant, unduly prejudicial, would unnecessarily delay the trial, and that Plaintiff has no personal knowledge allowing him to offer any evidence of this matter. Fed. R. Evid. 401, 403.

Defendants also argue that Plaintiff should be precluded from offering evidence that Officer Torres was a named defendant in this action, and should be precluded from arguing that he was unable to pursue his claim against Officer Torres, as these issues are irrelevant legal matters. Fed. R. Evid. 401. Further, Defendants argue that the evidence or argument by Plaintiff that he was prevented from

1  pursuing his claim against Officer Torres may garner unfair sympathy from jurors and result in undue
2  prejudice. Fed. R. Evid. 403.

**Ruling**:  Defendants' motion in limine is GRANTED.  Plaintiff may not present evidence concerning Officer Torres' cause of death, or that Officer Torres' was a named defendant and that the claim against him was dismissed. Such evidence is not relevant, and is subject to exclusion under Rule 403. However, Plaintiff is not precluded from offering evidence about the factual events that occurred after he was pepper sprayed, as discussed above.

4. Plaintiff's Schematics of Kern Valley State Prison

Plaintiff has identified schematics of KVSP, Facility A, Building 8, C-section, as his Exhibit 2. (ECF No. 217-1, pp. 40-51.) Defendants object to Plaintiff's use of these schematics because it is not clear Plaintiff can authenticate them or otherwise lay a foundation for them.

Defendants further object to the handwritten notations on the schematic as hearsay, and because some of them are testimonial in nature. Some of these notations indicate various information, such as the location of people or things; distances and lengths between objects, people, and locations; and information about the facilities, such as the purpose of rooms or areas and the numbers of cells.

An inquiry into authenticity concerns the genuineness of an item of evidence, not its admissibility. Orr v. Bank of America, NT & SA, 285 F.3d 764, 776 (9th Cir. 2002) (citing Fed. R. Evid. 901(a)). Rule 901 of the Federal Rules of Evidence provides that evidence may be authenticated by "[t]he appearance, contents, substance, internal patterns, or other distinctive characteristics of the item, taken together with all the circumstances," Fed. R. Evid. 901(b)(4), and documents may be authenticated by review of their contents if they appear to be sufficiently genuine, Las Vegas Sands, LLC, 632 F.3d at 533 (citing Orr, 285 F.3d at 778 n. 24) (quotation marks omitted).

A handwritten document may be authenticated through testimony of a witness who has personal knowledge that the document is what the proffering party claims it to be, Fed. R. Evid. 901(b)(1); Pahl v. Commissioner, 150 F.3d 1124, 1132 (9th Cir. 1998). The trial court must be satisfied that the document in question is accurate, authentic, and generally trustworthy. United States v. Panaro, 266 F.3d 939, 951 (9th Cir. 2001). Also, Plaintiff may proffer testimony only regarding matters that are within his personal knowledge. Fed. R. Evid. 602.

Hearsay is an out-of-court statement offered in evidence to prove the truth of the matter asserted. Fed. R. Evid. 801(c). Unless hearsay is subject to a hearsay exception, it is not admissible. Fed. R. Evid. 802, 803.

**Ruling**: Defendants' motion is GRANTED IN PART. Each of the schematics Plaintiff proposes contain notations that appear to be testimonial in nature and discuss Plaintiff's version of events. These notations are mainly located in the lower left-hand corner of the schematics. These notations are hearsay, and may not be admitted.

Assuming the hearsay statements were to be removed from the schematics, the Court defers its ruling at this time as to whether the schematics may otherwise be admitted, depending on whether Plaintiff is able to properly authenticate and lay a foundation for each schematic he seeks to introduce into evidence at trial.

5.  Photographs of Plaintiff

Plaintiff identified six photographs of himself, titled as "Photos of Plaintiff's Gunshot Wound and Plaintiff Covered in Pepper Spray," as Exhibit 5. (ECF No. 217-1, pp. 57-60.) Each photograph has handwritten notations describing what Plaintiff asserts is depicted in the photograph.

Defendants object to the introduction of the photographs on the grounds that Plaintiff cannot lay the foundation for the photographs, they are not properly authenticated, and because the handwritten notations are hearsay.

**Ruling**: Defendants' motion is GRANTED IN PART. The handwritten notations describing what Plaintiff assert is depicted in the photographs are hearsay, and may not be admitted.

As to Defendants' authenticity objection, Defendants have not argued that these pictures are not of Plaintiff around the time of the events at issue, and the objection appears to be purely procedural. Courts generally view objections based on authentication skeptically in the absence of an indication that the document's authenticity is genuinely in dispute. See Chamberlain v. Les Schwab Tire Center of California, Inc., No. 2:11-cv-03105-JAM-DAD, 2012 WL 6020103, at *2 (E.D. Cal. Dec. 3, 2012); see also Burch v. Regents of the University of California, 433 F. Supp.2d 1110, 1120-1121 (E.D. Cal. 2006). That specific objection is overruled.

///

Assuming the hearsay statements were to be removed from the photographs, the Court defers its ruling at this time as to whether the photographs may otherwise be admitted, depending on whether Plaintiff is able to properly lay a foundation for each photograph he seeks to introduce at trial.

6.  Report Concerning the Temperature for Delano, California on July 8, 2010

Plaintiff identified as Exhibit 13 a report titled, "Delano, California 7/8/2010 Daily Temperature Summary," provided by Weather Source, LLC. (ECF No. 217-1, pp. 86-96.) The ten-page report discusses temperatures, humidity, winds, and other weather conditions. It states that the weather data comes from the United States Government's National Oceanic and Atmospheric Administration, specifically the National Climate Data Center and the National Weather Service.

Defendants argue this exhibit should be excluded because it is irrelevant since this action does not involve the events that occurred outside of the dayroom on July 8, 2010. They further argue that this evidence would confuse the jury, waste time, constitutes hearsay, and lacks foundation.

**Ruling**: Defendants' motion is DENIED. As discussed above in section II.A.2, evidence of Plaintiff's exposure to sun and heat may be relevant to the nature and extent of Plaintiff's injuries. Nor does the Court find objections on hearsay and foundation grounds persuasive here. Defendants do not dispute the accuracy of this weather data, but rather dispute the inferences Plaintiff intends to make using this data, which is a not a sufficient ground for precluding this evidence.[1]

The Court's determination regarding whether the presentation of evidence on these matters is too tangential or becomes a waste of time is deferred until trial. Defendants may re-raise an appropriate objection at that time.

The parties are also reminded that they may stipulate to facts regarding the weather, and may request that the Court take judicial notice of facts which are not reasonably disputed. See Fed. R. Evid.

---

[1] When weather information is not reasonably disputed, courts have taken judicial notice of data from sources such as those referenced in this report, under Federal Rule of Evidence 201. See Fed. R. Evid. 201(b) ("The court may judicially notice a fact that is not subject to reasonable dispute because it . . . (2) can be accurately and readily determined form sources whose accuracy cannot be reasonably questioned."). See also Cty. of Stanislaus v. Travelers Indem. Co., 142 F. Supp. 3d 1065, 1074 n.3 (E.D. Cal. 2015) (taking judicial notice of rainfall data and data on cresting of Toulumne River from Department of Water Resources and National Weather Services Advanced Hydrologic Prediction Services, respectively); Sanchez v. City of Fresno, No. 1:12–00428-LJO-SKO, 2014 WL 2042058, at *2 (E.D. Cal. May 16, 2014) (taking judicial notice of weather information from the National Climate Data Center).

201(b), (c). Further, the Court must instruct the jury to accept noticed facts as conclusive. Fed. R. Evid. 201(f).

7.  Plaintiff's 602 Appeal Package Asserting a Staff Complaint Against Defendants

Plaintiff has identified a 602 appeal package, log number KVSP-10-01442, regarding his staff complaint against Defendants for the subject incident, as Exhibit 18. (ECF No. 217-2, pp. 12-21.) Defendants seek to exclude this evidence because it contains multiple levels of inadmissible hearsay.

**Ruling**:  Defendants' motion is GRANTED. The fact that Plaintiff made a staff complaint and engaged in the administrative grievance process after the events at issue does not tend to prove or disprove whether Defendants used excessive force. Fed. R. Evid. 401. The documents also contain inadmissible hearsay.

In the event the 602 is necessary for impeachment or other permissible purpose, Plaintiff may raise the issue at trial and the matter will be considered outside the presence of the jury.

8.  The First Level Response to Plaintiff's Appeal Regarding Medical Staff's Alleged Failure to Provide Plaintiff a Decontamination Shower

Plaintiff has identified a first level response to his 602 appeal, log number KVSP-34-10-12593, regarding his allegation that he was not provided a decontamination shower after he was exposed to pepper spray, as Exhibit 20. (ECF No. 217-2, pp. 36-37.) Defendants seek to exclude this exhibit because it is irrelevant, confuses the issues, would result in a waste of time, and contains inadmissible hearsay.

**Ruling**:  Defendants' motion is GRANTED. This response to Plaintiff's inmate appeal concerning his alleged lack of a decontamination shower is irrelevant to whether Defendants used excessive force. Fed. R. Evid. 401. The document also contains inadmissible hearsay.

9.  Evidence Relating to Plaintiff's Swollen Ankles

Plaintiff has identified as Exhibits 21-24 evidence related to a September 11, 2008 incident concerning a swollen ankle, including a 602 appeal, letters to and from the Office of Internal Affairs, and letters from the warden of KVSP. (ECF No. 217-2, pp. 38-56.) The evidence concerns a grievance against Defendant Lockard and other prison officials by Plaintiff, that on September 11, 2008, Plaintiff

complained of swollen ankles, but the prison officials denied him treatment and instead harassed Plaintiff.

Defendants object to this evidence as Plaintiff is not claiming any ankle injury from the July 8, 2010 incident at issue in this case, making the evidence irrelevant. Further, Defendants object that the evidence constitutes inadmissible hearsay, lacks authentication, and will result in an undue waste of time, mislead the jury, and confuse the issues.

Plaintiff argued that this evidence can be used to show Defendant Lockard's motive in this case. Specifically, Plaintiff asserted that this evidence shows that Defendant Lockard found "a loophole" to "do what he wants to do" against Plaintiff.

Federal Rule of Evidence 404(b) makes evidence of other wrongs or acts inadmissible to provide "the character of a person in order to show action in conformity therewith," but may be admissible for other purposes, such as "proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Fed. R. Evid. 404(b); see also Fed. R. Evid. 405(b) (character evidence may be admissible if it is an essential element of the claim). Under Rule 404(b), "the district court may admit evidence of prior bad acts if it (1) tends to prove a material point; (2) is not too remote in time; (3) is based upon sufficient evidence; and, (4) in some cases, is similar to the offense charged." United States v. Lozano, 623 F.3d 1055, 1059 (9th Cir. 2010).

**Ruling**: Defendants' motion in limine is GRANTED. As Plaintiff describes it, he intends to use this evidence to show that Defendant Lockard or other prison officials committed some wrongful conduct against him in September 2008. These alleged events and the events at issue in this case occurred over a year and nine months apart, and there appears to be no connection between the two events other than that they involve some of the same parties. Thus, the prior incident does not tend to establish any motive here, but would only be relevant as a prior bad act showing a propensity to cause harm to Plaintiff. Such evidence is impermissible character evidence, and is not admissible to show that any Defendant acted improperly on the date in question in this case.

10.  Page From Plaintiff's Complaint in an Unrelated Action

Plaintiff identified as Exhibit 25 the first page of the complaint in an unrelated action, Gilmore v. Esparza, Case No. 1:09-cv-01799-GSA (E.D. Cal.). (ECF No. 217-2, pp. 57-58.) The docket from

that action shows that it concerns the September 11, 2008 swollen ankle incident discussed above.[2]

Defendants argue that this evidence should be excluded because it is irrelevant and constitutes inadmissible hearsay. They further argue that allowing this evidence would require them to rebut it, resulting in an undue waste of time, misleading the jury, and confusion of the issues.

**Ruling**:  Defendants' motion in limine is GRANTED, for the reasons discussed above in section II.A.9, and because evidence of litigation regarding other incidents that are not relevant is not admissible.

11. <u>Defendants' Responses and Objections to Plaintiff's Statement of Undisputed Facts in Support of Motion for Summary Judgment</u>

Plaintiff has identified as Exhibit 26 the Defendants' Responses and Objections to Plaintiff's Separate Statement of Undisputed Facts in Support of Defendants' Opposition to Plaintiff's Motion for Summary Judgment. (ECF No. 217-2, pp. 59-100, ECF Non. 217-3, pp. 1-18.) The document contains handwritten notations by Plaintiff commenting on the statements in the document.

Defendants move to exclude this evidence as inadmissible hearsay, irrelevant, and because its use would cause an undue waste of time, mislead the jury, and confuse the issues.

**Ruling**:  Defendants' motion is GRANTED. As Defendants argue, the statements in this document are argument by counsel regarding Plaintiff's motion for summary judgment, such as which facts were disputed and undisputed, and legal objections to certain evidence offered at that stage. Arguments by counsel are not evidence, and may not be admitted as evidence. Further, Plaintiff's notations that certain factual statements in the document are disputed, invalid, or can be disproved are also argument, not evidence, and may not be admitted.

12. <u>Defendants' Discovery Responses</u>

Plaintiff has identified Defendants' discovery responses as Exhibits 27-31. (ECF No. 217-3, pp. 19-108.) Defendants object to the introduction of these responses as evidence on the grounds that it is overbroad, irrelevant, inadmissible hearsay, and would cause confusion to the jury and an undue waste of time. They assert that each discovery request and response would need to be reviewed for

---

[2] See <u>Reyn's Pasta Bella, LLC v. Visa USA, Inc</u>., 442 F.3d 741, 746 n.6 (9th Cir. 2006) (courts "may take judicial notice of court filings and other matters of public record.")

relevancy and admissibility, which would lead to undue delay and a needless presentation of cumulative evidence. Defendants argue that Plaintiff's use of the responses should be limited to impeachment, following proper questioning.

**Ruling**: The Court reserves ruling on Defendants' motion as the Court cannot determine, at this juncture, the relevance of any discovery responses.

IT IS SO ORDERED.

Dated: __February 13, 2017__

UNITED STATES MAGISTRATE JUDGE