1
2
3
4
5
6
7
8                    **UNITED STATES DISTRICT COURT**
9                    **EASTERN DISTRICT OF CALIFORNIA**
10

11   C. DWAYNE GILMORE,                  )   Case No.: 1:12-cv-00925-SAB (PC)
                                          )
12              Plaintiff,                )
                                          )
13      v.                                )   ORDER REGARDING TENTATIVE RULINGS
                                          )   PLAINTIFF'S MOTIONS IN LIMINE
14   C. LOCKARD, et al.,                  )
                                          )   (ECF No. 239)
15              Defendants.               )
                                          )   Telephonic Motion in Limine Hearing:
16                                        )   **February 27, 2017, at 3:45 p.m. in Courtroom 9**
                                          )
17   _____)

18        Plaintiff C. Dwayne Gilmore is appearing pro se and in forma pauperis in this civil rights

19   action pursuant to 42 U.S.C. § 1983. This action proceeds against Defendants Lockard, Lopez, and

20   Hightower for excessive force in violation of the Eighth Amendment. The claims arise out of events at

21   Kern Valley State Prison ("KVSP") on July 8, 2010, when Plaintiff was shot with a sponge round and

22   pepper sprayed. All parties have consented to the jurisdiction of a United States Magistrate Judge.

23   (ECF Nos. 8, 199.) A jury trial is set for February 28, 2017 at 8:15 a.m.

24        On February 13, 2017, the Court held a telephonic motions in limine hearing. Plaintiff stated at

25   the hearing that he mailed a motion in limine on February 8, 2017. Neither the Court nor Defendants

26   received those documents by the time of the hearing.

27        After the hearing, the Court received Plaintiff's motions in limine, which was filed on February

28   13, 2017, and entered on February 14, 2017. (ECF No. 239). Because of the prior proceedings here,

                                           1

and to avoid any undue prejudice to either party in preparing their presentation of the evidence, the Court finds it appropriate to issue the following tentative rulings on Plaintiff's motions in limine.

The parties may file any written objections to the tentative rulings in this order by **February 23, 2017**. The Court will also hold a telephonic hearing on Plaintiff's motions in limine on **February 27, 2017, at 3:45 p.m.** in Courtroom 9, before the undersigned. If the Court is not swayed by the written objections or by the arguments at the hearing, this tentative ruling will become final, and the parties should be prepared at trial for such a ruling.[1]

## I.

## LEGAL STANDARD

"A motion in limine is a procedural mechanism to limit in advance testimony or evidence in a particular area." United States v. Heller, 551 F.3d 1108, 1111 (9th Cir. 2009). A party may use a motion in limine to exclude inadmissible or prejudicial evidence before it is actually introduced at trial. See Luce v. United States, 469 U.S. 38, 40 n.2 (1984). "[A] motion in limine is an important tool available to the trial judge to ensure the expeditious and evenhanded management of the trial proceedings." Jonasson v. Lutheran Child and Family Services, 115 F.3d 436,440 (7th Cir. 1997). A motion in limine allows the parties to resolve evidentiary disputes before trial and avoids potentially prejudicial evidence being presented in front of the jury, thereby relieving the trial judge from the formidable task of neutralizing the taint of prejudicial evidence. Brodit v. Cambra, 350 F.3d 985, 1004-05 (9th Cir. 2003).

Motions in limine that exclude broad categories of evidence are disfavored, and such issues are better dealt with during trial as the admissibility of evidence arises. Sperberg v. Goodyear Tire & Rubber, Co., 519 F.2d 708, 712 (6th Cir. 1975). Additionally, some evidentiary issues are not accurately and efficiently evaluated by the trial judge in a motion in limine and it is necessary to defer ruling until during trial when the trial judge can better estimate the impact of the evidence on the jury. Jonasson v. Lutheran Child and Family Services, 115 F.3d 436, 440 (7th Cir. 1997).

---

[1] The Court understands that Plaintiff may be in transit for trial during the period provided for objections to these tentative rulings, and as a result may be prevented from filing written objections by the deadline provided. As noted, he will nevertheless be granted an opportunity to be heard orally at the telephonic hearing.

## II.

## MOTIONS IN LIMINE

### A.      Plaintiff's Motions in Limine

Plaintiff seeks to exclude: (1) portions of the CDCR 837, Crime/Incident Report, incident log no. KVSP-FA8-10-07-0403; (2) portions of Plaintiff's records from the Inmate/Parole Appeals Tracking System, for Level I and II Appeal Listing from KVSP, and Level III Appellant Appeal History from Office of Appeals; (3) CDCR Form 602, Inmate/Parolee Appeal, log no. KVSP-10-01736, and CDCR Form 602, Inmate/Parole Appeal, log no. KVSP-10-02168; (4) photographs and diagrams of Facility A-8, Building A, that have not been provided to Plaintiff.

### 1.      CDCR 837, Crime/Incident Report, Incident Log No. KVSP-FA8-10-07-0403

Plaintiff moves to exclude the statements from non-testifying individuals recorded in the CDCR 837, Crime/Incident Report, incident log no. KVSP-FA8-10-07-0403, as inadmissible hearsay. Specifically, he seeks to exclude the statements on pages 1, 2, 4, 5, 10, 11, 17, 20-22, 25, 28 and 29 from this report. These statements concern various versions of the events at issue in this case that occurred on July 8, 2010. Plaintiff further argues that the admission of these statements is unduly prejudicial, that the jury may be confused by them, and because the evidence is irrelevant.

 Federal Rule of Evidence 402 provides that all relevant evidence is admissible and evidence that is not relevant is inadmissible. Rule 401 defines relevant evidence as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Rule 403 provides that relevant evidence may be excluded if it will cause prejudice, undue delay, a waste of time, or a needless presentation of cumulative evidence in the discretion of the Court. Obrey v. Johnson, 440 F.3d 691, 698 (9th Cir. 2005).

Hearsay is an out-of-court statement offered in evidence to prove the truth of the matter asserted.  Fed. R. Evid. 801(c).  Unless hearsay is subject to a hearsay exception, it is not admissible. Fed. R. Evid. 802, 803.

Under Federal Rule of Evidence 803(6), hearsay contained in certain records made as a regular practice of a business may be admissible. "For a memorandum or record to be admissible as a business

record, it must be (1) made by a regularly conducted business activity, (2) kept in the "regular course" of that business, (3) "the regular practice of that business to make the memorandum," (4) and made by a person with knowledge or from information transmitted by a person with knowledge." <u>Clark v. City of Los Angeles</u>, 650 F.2d 1033, 1037 (9th Cir. 1981) (citing Fed. R. Evid. 803(6)). The basis of this exception is that "accuracy is assured because the maker of the record relies on the record in the ordinary course of business activities." <u>Id</u>. (citing Advisory Committee Note to Rule 803(6)). However, this exception does not apply where a record was made solely for the purpose of litigation, and not for routinely conducting business, because such a document is lacking in trustworthiness. <u>Id</u>. at 1037 (citing <u>Palmer v. Hoffman</u>, 318 U.S. 109, 63 S. Ct. 447 (1943)).

**Tentative Ruling**:  Plaintiff's motion in limine is tentatively GRANTED. Although the report discusses the events at issue and is therefore generally relevant, if the statements in the report are offered to prove that the events happened as described in those documents, those statements are hearsay. To the extent the report is offered under the business record exception to the rule excluding hearsay, it does not qualify for that exception. The report was created for the purpose of litigation, and therefore lacks the assurances of trustworthiness associated with routine business records relied upon for the day-to-day operations of a business. <u>See</u> <u>Palmer v. Hoffman</u>, 318 U.S. at 113, 63 S. Ct. at 480-81 ("[T]hat a company makes a business out of recording its employees' versions of their accidents does not put those statements in the class of records made 'in the regular course' of the business. . . .").

2.   <u>Evidence of Plaintiff's Appeals from Inmate/Parole Appeals Tracking System</u>

Plaintiff moves to exclude portions of his records from the Inmate/Parole Appeals Tracking System, for Level I and II Appeal Listing from KVSP ("Level I and II Appeals Report"), and Level III Appellant Appeal History from Office of Appeals ("Level III Appeals Report"). The Level I and II Appeals Report sets forth Plaintiff's Level I and Level II inmate appeals received at KVSP from May 8, 2006 through November 21, 2011, including information about the issue presented, the log number, when they were completed, and the disposition. The Level III Appeals Report sets forth Plaintiff's Level III inmate appeals received by the Office of Appeals from May 8, 2003 through November 19,

2016, including those that were accepted and screened out, with information about the issue addressed, the log number, the closed date, and the disposition.

Plaintiff argues that this evidence is irrelevant, except for the entries on page four of the Level I and II Appeals Report, and on page 1 of the Level III Appeals Report for the staff complaint he made regarding the events at issue. Plaintiff further argues that the admission of this evidence would confuse the issues, mislead the jury, and waste time. He asserts that the admission of this evidence would cause him to be required to produce evidence related to all of the other appeals and explain the facts of those appeals, to show they are irrelevant to the July 8, 2010 events. Plaintiff further argues that this evidence is particularly irrelevant here because the Defendants are not arguing that Plaintiff failed to exhaust his administrative remedies as a defense.

**Tentative Ruling**:  Plaintiff's motion is tentatively GRANTED. Plaintiff's history of inmate appeals that are unrelated to the July 8, 2010 events is irrelevant to this action, and inadmissible. The subject matter, investigation, and disposition of those appeals is immaterial to Defendants' actions here, and the admission of such evidence would also cause confusion, waste time, and mislead the jury about the facts and issues to be determined at trial.

      3.     CDCR Form 602, Inmate/Parolee Appeal, Log No. KVSP-10-01736, and
                <u>CDCR Form 602, Inmate/Parole Appeal, Log No. KVSP-10-02168</u>

Plaintiff moves to exclude CDCR Form 602, Inmate/Parolee Appeal, log no. KVSP-10-01736 ("1736 Appeal"), and CDCR Form 602, Inmate/Parole Appeal, log no. KVSP-10-02168 ("2168 Appeal"), as needlessly cumulative evidence. The 1736 Appeal concerns Plaintiff's placement in Ad Seg on July 8, 2010 after being charged with a CDCR Form 115 Rules Violation Report ("RVR") for battery on a peace officer. The 2168 Appeal pertains to the disciplinary hearing process for the RVR issued to Plaintiff on July 8, 2010. The documents submitted are both Plaintiff's Form 602s and the appeals examiners decisions regarding those appeals.

Plaintiff argues that both parties have also identified as an exhibit CDCR Form 602, Inmate/Parolee Appeal, log no. KVSP-O-10-01442 ("1442 Appeal"), and the introduction of the other 602s he seeks to exclude would be needlessly cumulative of that evidence that the parties agree upon. Plaintiff further argues that the 1442 Appeal is sufficient to establish the consequential facts and is

more complete than the 1736 Appeal, and that both the 1736 Appeal and the 2168 Appeal contains multiple levels of inadmissible hearsay.

**Tentative Ruling**:  Plaintiff's motion is tentatively GRANTED. Also, as discussed in the February 13, 2017 order on Defendants' motion to exclude the 602 appeal package for the 1442 Appeal, that appeal is excluded as well. The fact that Plaintiff made staff complaints and engaged in the administrative grievance process after the events at issue does not tend to prove or disprove whether Defendants used excessive force. Fed. R. Evid. 401. The documents also contain inadmissible hearsay.

In the event any of these 602 appeals packages are necessary for impeachment or other permissible purpose, the parties may raise the issue at trial, and the matter will be considered outside the presence of the jury.

    4.    <u>Photographs and Diagrams of Facility A-8, Building A</u>

Plaintiff moves to exclude Defendants from introducing into evidence photographs and diagrams of Facility A-8, Building A that were not exchanged with him prior to trial, on the grounds that security purposes preclude such items from being provided to Plaintiff. Plaintiff admits that Defendants stated that Plaintiff may contact his counselor to make arrangements to view the photographs and diagrams. (ECF No. 239, pp. 20-21.) Nevertheless, Plaintiff argues that he is prejudiced because his assigned counselor did not have the evidence, and that he is at a disadvantage for not being able to view this evidence until trial starts.

**Tentative Ruling**:  Plaintiff's motion is tentatively DENIED. Defendants' concerns regarding prison safety and security are well taken, as the Court recognizes the potential dangers associated with inmates possessing photographs and diagrams of a particular prison. Further, the Court finds that the Defendants' interest in prison safety and security outweighs Plaintiff's marginal, if any, disadvantage from not being able to view these photographs and diagrams in advance of the beginning of trial.

///

///

///

///

**III.**

**CONCLUSION**

Accordingly, it is HEREBY ORDERED that:

1.      Plaintiff's motions <u>in</u> <u>limine</u> are tentatively granted and denied, without prejudice, as described above;

2.      The parties may file written objections to these tentative rulings by **February 23, 2017**;

3.      A telephonic hearing on Plaintiff's motions in limine will be held on **February 27, 2017, at 3:45 p.m. in Courtroom 9**, before the undersigned. Counsel for Defendants is directed to arrange for telephone contact with Plaintiff and to contact the Courtroom Deputy, Mamie Hernandez, at (559) 499-5672, prior to the hearing date, to receive instructions regarding the conference call; and,

4.      **If the Court is not swayed by the written objections and/or by the arguments at the hearing, this tentative ruling will become final, and the parties should be prepared at trial for such a ruling**.

IT IS SO ORDERED.

Dated:   **February 16, 2017**

UNITED STATES MAGISTRATE JUDGE

7