1

2

3

4

5

6

7

8                              **UNITED STATES DISTRICT COURT**

9                              **EASTERN DISTRICT OF CALIFORNIA**

10

11    C. DWAYNE GILMORE,                    )    Case No.: 1:12-cv-00925-SAB (PC)
                                            )
12                   Plaintiff,             )
                                            )
13           v.                             )    ORDER REGARDING PLAINTIFF'S
                                            )    OPPOSITION TO DEFENDANTS' MOTIONS IN
                                            )    LIMINE
14    C. LOCKARD, et al.,                   )
                                            )    (ECF No. 238)
15                   Defendants.            )
                                            )
16                                          )
                                            )
17    _____  )

18                                            **I.**

19                                    **INTRODUCTION**

20           Plaintiff C. Dwayne Gilmore is appearing pro se and in forma pauperis in this civil rights

21    action pursuant to 42 U.S.C. § 1983. This action proceeds against Defendants Lockard, Lopez, and

22    Hightower for excessive force in violation of the Eighth Amendment. The claims arise out of events at

23    Kern Valley State Prison ("KVSP") on July 8, 2010, when Plaintiff was shot with a sponge round and

24    pepper sprayed. All parties have consented to the jurisdiction of a United States Magistrate Judge.

25    (ECF Nos. 8, 199.) A jury trial is set for February 28, 2017 at 8:15 a.m.

26           On February 13, 2017, the Court held a telephonic hearing on Defendants' motions in limine.

27    Plaintiff stated at the hearing that he mailed an opposition to Defendants' motions in limine on

28    February 8, 2017. Neither the Court nor Defendants received that opposition by the time of the

                                                 1

hearing. Nevertheless, Plaintiff was permitted an opportunity to oppose the motions orally at the hearing.

Following the hearing, on February 13, 2017, the Court issued an order ruling on Defendants' motions in limine. (ECF No. 236.) That order was entered the next day.

After the hearing concluded and after the Court issued its order ruling on Defendants' motions in limine, the Court received Plaintiff's written opposition to those motions, which was filed on February 13, 2017 and entered on February 14, 2017. (ECF No. 238). In an abundance of caution, the Court will consider and address Plaintiff's written opposition to Defendants' motions in limine, to the extent the issues raised in the written opposition were not addressed at the hearing.

## II.

### DISCUSSION

1.  Plaintiff's Medical Records and Plaintiff's Opinions About the
    Diagnosis, Prognosis, or Cause of His Medical Conditions and Alleged Injuries

Defendants moved to exclude Plaintiff from presenting any medical records as exhibit unless they are authenticated and discussed by a medical expert, and to preclude Plaintiff from offering any opinions or inferences from any medical records, or from offering any testimony or argument concerning his medical diagnoses, conditions, or cause of his medical conditions or alleged injuries.

The Court granted this motion in part. Specifically, it ordered that Plaintiff may not personally testify regarding a diagnosis, opinions, inferences or causation, and may not offer any opinions or inferences from any medical records. Plaintiff may testify as to what he observed and experienced as a result of the July 8, 2010 incident, and, if relevant, Plaintiff may also cross-examine any testifying medical expert about his condition. (ECF No. 236, p. 4.)

In his written opposition, Plaintiff raises some concerns about the specific testimony he may give, such as whether he can testify about the following: the time he was seen by medical staff for injuries, the location and a description of his injuries, the treatment he requested and received, his pain at the time of his injuries and any pain and symptoms that he is still experiencing from his injuries. To clarify, none of this testimony would be precluded by the ruling. Plaintiff may testify as to what happened to him, when it happened, how he felt, and other facts about what he personally observed

1    and experienced. However, Plaintiff has not demonstrated that he qualifies as a medical expert and

2    cannot provide a medical opinion, such as his interpretation of medical test results, medical records,

3    and diagnoses. The Court finds no grounds in the written opposition for reconsidering its ruling on this

4    motion.

5         Plaintiff also requests that the Court appoint an impartial medical expert to "level the playing

6    field." (ECF No. 238, p. 5.)

7         Federal Rule of Evidence 706 authorizes courts, within their discretion, to appointment a

8    neutral, independent expert witness. Fed. R. Evid. 706(a); Walker v. Am. Home Shield Long Term

9    Disability Plan, 180 F.3d 1065, 1071 (9th Cir. 1999). Rule 706 does not contemplate court

10   appointment and compensation of an expert witness as an advocate for any party. Brooks v. Tate, 2013

11   WL 4049043, *1 (E.D. Cal. Aug. 7, 2013) (denying appointment of medical expert on behalf of state

12   prisoner in section 1983 action); Gorrell v. Sneath, 2013 WL 3357646, * 1 (E.D. Cal. Jul. 3, 2013)

13   (purpose of court-appointed expert is to assist the trier of fact, not to serve as an advocate for a

14   particular party).

15        Here, the case concerns Plaintiff's claim that excessive force was used. There are no complex

16   scientific or medical issues that require the explanation or elucidation of a medical expert here.

17   Plaintiff may testify as to his injures, pain, and symptoms caused by the use of force. Further, he seeks

18   the appointment of a medical expert as an advocate to "level the playing field," rather than as a neutral

19   expert, which is not an appropriate reason for appointing an expert under Rule 706. Plaintiff's request

20   is therefore denied.

21        2.    Other Rulings on Defendants' Other Motions In Limine

22        The other issues Plaintiff raises in his written objection to Defendants' motions in limine were

23   sufficiently addressed at the hearing, and the Court finds no need for further discussion here. Nor is

24   there any grounds raised in Plaintiff's objections to reconsider any of those rulings at this time.

25   ///

26   ///

27   ///

28   ///

### III.

### CONCLUSION

For the foregoing reasons, it is HEREBY ORDERED that the rulings in the Court's February 13, 2017 order on Defendants' motions <u>in</u> <u>limine</u> stand, over the objections raised in Plaintiff's written opposition, filed February 13, 2017.

IT IS SO ORDERED.

Dated:   **February 17, 2017**                                            

                                          UNITED STATES MAGISTRATE JUDGE