# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| C. DWAYNE GILMORE,<br><br>    Plaintiff,<br><br>    v.<br><br>C. LOCKARD, et al.,<br><br>    Defendants. | Case No. 1:12-cv-00925-SAB (PC)<br><br>ORDER VACATING DECEMBER 3, 2015 ORDER, GRANTING PLAINTIFF'S MOTION TO WITHDRAW CONSENT TO MAGISTRATE JUDGE JURISDICTION, AND REASSIGNING ACTION TO DISTRICT JUDGE LAWRENCE J. O'NEILL AND MAGISTRATE STANLEY A. BOONE<br><br>(ECF Nos. 151, 153)<br><br>ORDER DIRECTING CLERK OF COURT TO REASSIGN CASE TO DISTRICT JUDGE LAWRENCE J. O'NEILL AND MAGISTRATE STANLEY A. BOONE<br><br>ORDER DIRECTING DEFENDANTS TO FILE AND SERVE A SUGGESTION OF DEFENDANT TORRES' DEATH ON PLAINTIFF AND DEFENDANT TORRES' SUCCESSOR OR PERSONAL REPRESENTATIVE<br><br>**THIRTY (30) DAY DEADLINE** |

Plaintiff C. Dwayne Gilmore is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds against Defendants Lockard, Lopez, Hightower, and Torres for excessive force, and against Defendant Torres for deliberate indifference to serious medical needs, in violation of the Eighth Amendment.

**I.    Procedural Background**

On June 7, 2012, Plaintiff initiated this action. (ECF No. 1.)

On June 29, 2012, Plaintiff consented to the jurisdiction of a magistrate judge pursuant to

1

28 U.S.C. § 636(c). (ECF No. 8.)

On November 18, 2013, the Court ordered that this action proceed only against Defendants Lockard, Lopez, Hightower, and Torres for excessive force, and against Defendant Torres for denial of adequate medical care and directed that service of summons and Plaintiff's first amended complaint was appropriate for Defendants Lockard, Lopez, Hightower, and Torres. (ECF No. 17.)

On February 24, 2014, the Deputy Attorney General representing Defendants Lopez and Hightower filed a notice stating that Defendant Torres had died. (ECF No. 23.) The notice stated that it was being made under Federal Rule of Civil Procedure 25(a). (Id.)

On March 5, 2014, March 17, 2014, April 4, 2014, May 16, 2014, and July 17, 2014, Plaintiff filed five motions to substitute Defendant Torres. (ECF Nos. 25, 28, 31, 43, 61.)

On March 6, 2014, March 21, 2014, April 17, 2014, May 20, 2014, and July 25, 2014, the Court denied each of Plaintiff's motions to substitute Defendant Torres without prejudice. (ECF Nos. 26, 29, 32, 48, 63.)

On April 4, 2014, Defendants Hightower and Lopez filed an answer to Plaintiff's first amended complaint. (ECF No. 30.)

On May 15, 2014, Defendant Lockard filed an answer to Plaintiff's first amended complaint. (ECF No. 40.)

On May 19, 2014, Defendants Hightower, Lockard, and Lopez declined magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c). (ECF No. 45.) On May 20, 2014, this case was assigned to U.S. District Judge Lawrence J. O'Neill and U.S. Magistrate Judge Gary S. Austin. (ECF No. 46.)

On November 20, 2014, Plaintiff filed his sixth motion to substitute Defendant Torres. (ECF No. 89.)

On May 27, 2015, the assigned Magistrate Judge issued findings and recommendations recommending that Plaintiff's sixth motion to substitute Defendant Torres be denied, that Defendant Torres be dismissed from this action, with prejudice, and that Plaintiff's medical deliberate indifference claim be dismissed from the action. (ECF No. 123.)

| | |
|---|---|
| 1 | On July 8, 2015, the undersigned issued an order adopting the May 27, 2015 findings and |
| 2 | recommendations in full, denying Plaintiff's sixth motion to substitute Defendant Torres, |
| 3 | dismissing Defendant Torres from this action, with prejudice, and dismissing Plaintiff's medical |
| 4 | deliberate indifference claim from this action.  (ECF No. 131.) |
| 5 | On August 17, 2015, due to the retirement of Magistrate Judge Austin, this action was |
| 6 | reassigned to Magistrate Judge Stanley A. Boone.  (ECF No. 144.) |
| 7 | On October 19, 2015, Plaintiff filed a motion to withdraw his consent to magistrate judge |
| 8 | jurisdiction.  (ECF No. 151.) |
| 9 | On December 3, 2015, the assigned Magistrate Judge denied Plaintiff's motion to revoke |
| 10 | his consent to magistrate judge jurisdiction.  (ECF No. 155.) |
| 11 | On September 1, 2016, Defendants Hightower, Lockard, and Lopez consented to |
| 12 | magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c).  (ECF No. 199.) |
| 13 | On September 22, 2016, the undersigned issued an order assigning this case to Magistrate |
| 14 | Judge Boone to conduct any and all further proceedings in this case, including trial and entry of |
| 15 | final judgment, pursuant to 28 U.S.C. § 636(c).  (ECF No. 201.) |
| 16 | On March 2, 2017, a jury found against Plaintiff and in favor of Defendants, finding that |
| 17 | Defendants Hightower, Lockard, and Lopez did not use excessive force during the alleged |
| 18 | incident.  (ECF No. 254.) |
| 19 | On April 3, 2017, Plaintiff filed a notice of appeal.  (ECF No. 258.) |
| 20 | On August 28, 2019, the Ninth Circuit Court of Appeals "reverse[d] the jury verdict, |
| 21 | finding that the magistrate judge did not have jurisdiction over trial proceedings pursuant to § |
| 22 | 636(c). [The Ninth Circuit] further reverse[d] dismissal of Torres as a Defendant, finding the 90- |
| 23 | day window under Rule 25(a) was never triggered, and we reverse the dismissal of Gilmore's |
| 24 | deliberate indifference claim.  [The Ninth Circuit] remand[ed] for further proceedings consistent |
| 25 | with this opinion." Gilmore v. Lockard, 936 F.3d 857, 867-68 (9th Cir. 2019). |
| 26 | The Ninth Circuit Court of Appeals issued the mandate on September 19, 2019.  (ECF No. |
| 27 | 268.) |
| 28 | /// |

## II. Plaintiff's Motion to Withdraw His Consent to Magistrate Judge Jurisdiction

On appeal, Plaintiff argued that the assigned Magistrate Judge erred by improperly requiring that Plaintiff demonstrate "good cause" in order to withdraw his consent to magistrate judge jurisdiction. Gilmore, 936 F.3d at 861. In its decision, the Ninth Circuit Court of Appeals held that "a showing of good cause is not required" to withdraw consent to magistrate judge jurisdiction "before all parties have consented." Id. at 861-62. Further, the Ninth Circuit held that, since Plaintiff's motion to withdraw his consent was filed before Defendants had consented to magistrate judge jurisdiction, "[t]here was no possible prejudice to Defendants at the time [Plaintiff] sought withdrawal, [and it was not] inconvenient to the district court since the case had already been assigned to District Judge O'Neill[,]" Plaintiff's "motion to withdraw consent should have been granted[.]" Id. at 863.

Therefore, since the Ninth Circuit has concluded that Plaintiff's motion to withdraw consent should have been granted, the undersigned vacates the December 3, 2015 order denying Plaintiff's motion to withdraw consent to magistrate judge jurisdiction. Instead, the Court grants Plaintiff's motion to withdraw consent to magistrate judge jurisdiction. Accordingly, this case is reassigned to District Judge Lawrence J. O'Neill and Magistrate Judge Stanley A. Boone.

## III. Substitution of Defendant Torres

On appeal, Plaintiff argued that Defendant Torres was improperly dismissed from the action because, since the notification of death was not properly served on Defendant Torres' estate, Federal Rule of Civil Procedure 25(a)(1)'s 90-day window was never triggered, and because the assigned Magistrate Judge impermissibly placed the burden on him to provide precise details of Torres' estate. Gilmore, 936 F.3d at 864. The Ninth Circuit Court of Appeals agreed with Plaintiff, holding that, "because … the magistrate judge erred by placing the burden on Gilmore to identify Torres's successor or personal representative, we conclude that Rule 25(a)'s 90-day window was not triggered. We therefore reverse dismissal of Torres as a defendant, and we reverse the dismissal of Gilmore's deliberate indifference claim." Id. at 867.

In this case, "given that [Defendants are] much better suited than [Plaintiff] to identify the proper parties[,]" Defendants are required to identify Defendant Torres' successor or personal

representative in order to trigger Rule 25(a)'s 90-day window for substitution. Id. Therefore, within thirty (30) days from the date of service of this order, Defendants are required to file and serve the suggestion of Defendant Torres' death on Plaintiff in the manner provided by Rule 5 and on Defendant Torres' successor or personal representative in the manner provided by Rule 4 for the service of a summons. Fed. R. Civ. P. 25(a)(3); Barlow v. Grounds, 39 F.3d 231, 233 (9th Cir. 1994).

**IV.     Order**

      Accordingly, it is HEREBY ORDERED that:

1. The Magistrate Judge's December 3, 2015 order denying Plaintiff's motion to withdraw his consent to magistrate judge jurisdiction, (ECF No. 155), is VACATED;
2. Plaintiff's motion to withdraw his consent to magistrate judge jurisdiction, (ECF No. 151), is GRANTED;
3. This action is reassigned to United States District Judge Lawrence J. O'Neill and Magistrate Judge Stanley A. Boone;
4. The Clerk is directed to reassign this action in its entirety to United States District Judge Lawrence J. O'Neill and Magistrate Judge Stanley A. Boone;
5. The new case number shall be 1:12-cv-00925-LJO-SAB (PC); and
6. Within **thirty (30) days** from the date of service of this order, Defendants are required to file and serve the suggestion of Defendant Torres' death on Plaintiff in the manner provided by Rule 5 and on Defendant Torres' successor or personal representative in the manner provided by Rule 4 for the service of a summons.

IT IS SO ORDERED.

Dated: **December 6, 2019**             /s/ Lawrence J. O'Neill
                                                                UNITED STATES CHIEF DISTRICT JUDGE