**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| C. DWAYNE GILMORE,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>C. LOCKARD, et al.,<br><br>　　　　　Defendants. | Case No.: 1:12-cv-00925-NONE-SAB (PC)<br><br>ORDER DIRECTING PLAINTIFF TO SUBMIT PROOF OF SERVICE OF MOTION TO SUBSTITUTE OR PROPERLY SERVE THE MOTION TO SUBSTITUTE<br><br>[ECF No. 275] |

Plaintiff C. Dwayne Gilmore is a state prisoner proceeding in this civil rights action pursuant to 42 U.S.C. § 1983.

On March 11, 2020, Plaintiff filed a motion for substitution of Defendant Johnny "JJ" Torres. (ECF No. 275.)

In addition to the substantive requirements, a motion to substitute must be properly served upon the substituted party. Fed. R. Civ. P. 25(a)(3). Rule 25(a)(3) specifically provides: "A motion to substitute, together with a notice of hearing, must be served on the parties as provided in Rule 5 and on nonparties as provided in Rule 4." Fed. R. Civ. P. 25(a)(3). Here, irrespective of the substantive requirements for substitution, Plaintiff has not shown that the motion was properly served on the individual to be substituted in place of Defendant Johnny Torres, i.e. Elizabeth Torres. Id.

///

///

///

///

Accordingly, it is HEREBY ORDERED that within **ten (10)** days from the date of service of this order, Plaintiff shall submit proof that the motion to substitute was properly served or properly serve the motion in compliance with Rule 25(a)(3). Failure to comply with this order will result in the motion being DENIED. <u>See</u> <u>Barlow v. Ground</u>, 39 F.3d 231, 234-35 (9th Cir. 1994) (denying motion to substitute because the service requirements of Rule 25(a)(3) were not satisfied).

IT IS SO ORDERED.

Dated: __**March 16, 2020**__

_____
UNITED STATES MAGISTRATE JUDGE