UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| C. DWAYNE GILMORE,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>C. LOCKARD, *et al.*,<br><br>　　　　　Defendants. | No. 1:12-cv-00925-NONE-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S BILL OF COSTS AS UNTIMELY<br><br>(Doc. No. 274) |

　　　　The bill of costs of before the court for consideration arose from the appeal of a jury verdict, returned on March 2, 2017, against plaintiff C. Dwayne Gilmore and in favor of defendants J. Hightower, C. Lopez, and C. Lockhard. (Doc. No. 256.) Plaintiff's appeal was ultimately successful, and the Ninth Circuit Court of Appeals reversed the jury verdict and the earlier dismissal of two other defendants from the action on August 28, 2019. (Doc. Nos. 258, 266.) The Ninth Circuit's mandate, however, was not issued until September 19, 2019. (Doc. No. 268.) This court subsequently issued an order consistent with the Ninth Circuit's judgment on December 6, 2019. (Doc. No. 269.) Three months later, plaintiff filed a bill of costs under Federal Rule of Appellate Procedure 39(e)(4) requesting $2,944.93 in costs incurred in connection with the appellate proceedings. (Doc. No. 274.) Defendants filed objections to the

/////

1

bill of costs on March 18, 2020, and plaintiff filed a response on March 21, 2020.  (Doc. Nos. 278, 279.)

**ANALYSIS**

Under Federal Rule of Appellate Procedure (FRAP) 39(e), costs for "the preparation and transmission of the record" for appeal and "the fee for filing the notice of appeal" are "taxable in the district court for the benefit of the party entitled to costs."  *See* Fed. R. App. P. 39(e)(1), (4). There is no dispute that prevailing plaintiff is the party entitled to costs for appellate filing fee and trial transcript as permitted by FRAP 39(e).  (*See* Doc. No. 278.)  It is defendants' contention, however, that plaintiff's bill of costs is untimely under Local Rule 292.  (Doc. No. 278 at 2-4.) For the reasons set forth below, the court finds that while the bill of costs submitted by plaintiff's counsel here is untimely under the court's Local Rules, there is good cause to award costs to plaintiff nonetheless.

**A.     Timeliness of Plaintiff's Bill of Costs**

"Within fourteen (14) days after entry of judgment or order under which costs may be claimed, the prevailing party may serve on all other parties and file a bill of costs conforming to 28 U.S.C. § 1924."  E.D. Cal. L.R. 292(b).  Contrary to plaintiff's erroneous contention that the 14-day time limitation is not mandatory (Doc. No. 279 at 3-4), district judges of this court have uniformly construed Local Rule 294(b) as mandating that prevailing parties timely file their bills of costs, *see Hypolite v. Zamora*, No. 1:14-CV-01199-LJO-SABPC, 2018 WL 4193188, at *2 (E.D. Cal. Aug. 31, 2018) ("a prevailing party *must* file a bill of costs within fourteen days" under Local Rule 292(b) (emphasis added)); *Singh v. Pooni*, No. 2:14-CV-02146-JAM-DB, 2017 WL 1349742, at *3 (E.D. Cal. Apr. 5, 2017) (same); *Lopez v. Cook*, No. 2:03-CV-01605-KJM-EFB, 2016 WL 7384021, at *4 (E.D. Cal. Dec. 20, 2016), order vacated in part on reconsideration on other grounds *Lopez v. Harrison*, No. 2:03-CV-01605-KJM-DB, 2017 WL 3438605 (E.D. Cal. Aug. 10, 2017) (same).

Moreover, the costs plaintiff is seeking to recover under FRAP 39(e) are included as "taxable as costs" under subdivision (f)(10) of Local Rule 292.  *See* E.D. Cal. L.R. 292(f)(10). Nonetheless, plaintiff unpersuasively contends, without citing to any decisions of judges of the

2

1  Eastern District of California, that Local Rule 292(b) does not apply to costs specified in FRAP
2  39(e) in connection with appellate proceedings. (Doc. No. 279 at 3-8.) In fact, district judges of
3  this court have consistently construed the 14-day time limitation under Local Rule 292(b) to
4  apply to prevailing parties seeking to recover costs under FRAP 39(e).¹ *See El-Shaddai v.*
5  *Wheeler*, No. 2:06-CV-1898-KJM-EFB, 2017 WL 531930, at *1–2 (E.D. Cal. Feb. 8, 2017)
6  (recognizing that the timing of requests for costs under FRAP 39(e) is governed by Local Rule
7  292); *Simpson v. Thomas*, No. 2:03-CV-00591-MCE-GGHP, 2008 WL 5381809, at *2 (E.D. Cal.
8  Dec. 22, 2008) ("Eastern District of California Local Rule 54-292(f) expressly states that it
9  applies to costs taxed under FRAP 39(e).").

10        Although the Ninth Circuit issued its opinion in this case in late-August 2019, the Ninth
11  Circuit's judgment of reversal did not become final until the mandate was issued on September
12  19, 2019. *See Nat. Res. Def. Council, Inc. v. Cty. of Los Angeles*, 725 F.3d 1194, 1203 (9th Cir.
13  2013) ("No opinion of this circuit becomes final until the mandate issues[.]"). The mandate had
14  the effect of closing the proceedings in the Ninth Circuit and returning jurisdiction over this case
15  to this district court. *See Ostrer v. United States*, 584 F.2d 594, 598 (2d Cir. 1978). Judges of the
16  Eastern District of California have construed the 14-day time limitation under Local Rule 292(b)
17  to trigger upon the issuance of the court of appeals' mandate. *See Simpson*, 2008 WL 5381809, at
18  *3 ("Plaintiff was not required to file his Bill of Costs until the Ninth Circuit's mandate had
19  issued."); *see also Sudouest Imp. Sales Corp. v. Union Carbide Corp.*, 102 F.R.D. 264, 264
20  (D.P.R. 1984) ("[T]o secure the costs mentioned in Rule 39(e), the prevailing party must make a
21  separate application to the district court *after* the mandate has been received from the court of
22  appeals." (original emphasis).) Given that the Ninth Circuit's mandate in this case was issued on

---

¹ Plaintiff also contends that because FRAP 39(e) contains no time limitation, plaintiff's "request for costs on appeal taxable in the district court cannot be untimely as a matter of law and should therefore be granted." (Doc. No. 279 at 2-3.) It is true that some circuit courts have construe FRAP 39(e) to not have any time limitation. *See McDonald v. McCarthy*, 966 F.2d 112, 115 (3d Cir. 1992); *Paul v. Farmland Indus., Inc.*, 141 F.3d 1169 (8th Cir. 1998). *But see Nat'l Sec. Counselors v. Cent. Intelligence Agency*, 189 F. Supp. 3d 73, 84 (D.D.C. 2016) ("[A] Rule 39(e) motion is timely if it is filed in the district court within a 'reasonable time' after the Circuit issues the mandate.") But plaintiff's argument in this regard misses the mark. Plaintiff's legal obligations are not limited to FRAP 39(e); his obligations extend to following the time limitations set by the local rules of this court as well.

1  September 19, 2019, plaintiff had until October 3 to file his bill of costs. Because plaintiff's bill
2  of costs was not filed until March 11, 2020, (Doc. No. 274), it is untimely under Local Rule
3  292(b). *See, e.g.*, *El-Shaddai*, 2017 WL 531930, at *1–2 (finding that the motion for costs under
4  FRAP 39(e)(4) to be untimely under Local Rule 292(b) because it was filed after the 14-day time
5  limitation had passed); *cf. Simpson*, 2008 WL 5381809, at *2-3 (finding that the bill of costs
6  under FRAP 39(e) to be timely because it was filed within the time limitation set by the Eastern
7  District's local rule).

8  **B.      The Court's Discretion to Consider Plaintiff's Untimely Bill of Costs**

9  Defendants further contend that plaintiff has also failed to establish good cause for the
10 court to exercise its discretion to consider his untimely bill of costs. (Doc. No. 278 at 3-4.) In
11 response, plaintiff urges the court to nonetheless consider the untimely bill of costs because he is
12 indigent and could not afford the costs, and because defendants have failed to show how they
13 have been prejudiced because of his untimely submission. (Doc. No. 279 at 8-9.) Although
14 prevailing parties are obligated to timely file their bills of costs, judges of this court have
15 exercised their discretion, notwithstanding the provisions of Local Rule 292(b), to award costs
16 under FRAP 39(e) when the objection thereto has been based *solely* on untimeliness. *See Lopez*,
17 2016 WL 7384021, at *4–6; *DeFazio v. Hollister, Inc.*, No. CIV. 2:04-1358 WBS, 2015 WL
18 5146881, at *1 (E.D. Cal. Sept. 1, 2015). It is well-recognized that district courts have broad
19 discretion to award costs under FRAP 39(e). *See L-3 Commc'ns Corp. v. OSI Sys., Inc.*, 607 F.3d
20 24, 30 (2d Cir. 2010); *accord Republic Tobacco Co. v. N. Atl. Trading Co.*, 481 F.3d 442, 448–49
21 (7th Cir. 2007); *Emmenegger v. Bull Moose Tube Co.*, 324 F.3d 616, 626–27 (8th Cir. 2003); *see
22 also Ass'n of Mexican-Am. Educators v. State of California*, 231 F.3d 572, 591–92 (9th Cir.
23 2000) (recognizing district courts' broad discretion to award costs under Federal Rule of Civil
24 Procedure 54(d)). Indeed, "a district court need not give affirmative reasons for awarding costs;
25 instead, it need only find that the reasons for denying costs are not sufficiently persuasive to
26 overcome the presumption in favor of an award." *In re Online DVD-Rental Antitrust Litig.*, 779
27 F.3d 914, 932 (9th Cir. 2015) (internal quotation marks and citation omitted). Notably, the Ninth
28 Circuit has made clear that despite the time limitations set by local rules, those limitations do not

4

"oust the district court's jurisdiction to consider the allegedly late motion for costs." *Harris v. Marhoefer*, 24 F.3d 16, 20 n.4 (9th Cir. 1994).

The Ninth Circuit has also held that, when deciding whether to award costs, "[d]istrict courts should consider the financial resources of the plaintiff" and how imposing high costs will have a "chilling effect" "on future civil rights litigants." *Stanley v. Univ. of S. California*, 178 F.3d 1069, 1079 (9th Cir. 1999); *see also id.* at 1080 ("Indigency is a factor that the district court may properly consider in deciding whether to award costs."); *Nat'l Org. for Women v. Bank of California, Nat. Ass'n*, 680 F.2d 1291, 1294 (9th Cir. 1982) (affirming the district court's denial of a bank's request for costs given the plaintiffs' limited financial resources.)  Here, consideration of these factors obviously favor plaintiff's request.  Plaintiff initially proceeded *pro se* during the trial phase of this litigation as a state prisoner bringing a civil rights action under 42 U.S.C. § 1983 against defendants.  (Doc. Nos. 1, 38.)  Because of plaintiff's limited financial resources, the assigned magistrate judge subsequently granted plaintiff *in forma pauperis* status on June 14, 2012.  (Doc. No. 7.)  When the judgment was appealed, the Ninth Circuit appointed plaintiff's current *pro bono* counsel.  (Doc. No. 274-1 at ¶¶ 3, 5.)  Plaintiff did not move the court to proceed to appeal *in forma pauperis* as required by FRAP 24(a), and as a result the appellate filing fee of $505 was charged on plaintiff's inmate trust account, (*id.* at ¶ 5).  Now that plaintiff has prevailed on appeal, the court is persuaded that defendants—as the losing parties—should bear the appellate costs given plaintiff's limited financial resources, and that ruling otherwise would have a chilling effect on future civil rights cases brought by indigent plaintiffs.  Similar to Federal Rule of Civil Procedure 54(d)(1), FRAP 39(e) plainly states that the prevailing party by default is "entitled to costs under this rule."  *Compare* Fed. R. Civ. P. 54(d)(1) *with* Fed. R. App. P. 39(e).  The court therefore construes FRAP 39(e) as creating "a presumption for awarding costs to prevailing parties; the losing party must show why costs should not be awarded."  *Save Our Valley v. Sound Transit*, 335 F.3d 932, 944–45 (9th Cir. 2003).

As the party bearing the burden of showing why costs should not be awarded, defendants' reliance solely on plaintiff's untimeliness in submitting his bill of costs is not persuasive.  Here, the other factors noted above weighing in plaintiff's favor, the fact that this action continues to be

litigated in this court and prior decisions by judges of this court awarding costs even when bills of costs were submitted in an untimely fashion, all support the conclusion that plaintiff is entitled to an award of costs associated with his successful appeal.  *See Lopez*, 2016 WL 7384021, at *4–6 (looking beyond the plaintiff's untimeliness error, the court granted plaintiff's motion for costs because of the parties' respective financial resources and the lack of prejudice to defendant); *DeFazio*, 2015 WL 5146881, at *1 (after reviewing the bill of costs under FRAP 39(e), "and in light of the fact that plaintiffs have objected *only* to the timeliness of defendants' request," the court awarded the requested appellate costs); *cf. Osei v. GMAC Mortg.*, No. 09-CV-2534-JAM-GGH, 2010 U.S. Dist. LEXIS 57757, at *3 (E.D. Cal. May 19, 2010) (declining to award costs because it would be inequitable to award costs to the prevailing defendants, major financial corporations, and given that the losing plaintiff was facing foreclosure of his home and had limited financial resources).

Accordingly, the $2,944.93 in costs that plaintiff incurred will be taxed against defendants.  (Doc. No. 274.)[2]

IT IS SO ORDERED.

Dated:  **April 24, 2020**              /s/ Dale A. Drozd
                                        UNITED STATES DISTRICT JUDGE

---

[2] This order should not be construed as the court's approval of the practice of submitting untimely bill of costs nor any indication that costs will be awarded in response to untimely requests in any other circumstance.