UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| C. DWAYNE GILMORE,<br><br>                   Plaintiff,<br><br>         v.<br><br>C. LOCKARD, *et al.*,<br><br>                   Defendants. | No.: 1:12-cv-00925-NONE-SAB (PC)<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO SUBSITUTE SUCCESSOR IN INTEREST IN FOR DEFENDANT JOHNNY "JJ" TORRES<br><br>(Doc. No. 275) |

Plaintiff C. Dwayne Gilmore is a state prisoner proceeding *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. Currently before the court is plaintiff's motion to substitute Elizabeth Torres ("Ms. Torres") as successor in interest of the estate of Johnny "JJ" Torres for her deceased husband, named defendant Johnny "JJ" Torres (hereinafter, "decedent"). (Doc. No. 275.) For the reasons stated below, the motion to substitute will be granted.

**RELEVANT HISTORY**

This action proceeds against defendants Lockard, Lopez, Hightower, and Torres for excessive use of force, and against defendant Torres for deliberate indifference to serious medical needs, in violation of the Eighth Amendment. On July 8, 2015, the previously assigned district judge adopted the findings and recommendations of the previously assigned district judge and, among other orders, dismissed J.J. Torres from this action with prejudice. (Doc. No. 131.) On March 2, 2017, following a trial presided over by the currently assigned magistrate judge, a jury found against plaintiff and in favor of the remaining defendants, finding that defendants Hightower, Lockard, and Lopez did not use

1

1  excessive force during the alleged incident.  (Doc. No. 254.)  On April 3, 2017, plaintiff filed a notice
2  of appeal.  (Doc. No. 258.)

3        On August 28, 2019, the Ninth Circuit Court of Appeals reversed the judgement, finding that
4  the magistrate judge did not have jurisdiction to preside over the trial proceedings pursuant to 28
5  U.S.C. § 636(c); reversed the earlier dismissal of Torres as a defendant, finding the 90-day window
6  under Federal Rule of Civil Procedure Rule 25(a) was never triggered; reversed the dismissal of
7  plaintiff's deliberate indifference claim; and remanded for further proceedings.  *Gilmore v. Lockard*,
8  936 F.3d 857, 867–68 (9th Cir. 2019).  The Ninth Circuit Court of Appeals issued the mandate on
9  September 19, 2019.  (Doc. No. 268.)

10        On December 6, 2019, this court granted plaintiff's motion to withdraw consent to magistrate
11  judge jurisdiction, and reassigned this action to former-District Judge Lawrence J. O'Neill and
12  Magistrate Judge Stanley A. Boone.  The court also directed defendants to file and serve a suggestion
13  of defendant Torres' death on plaintiff and defendant Torres' successor in interest or his personal
14  representative.

15        On March 11, 2020, plaintiff filed a motion to substitute decedent.  (Doc. No. 275.)
16  Defendants filed an opposition on April 3, 2020, and plaintiff filed a reply on April 13, 2020.  (Doc.
17  Nos. 280, 281.)

18                                        **LEGAL STANDARD**

19     "If a party dies and the claim is not thereby extinguished, the court may order substitution of
20  the proper party.  A motion for **s**ubstitution may be made by any party or by the decedent's successor
21  or representative.  If the motion is not made within 90 days after service of a statement noting the
22  death, the action by or against the decedent must be dismissed."  Fed. R. Civ. P. 25(a).

23     "In deciding a motion to substitute under Rule 25(a)(1), a court must consider whether:  (1) the
24  motion is timely; (2) the claims pled are extinguished; and (3) the person being substituted is a proper
25  party."  *Veliz v. Cintas Corp.*, No. C 03-1180 RS, 2008 WL 2811171, at *1 (N.D. Cal. July 17, 2008).
26  If Rule 25(a)(1) is satisfied, "[t]he substituted party steps into the same position as [the] original
27  party."  *Hilao v. Estate of Marcos*, 103 F.3d 762, 766 (9th Cir. 1996).  "Rule 25(a) should be applied
28  /////

flexibly and liberally to permit substitution of the party or parties who . . . would adequately represent [the decedent's] interests." *In re Baycol Prods. Litig.* 616 F.3d 778, 789 (8th Cir. 2010).

In a diversity jurisdiction case, the law of the forum state generally determines whether a § 1983 action survives or is extinguished upon the death of a party. *See* 42 U.S.C. § 1988(a); *Robertson v. Wegmann*, 436 U.S. 584, 592 (1978). In California, "a cause of action for or against a person is not lost by reason of the person's death, but survives subject to the applicable limitations period." Cal. Code Civ. Proc. § 377.20(a). Accordingly, the court may order substitution of a "proper party" to stand in the place of the deceased defendant. Fed. R. Civ. P. 25(a)(1); *Sinito v. U.S. Dep't of Justice*, 176 F.3d 512, 516 (D.C. Cir. 1999).

## DISCUSSION

Plaintiff seeks to substitute Ms. Torres, decedent's widow, in place of the decedent as a defendant in this action. Ms. Torres does not dispute that plaintiff's motion is timely filed or that the § 1983 deliberate indifference claim against the decedent survives his death. Rather, Ms. Torres argues that she is not the proper party to be substituted and that her substitution into this action as a defendant would be unfair and prejudicial.

**A.     Proper Party**

Under Federal Rule of Civil Procedure Rule 25, a court "may order" substitution of a "proper party" upon the death of a litigant. Fed. R. Civ. P. 25(a). The rule defines the "proper party" for substitution as either "the decedent's successor or representative." *Id.* California law defines "personal representative" as an "executor, administrator, successor personal representative . . . or a person who performs substantially the same function under the law of another jurisdiction . . . ." Cal. Prob. Code § 58. "Decedent's successor in interest," on the other hand, "means the beneficiary of the decedent's estate or other successor in interest who succeeds to a cause of action or to a particular item of the property that is the subject of a cause of action." Cal. Code Civ. Proc. § 377.11. A "beneficiary of the decedent's estate" means a beneficiary named in a decedent's will or a beneficiary under California's rules of intestacy. Cal. Civ. Proc. Code § 377.10.

Here, upon remand from the Ninth Circuit, defendants filed and served a notice of death pursuant to this court's order. The notice states that defendants are "informed and believe that

3

1 Elizabeth Torres is Defendant Torres' widow." (Doc. No. 270.) It also states that "[b]ased on defense
2 counsel's conference with Ms. Torres and review of the Tulare County Superior Court case index,"
3 defendants are "unaware of any other individual that could be Defendant Torres' successor or personal
4 representative." (*Id.*)

5 Although plaintiff's motion refers to Ms. Torres as "decedent's personal representative," there
6 is no indication that she was named as a beneficiary of decedent's will. Rather, Ms. Torres declares
7 that the decedent died without a will and decedent's estate was administered outside of probate. (Ms.
8 Torres Decl. ¶ 3; ECF No. 280.) Therefore, under California's law of intestate succession, Ms. Torres
9 is the successor in interest. *See* Cal. Prob. Code § 6401. Indeed, Mr. Torres concedes that she is
10 decedent's successor in interest under California law. (Doc. No. 280 at 6.)[1] Accordingly, Ms. Torres,
11 is the proper party to substitute as decedent's successor in interest.

**B.    Unfairness/Prejudice**

13 Ms. Torres argues that her substitution into this action as a defendant would be highly unfair
14 and prejudicial because more than seven years have passed since her husband's death and she has no
15 prior knowledge of the action or the allegations underlying the claim brought against her deceased
16 husband until recently. (Doc. No. 28 at 3.) Further, the decedent never defended against this action,
17 so there is no deposition of the decedent nor discovery responses provided by him to draw upon. (*Id.*
18 at 5.) In response, plaintiff argues that whether Ms. Torres will suffer unfairness or prejudice is a
19 highly fact intensive issue that should be addressed at a later stage of this litigation.

20 The Advisory Committee Notes to the 1963 amendment to Rule 25 explain that "under the
21 permissive language of the first sentence of the amended rule ('the court may order') … [a motion for
22 substitution] may be denied by the court in the exercise of a sound discretion if made long after the
23 death . . . and circumstances have arisen rendering it unfair to allow substitution." The denial of a
24 timely motion to substitute was expressly contemplated in *Anderson v. Yungkau*, 329 U.S. 482 (1947),
25 which analyzed a prior version of Rule 25 requiring substitution within two years of a party's death.

---

[1] In addition, and contrary to Ms. Torres' contention, under California law, "[e]xcept as otherwise provided by statute, a cause of action for or against a person is not lost by reason of the person's death, but survives subject to the applicable limitations period." Cal. Civ. Proc. Code § 377.20.

4

*See* Fed. R. Civ. P. 25 Advisory Committee Notes. In *Anderson*, the Supreme Court found that "[e]ven within the two year period substitution is not a matter of right; the court 'may' order substitution" be denied "where unfairness or prejudice would result," for example, "where an estate is ready to be closed or where there has already been a distribution." *Anderson*, 329 U.S. at 486.

        The undersigned concludes that it would be unfair and unjust to deny plaintiff's motion to substitute without further evidence to support Ms. Torres' contentions. This is so because any delay was not necessarily due to the lack of diligence on the part of plaintiff, who at the time was proceeding *pro se* and filed several motions seeking to substitute Ms. Torres into this action as a defendant (Doc. Nos. 31, 43, 61, 89), which the Ninth Circuit later found were improperly denied in the district court. Further, the court agrees with plaintiff that he should be allowed challenge Ms. Torres' assertions by way of deposition and discovery, whether evidence has been lost, the assets constituting the decedent's estate, and any other relevant facts. Moreover, although Ms. Torres argues she will suffer prejudice because the delay has caused witnesses memories to fade and has caused evidence regarding the alleged underlying incident to become stale, this is more a consequence of the fact that often cases such as these take time to litigate—particularly when there is a successful appeal resulting in the re-litigation of the case. Thus, to the extent any delay has caused prejudice, it is prejudice felt by all parties equally. Given the totality of the circumstances, the court finds that its discretion should be exercised in plaintiff's favor to allow substitution at this time.

**ORDER**

        Based on the foregoing, it is HEREBY ORDERED that plaintiff's motion to substitute Elizabeth Torres in place of defendant Johnny "JJ" Torres is GRANTED. As a **substituted** party, Ms. Torres is to step "into the same position as the original party" as successor in interest of decedent's estate. *Hilao*, 103 F.3d at 766.

IT IS SO ORDERED.

Dated: __**June 18, 2020**__             _____
                                                        UNITED STATES DISTRICT JUDGE